# ATTACHMENT - COMPLAINT

p. 5

FILED
18 OCT 24 AM 11:50

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-26671-8 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KIMBERLY ANN JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALBERTSONS, LLC,<br><br>　　　　Defendant. | No. _____<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES** |

## I. NATURE OF ACTION

This is an action for violations of 42 U.S.C. § 2000e, the Civil Rights Act of 1991, as amended, and RCW 49.60 *et seq.*, the Washington Law Against Discrimination.

## II. PARTIES

2.1　　Plaintiff Kimberly Ann Johnson, at all times material hereto, resided in Island County, Washington.

2.2　　Defendant Albertsons, LLC has at all relevant times conducted business in King County, Washington,

Plaintiff's Complaint for Damages - 1

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
SUSANMM@MSN.COM

2.3     Defendant Albertsons, LLC, (hereinafter "Albertsons") is an employer as defined by RCW 49.60.040(11).

### III.   JURISDICTION AND VENUE

3.1     Jurisdiction is vested in this Court by virtue of RCW 2.08.010, RCW 49.60.030, 42 U.S.C. §§ 2000e-5(e) and (f).

3.2     Venue is proper pursuant to RCW 4.12.020.

### IV.   STATEMENT OF FACTS

4.1     Plaintiff Kimberly Ann Johnson (hereafter "Ms. Johnson") is female.

4.2     Albertsons hired Ms. Johnson as a bakery clerk in 1983 when she was 16 years old.

4.3     Ms. Johnson worked for Albertsons for the next 35 years until Albertsons terminated her employment as District Manager in 2018.

4.4     Ms. Johnson held positions in the division offices during the last 17 years of her employment at Albertsons. She was a District Manager for 15 years.

4.5     At the time of her termination from employment Ms. Johnson was the District Manager over 20 Albertsons grocery stores in the Seattle Division of Albertsons. She managed 100 different Albertsons stores throughout Washington, Idaho, Utah, and Wyoming during her career at Albertsons.

4.6     At all relevant times Plaintiff was satisfactorily performing the duties and responsibilities of her job.

4.7     In 2015, Albertsons and Safeway, Inc. merged.

Plaintiff's Complaint for Damages - 2

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
SUSANMM@MSN.COM

p. 7

4.8     Rob Backus became the Senior Vice President (SVP) of Operations for the Seattle Division of Albertsons in early 2016.

4.9     There existed at Albertsons a pattern and practice of gender discrimination in which female managers are treated more harshly than male peers.

4.10    When Mr. Backus became SVP in 2016, the Seattle Division had 12 District Managers, including Ms. Johnson. Four of those District Managers were female. When Albertsons terminated Ms. Johnson's employment, the Seattle Division had only one permanent female District Manager remaining.

4.11    Mr. Backus targeted female managers for criticism, demotion, and termination from the time he became SVP of the Seattle Division.

4.12    Most of the 20 grocery stores managed by Ms. Johnson were reassigned to a male District Manager after Albertsons terminated her employment.

4.13    As soon as Mr. Backus became the SVP of Operations, he began criticizing Ms. Johnson in front of her staff as they traveled through her stores. He frequently made snide remarks about her to the management level employees in stores she oversaw.

4.14    Mr. Backus treated male managers more favorably than he treated female managers. Mr. Backus praised male District Managers in the weekly, monthly, and quarterly meetings attended by management level employees, but he was critical about and combative with the female managers, including Ms. Johnson.

4.15    Albertsons promoted Kenneth Smith to Vice President of Operations for the Seattle Division in the third quarter of 2016. Ms. Johnson reported directly to Mr. Smith. Mr.

Plaintiff's Complaint for Damages - 3

Susan B. Mindenbergs
Attorney at Law
705 Second Avenue, Suite 1050
Seattle, WA 98104-2564
Tel: (206) 447-1560
susanmm@msn.com

p. 8

Smith reported directly to Mr. Backus. Mr. Backus reported to Karl Schroeder, President of the Seattle Division.

4.16 Ms. Johnson reported to Mr. Ennis in March 2017 her concern about a female manager who Mr. Backus had demoted. She explained that the demotion was discriminatory because the manager was a woman. Ms. Johnson and Mr. Ennis talked frequently about the harassment female employees were experiencing from Mr. Backus.

