THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KIMBERLY ANN JOHNSON, | ) | Case No. 2:18-cv-001678 RAJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S MOTION FOR |
| v. | ) | PARTIAL SUMMARY JUDGMENT |
| | ) | |
| ALBERTSONS, LLC | ) | Noted: December 20, 2019 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION

Plaintiff, Kim Johnson, filed suit in Washington State Court on or about October 18,

2018. In relevant part she alleged that she was terminated from employment because of her

gender and/or in retaliation for having complained about gender discrimination. Plaintiff alleges

a violation of the Washington Law Against Discrimination, RCW 69.60 *et. seq.*, and Title VII of

the 1964 Civil Rights Act. DKT 1. Ms. Johnson seeks compensatory and punitive damages.

Plaintiff seeks summary judgment on the following affirmative defenses: failure to state a

claim upon which relief may be granted; statute of limitations; after acquired evidence; that

Plaintiff failed to file a timely EEOC charge and/or failed to file suit within 90 days thereafter;

that Plaintiff's suit is inconsistent with or exceeds the scope of the EEOC charge; that liability

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

cannot be imputed to Albertsons because the alleged wrongful acts were outside the scope of

employment and not ratified; that liability cannot be imputed to Albertsons because any wrongful

acts were intervening or superceding events; and that Albertsons cannot be liable for punitive

damages because the decision was not sufficiently high in the corporate hierarchy.

Albertsons has failed to provide any discovery on any of these affirmative defenses.

Despite their prior assertion that it would dismiss affirmative defenses without factual support,

they have explicitly declined to do so.  Albertsons has therefore multiplied the expense and costs

required to litigate this case. These affirmative defenses are frivolous and the Court should

dismiss them.

Plaintiff's counsel and defense counsel consulted on November 22, 2019 concerning the

necessity of bringing this motion. Plaintiff listed all of the affirmative defenses which would be

subject to a summary judgment motion, and defense counsel declined to strike any of them "at

this time."  Needle Dec. at 2.

Trial is scheduled for February 24, 2020.  The discovery cut-off date was October 28,

2019. The dispositive motion cut-off date is November 26, 2019.

## II. STATEMENT OF FACTS

### A. Background.

Kim Johnson was hired by Albertsons in 1983 when she was sixteen years old.  She

thereafter worked continuously for Albertsons until her termination from employment on April 7,

2018.  When Ms. Johnson started working for Albertsons she was employed as a Bakery Sales

Clerk. Ex. 1, Johnson Dep., 18:16-18.  When she was terminated from employment she was

employed as a District Manager with responsibility for the operation of 21 Albertsons/Safeway

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

stores. Robert Backus is employed as Senior Vice President of Operations. Ex. 2, Backus Dep., 4:7-19. He made the recommendation to terminate Ms. Johnson's employment to Karl Schroeder and Susan Morris. Backus Dep. 306:15-24. Mr. Schroeder is employed as President of the Seattle Division. Ex. 3, Schroeder Dep. 8:1-10:21. Ms. Morris is currently employed as the EVP and Chief Operations Officer. Ex. 4, Morris Dep., 6:19-20. Mr. Schroeder made the decision to terminate Ms. Johnson after confirming with his boss, Ms. Morris. At the time, Ms. Morris was employed as the Executive V.P. of Retail Operations for the West. Morris Dep., 7:12-18.

**B. Procedural History.**

On or about October 24, 2018 Plaintiff filed suit in King County Superior Court, DKT 1. The Defendant removed the case to federal court on November 20, 2018. DKT 7. The Defendant filed its Answer on November 26, 2018. DKT 7. The Defendant has raised numerous defenses which it characterizes as "affirmative defenses."

Plaintiff served its first discovery request seeking in detail all facts upon which the Defendant relied upon in support of its affirmative defenses on December 14, 2018. Ex. 5, Interrog 9, 10, RPD 20, 21. In its response of January 28, 2019, the Defendant asserted objections and provided no information but stated: "Discovery is ongoing. Upon request and after having conducted discovery in this case, Albertsons will withdraw those affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation, should there be any." Ex. 6, Interrog 9, 10, RPD 20, 21.

In a letter dated February 13, 2019, Plaintiff explained that the Defendant repeatedly states that it will produce documents without waiving its stated objection. Plaintiff insisted that "[t]he Defendant must confirm that it is not withholding documents or information based upon

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

the stated objection. If the Defendant does withhold otherwise responsive information, the

Defendant must specifically state which discovery request and which objection.  Without a

confirmation that no information is being withheld Plaintiff will have no choice but to challenge

the related objections to obtain all responsive information." Ex. 7, pg 1.  In that same letter,

Plaintiff also explained she cannot possibly defend against the asserted affirmative defenses

unless she knows the factual basis for those defenses.  Ex. 7, pg. 3.  Plaintiff received from

defense counsel, Krista Hardwick, the requested assurance that the Defendant was not

withholding any information based upon an objection.  Needle Declaration, at 3.