4.17 Ms. Johnson told Mr. Backus in or about March 2017 that he treated her disdainfully in front of her management team and that he treated her differently than he treated male managers. Ms. Johnson explained to Mr. Backus that his conduct toward her affected her working relationship with her management team.

4.18 Mr. Backus replied to Ms. Johnson that he was appalled she would complain about his treatment of her and other female managers. Mr. Backus retorted that these were Ms. Johnson's problems and that he was shocked she had the nerve to talk to him about it.

4.19 Mr. Smith bullied Ms. Johnson's employees. Ms. Johnson's employees complained to her about Mr. Smith's abusive behavior toward them.

4.20 Ms. Johnson communicated her staff's complaints about Mr. Smith to Trevor Ennis, Director of Human Resources for the Seattle Division in or about May 2017. At the same meeting, Ms. Johnson told Mr. Ennis that she was concerned that Rob Backus was singling out female managers in the Seattle Division for unwarranted criticism and that Mr. Backus's treatment of female managers was discriminatory.

4.21 Ms. Johnson went to Mr. Ennis in June 2017 to complain about Mr. Backus demoting three more female managers. She explained to Mr. Ennis that there were only two

Plaintiff's Complaint for Damages - 4

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
SUSANMM@MSN.COM

female managers left and that she was concerned that Mr. Backus would fire her. Ms. Johnson repeated her complaint to Mr. Ennis about gender discrimination and retaliation that was occurring in the workplace.

4.22 Ms. Johnson contacted John Ortiz, the Vice President for Operations for Albertsons in or about May 2017. She explained that she was calling because of the gender discrimination that was occurring under Mr. Backus's leadership. Ms. Johnson sought Mr. Ortiz's advice as to how to proceed.

4.23 After Mr. Backus learned that Ms. Johnson had complained to Mr. Ortiz about him, Mr. Backus demanded that Ms. Johnson never "go over" his head again. He explained that if she went over his head again, it would not be good for her career.

4.24 In June 2017, Ms. Johnson had a performance review with Mr. Smith. Ms. Johnson reported to Mr. Smith that the projections for her District were incorrect and unfairly making it appear her District was not succeeding financially. Mr. Smith acknowledged the unfair projections and promised to make sure the upcoming projections would be more accurate.

4.25 Mr. Backus continued to treat Ms. Johnson rudely and disrespectfully when he and Mr. Smith visited the grocery stores in her District. Ms. Johnson complained to Mr. Ennis in July and August 2017 that Mr. Backus' rude and disrespectful treatment was based on her gender.

4.26 Ms. Johnson again reported to Mr. Ennis in September 2017 that she believed Mr. Backus's conduct constituted serious gender discrimination and retaliation.

Plaintiff's Complaint for Damages - 5

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
SUSANMM@MSN.COM

4.27    Mr. Backus informed Ms. Johnson in October 2017 that she owed it to him to shield him from complaints to corporate headquarters.

4.28    Ms. Johnson attended a pre-scheduled meeting with Seattle Division President Schroeder in October 2017. The ostensible reason for the meeting was an annual "meet and greet." Instead, when the meeting began Mr. Schroeder told Ms. Johnson what a terrible employee she was. He raised his voice and told her that she had "some nerve working against" Mr. Backus and Mr. Smith. Mr. Schroeder repeatedly suggested she quit her job during this meeting. When she refused, he demanded that she report to Human Resources to be placed on a financial performance improvement plan.

4.29    A substantial and/or motivating factor for the decision to put Ms. Johnson on a performance improvement plan was retaliation for having complained about gender discrimination.

4.30    During her performance plan, Mr. Smith, Mr. Backus, and Mr. Schroeder appeared unannounced at the stores Ms. Johnson managed. They spent hours in her District stores searching for something they could find that they could claim failed to meet Ms. Johnson's performance plan goals. A substantial and/or motivating factor for the scrutiny of Ms. Johnson's stores was retaliation for her complaints about gender discrimination.