Having still received no discovery related to any of the defendant's affirmative defenses,

on June 21, 2019, Plaintiff wrote again to defense counsel and explained "[i]t is entirely unclear

which of the Defendant's affirmative defenses will be asserted and upon what facts it relies upon.

Quite simply, we cannot wait until the Defendant decides it wants to respond to this discovery

request." Ex. 8, page 3.  Having still received no discovery related to affirmative defenses, on

July 18, 2019 Plaintiff counsel again wrote to defense counsel and explained:

> We also discussed the Defendant's failure to produce any discovery relevant to
> your affirmative defenses.  We have asked for the discovery repeatedly and
> repeatedly been told that at the conclusion of discovery you will make a judgment
> about whether there was a sufficient basis for the affirmative defense and dismiss
> those without an evidentiary basis.  As stated during the conference, Plaintiff does
> not have to wait until the close of discovery or the date for expert disclosures. We
> have the right to defend your affirmative defenses and conduct additional
> discovery as needed.  It is our position that Plaintiff has a right to whatever
> responsive facts and/or documents are now in your possession. You disagreed.

Ex. 9.

### III. ARGUMENT

With exception of the failure to mitigate affirmative defense, the Defendant has provided

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

no discovery for any of its so-called affirmative defenses that are the subject of this motion.

Needle Declaration, at 4. Not surprisingly, the Defendant has withdrawn none of its defenses

despite having produced no discovery and the lack of any factual support. The Defendant's bad

faith is conspicuous.

**A. Summary Judgment Standard.**

The legal standard applied to a motion for summary judgment is well-established.

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Addisu v. Fred*

*Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party has the initial burden to

prove that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.,* 475 U.S. 574, 586 (1986). Once the moving party has carried this initial burden, the

burden shifts to the opposing party to establish that a genuine issue of material fact actually

exists. *Id.* The party opposing summary judgment must go beyond the pleadings to designate

specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986). The opposing party thus "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. It must present

significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford*

*Accident & Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir. 1991). Bare allegations, speculations, or

conclusions, as well as inadmissible evidence or even a "scintilla" of evidence, are insufficient to

meet this burden. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081 (9th Cir. 1996). Failure of

proof as to any essential element of a party's claims means that no genuine issue of material fact

can exist. *Celotex*, 477 U.S. at 322; *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1459 (9th Cir.

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

1985).

There exists no factual support for any of the affirmative defenses subject to this motion.

## B. The Defendant's So-Called Affirmative Defenses.

In its Answer, the Defendant has raised 15 defenses which it characterizes as "affirmative defenses." DKT 7, at 7-9. Many of these so-called affirmative defenses are not affirmative defenses at all.

### 1. Failure to state a claim upon which relief may be granted.

Plaintiff states claims for gender discrimination and retaliation under Title VII and the Washington Law Against Discrimination, RCW 49.60. *et seq.* In relevant part, Plaintiff alleges: 1) that she is female; 2) that at all relevant times she was satisfactorily performing the duties and responsibilities of her job; 3) that there existed a pattern and practice of treating female managers are treated more harshly than male peers; 4) Mr. Backus, Plaintiff's immediate boss, targeted female managers for criticism, demotion, and termination from the time he became SVP of the Seattle Division; 5) Mr. Backus treated male managers more favorably than he treated female managers. Mr. Backus praised male District Managers in the weekly, monthly, and quarterly meetings attended by management level employees, but he was critical about and combative with the female managers, including Ms. Johnson; 6) Ms. Johnson reported to Trevor Ennis, HR Director, in March 2017 her concern about a female manager who Mr. Backus had demoted. She explained that the demotion was discriminatory because the manager was a woman; 7) Ms. Johnson and Mr. Ennis talked frequently about the harassment female employees were experiencing from Mr. Backus; 8) Ms. Johnson told Mr. Backus in or about March 2017 that he treated her disdainfully in front of her management team and that he treated her differently than