4.31    Ms. Johnson closed down a delicatessen in one of the District stores in December 2017 because of food safety concerns. Ms. Johnson arranged for the food safety concerns to be addressed by the delicatessen manager and left for a plan review meeting with Mr. Smith and Mr. Ennis. During the meeting, Mr. Smith was very aggressive toward Ms. Johnson telling her that she would not make it through the meeting with her job. The next day

Plaintiff's Complaint for Damages - 6

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
SUSANMM@MSN.COM

p. 11

Mr. Schroeder, Mr. Backus, and Mr. Smith again were searching through her District stores. That same day, Mr. Backus tried unsuccessfully to convince one of the store managers to say that Ms. Johnson was a bad District Manager.

4.32   Ms. Johnson took a two-week medical leave of absence due to the emotional distress caused by management's discriminatory and/or retaliatory treatment.

4.33   Within four hours of her medical leave, Albertsons notified all of Ms. Johnson's managers that she was on leave and that no one should contact her "under any circumstances." Ms. Johnson's name was removed from all District lists, she was cut her off from all company communications, and all her stores were assigned to someone else to manage. Albertsons treated Ms. Johnson differently than similarly situated males who went on medical leave.

4.34   Although Ms. Johnson met all the goals stated in the performance improvement plan and exceeded the previous year's performance, Mr. Smith, Mr. Backus, and Mr. Schroeder continued to assert throughout the entire review period that she was failing and that she should resign.

4.35   Albertsons terminated Ms. Johnson's employment as of April 7, 2018.

4.36   A substantial factor and/or motivating factor in the decision to terminate Ms. Johnson's employment was gender discrimination and/or retaliation for having complained about gender discrimination.

4.37   Albertsons' termination of Ms. Johnson from employment was in reckless disregard and/or callous indifference to Ms. Johnson's federally protected rights.

4.38   Albertsons' articulated reason for Ms. Johnson's termination from employment are pretextual and/or unworthy of belief.

Plaintiff's Complaint for Damages - 7

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
SUSANMM@MSN.COM

4.39 As a proximate cause of Albertsons' illegal gender discrimination and retaliation as described above, Ms. Johnson has experienced garden variety emotional distress damages and severe economic losses.

4.40 Ms. Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission dated July 23, 2018. She has received a right to sue letter. This complaint is being filed within the 90-day statute of limitation imposed after a complainant has received a right to sue letter.

## V. CAUSES OF ACTION

5.1 Plaintiff realleges and incorporate herein the facts and allegations contained in Sections I through IV, including all subparagraphs.

5.2 Defendant's discriminatory and retaliatory conduct violates 42 U.S.C. § 2000e *et seq.*, Title VII of the Civil Rights Act of 1991, as amended.

5.3 Defendant's discriminatory and retaliatory conduct violates RCW 49.60 *et seq.*

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff pray that the Court:

1. Award Plaintiff all the damages to which she is entitled, including but not limited to all special, general, compensatory, and/or other damages pursuant to 42 U.S.C. § 1988 *et seq.* and RCW 49.60 *et seq.*, and as otherwise authorized by law.

2. Award Plaintiff front pay or in the alternative reinstatement as determined appropriate by the court.

3. Award Plaintiff her reasonable attorney fees and costs of litigation pursuant to 42 U.S.C. § 1988, RCW 49.60.030, RCW 49.48.030, and as otherwise authorized by law.

Plaintiff's Complaint for Damages - 8

Susan B. Mindenbergs
Attorney at Law
705 Second Avenue, Suite 1050
Seattle, WA 98104-2564
Tel: (206) 447-1560
susanmm@msn.com

4. Award Plaintiff punitive damages as allowed by 42 U.S.C. § 1988.

5. Award Plaintiff pre-litigation interest, in an amount to be proved at trial.

6. Award Plaintiff post-litigation interest on her judgment.

7. Award Plaintiff tax consequences relief as provided by law.

8. Award Plaintiff such other relief as the Court deems just and proper.

Dated this 24th day of October 2018.

By: *s/Susan Mindenbergs*
Susan B. Mindenbergs, WSBA No. 20545
Attorney for Plaintiff
Law Office of Susan B. Mindenbergs
705 2nd Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Fax: (206) 447-1523
Email: susanmm@msn.com

By: *s/Jeffrey Needle*
Jeffrey L. Needle, WSBA No. 6346
Attorney for Plaintiff
Law Office of Jeffrey L. Needle
705 2nd Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Fax: (206) 447-1523
Email: jneedlel@wolfenet.com

Plaintiff's Complaint for Damages - 9

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
SUSANMM@MSN.COM