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

he treated male managers. Ms. Johnson explained to Mr. Backus that his conduct toward her affected her working relationship with her management team; 9) Mr. Backus replied to Ms. Johnson that he was appalled she would complain about his treatment of her and other female managers. Mr. Backus retorted that these were Ms. Johnson's problems and that he was shocked she had the nerve to talk to him about it; 10) Ms. Johnson communicated her staff's complaints about Assistant Vice President Kenny Smith to Trevor Ennis, Director of Human Resources for the Seattle Division in or about May 2017. At the same meeting, Ms. Johnson told Mr. Ennis that she was concerned that Mr. Backus was singling out female managers in the Seattle Division for unwarranted criticism and that Mr. Backus's treatment of female managers was discriminatory; 11) Ms. Johnson contacted John Ortiz, the Vice President for Operations for Albertsons in or about May 2017. She explained that she was calling because of the gender discrimination that was occurring under Mr. Backus's leadership. Ms. Johnson sought Mr. Ortiz's advice as to how to proceed; 12) After Mr. Backus learned that Ms. Johnson had complained to Mr. Ortiz about him, Mr. Backus demanded that Ms. Johnson never "go over" his head again. He explained that if she went over his head again, it would not be good for her career; 13) Thereafter, she was placed on a Performance Improvement Plan and then terminated from employment; 14) A substantial factor and/or motivating factor in the decision to terminate Ms. Johnson's employment was gender discrimination and/or retaliation for having complained about gender discrimination.

These facts are easily sufficient to state a claim for relief. This affirmative defense is frivolous.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7

## 2. Statute of Limitations.

The statute of limitations under the Washington Law Against Discrimination is three years. *Antonius v. King County*, 153 Wn.2d 256, 261-62, 103 P. 3d 729 (2004) (" Discrimination claims must be brought within three years under the general three-year statute of limitations for personal injury actions. RCW 4.16.080(2)")

Plaintiff was terminated from employment on or about April 7, 2018. Ex. 10. She filed her complaint in state court October 24, 2018.  DKT 1.  This affirmative defense is frivolous.

### 3. After acquired evidence.

The Defendant asserts that "Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence" Defense 15. DKT 7. Despite repeated requests, the Defendant has produced no evidence of any kind in response to this affirmative defense. It should not be allowed to do so in response to summary judgment. "An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed — perhaps paving the way for a summary judgment motion — and which facts must be resolved at trial." *Computer Task Group, Inc. v. Brotby,* 364 F. 3d 1112, 1117 (9th Cir. 2004).  *See also Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1054 (ND Cal. 2011) (failure to disclose documents in discovery warrants exclusion");

The "after acquired evidence" affirmative defense applies when "the employer discovers evidence of wrongdoing that, in any event, would have led to the employee's termination on lawful and legitimate grounds." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 354 (1995). The "after-acquired evidence" doctrine limits an employee from receiving certain remedies for wrongful discharge if the employer later discovers evidence of wrongdoing that

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

would have led to the employee's termination had the employer known of the misconduct.

*McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-63 (1995). "An employer can

avoid backpay and other remedies by coming forward with after-acquired evidence of an

employee's misconduct, but only if it can prove by a preponderance of the evidence that it would

have fired the employee for that misconduct." *O'Day v. McDonnell Douglas Helicopter Co.*, 79

F.3d 756, 761 (9th Cir.1996).

      Here, Plaintiff asked repeatedly for the discovery of facts and documents which would

support this affirmative defense. The Defendant has produced none. Facts in support of this

affirmative defense cannot now be introduced.

### 4. The EEOC Charge.

      The Defendant asserts that "Plaintiff's claims are barred, in whole or in part, to the extent

that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with

the Equal Employment Opportunity Commission (EEOC) or other statute or regulation." DKT 7,

Defense. 4.  The Defendant also asserts that "Plaintiff's claims are barred, in whole or in part, by

applicable statutes of limitation, to the extent they were not presented to the EEOC in a timely

fashion, and to the extent that they did not occur within the time frames prescribed by law under

Title VII or other statute or regulation, or any applicable state law." *Id.*, Defense 5.

      Plaintiff was terminated on April 7, 2018.  She filed an EEOC charge on or about July 23,

2018. Ex. 11.  The EEOC charge alleges that she was discriminated because of her sex in

violation of Title VII and retaliated against for having engaged in protected activities. *Id.*

Plaintiff received a Right to Sue Notice on September 17, 2018.  Ex. 12.  She filed suit on

October 18, 2018.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

"As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the [EEOC]." *Fort Bend Cty., Texas v. Davis*, ___ U.S. ___, 139 S. Ct. 1843, 1846, 204 L.Ed.2d 116 (2019) (citing § 2000e-5(e)(1), (f)(1)). "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Id.*, at 1851. "Even when an employee seeks judicial relief for claims not listed in the original EEOC charge, the complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). "[A] plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.* In determining whether the exhaustion requirement has been satisfied, it is appropriate to focus on the factual allegations and "consider such factors as the alleged basis of the discrimination [or retaliation], dates of discriminatory [or retaliatory] acts specified within the charge, perpetrators of discrimination [or retaliation] named in the charge, and any locations at which discrimination [or retaliation] is alleged to have occurred." *Id.* The language of EEOC charges are construed "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B. v. Maui Police Depart.*, 276 F.3d 1091, 1100 (9th Cir. 2002).

Plaintiff has complied with all EEOC requirements.  This affirmative defense is frivolous.

**5. Scope of Employment.**

The Defendant asserts that "[i]If any improper, illegal, or discriminatory act were taken by any Albertsons employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Albertsons policies, and was not ratified, confirmed, or

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

approved by the company. Thus, any such actions cannot be attributed or imputed to Albertsons."

DKT 7, Defense 6.

The Defendant has provided no discovery in support of this affirmative defense. Furthermore, it is clear that the decision to terminate Plaintiff was made by the Defendant's corporate officers, Karl Schroeder and Susan Morris. Ex. 2, Backus Dep. 306:15-24. Mr. Schroeder is employed as the President of the Seattle Division. Ex. 3, Schroeder Dep. 8:1-10:21. Susan Morris was employed as the Executive Vice President of Retail Operations for the West at the time of Plaintiff's termination from employment. Ex. 4, Morris Dep., 7:12-18. The decision to terminate Plaintiff was within their scope of employment. Moreover, as corporate officers they affirmed and ratified Plaintiff's discriminatory termination. There is no factual or legal basis for this affirmative defense. This affirmative defense is frivolous.

**6. Independent, intervening, and unforeseeable acts.**

The Defendant asserts that "[a]ny improper, illegal, or discriminatory actions by any Albertsons employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Albertsons and thus cannot be attributed or imputed to Albertsons." DKT 7, Defense 7.

The Defendant has provided no discovery in support of this affirmative defense. There exists no factual or legal basis for this affirmative defense. This affirmative defense is frivolous.

**7. Liability for punitive damages.**

Punitive damages are available for violations of Title VII. 42 U.S.C. § 1981a. The relevant provision of Title VII provides,

A complaining party may recover punitive damages under this section against a

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

respondent (other than a government, government agency or political subdivision)
if the complaining party demonstrates that the respondent engaged in a
discriminatory practice or discriminatory practices with malice or with reckless
indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1).

The Defendant asserts that "Albertsons is not liable for punitive damages under federal or state law, because neither Albertsons, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts." DKT 7, Defense 13.

The decision to terminate Plaintiff's employment was made by Karl Schroeder and Susan Morris. Mr. Schroeder is employed as the President of the Seattle Division. Ex. 3, Schroeder Dep. 8:1-10:21. Ms. Morris was employed as the Executive Vice President of Retail Operations for the West at the time of Plaintiff's termination. Ex. 4, Morris Dep., 7:12-18. These positions are more than sufficiently high in the corporate hierarchy to impute liability for punitive damages.

The Court in *Kolstad v. American Dental Association*, 119 S.Ct. 2118 (1999) ruled that in order to impute liability for punitive damages the employee "need not be the employer's 'top management' officers, or directors. . . " *Id.* at 2127. Here, top management is directly involved.

In *EEOC v. Wal-Mart*, 187 F.3d 1241 (10th Cir. Aug. 23, 1999) the Court considered, in light of *Kolstad*, "the evidentiary showing required to recover punitive damages under a vicarious liability theory against an employer accused of violating the American with Disabilities Act." *Id.* at 1243. In determining whether the managers had sufficient authority to impute punitive

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 12

damages, the Court acknowledged that "authority to 'hire, fire, discipline or promote, **or at least to participate in or recommend such actions,**' is an indicium of supervisory or managerial capacity." (emphasis added). *Id.* at 1247. Citing *Miller v. Bank of America,* 600 F.2d 211, 213 (9th Cir. 1979), the Court found that both the supervisor and the store manager had sufficient authority to bind the corporation for punitive damages. *Id.*

In *Deters v. Equifax Credit Information,* 202 F.3d 1262 (10th Cir. 2000), it was unnecessary for the Court to determine whether the offending supervisor was "a sufficiently highly ranked managerial or policy-making employee such that his knowledge of the harassment [Plaintiff] suffered would be imputed as a matter of law to [the defendant]." *Id.* at 1271. "It is sufficient here that [the defendant] had specifically designated Mr. Taylor as a final representative of the company to implement the sexual harassment policy ..., and to process complaints of sexual harassment." *Id.*

This affirmative defense is frivolous.

## V. CONCLUSION

Plaintiffs' Motion for Summary Judgment should be GRANTED.

Dated this 26th day of November 2019.

_/s/ Jeffrey Needle_____
Jeffrey Needle, WSBA #6346
Susan Mindenbergs, WSBA #20545

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 13