THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| KIMBERLY ANN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS, LLC,<br><br>Defendant. | ) Case No. 2:18-cv-001678 RAJ<br>)<br>) **DEFENDANT'S OPPOSITION TO**<br>) **PLAINTIFF'S MOTION FOR**<br>) **PARTIAL SUMMARY JUDGMENT,**<br>) **AND DEFENDANT'S CROSS-**<br>) **MOTION FOR SUMMARY**<br>) **JUDGMENT AS TO AFTER-**<br>) **ACQUIRED EVIDENCE**<br>)<br>) **NOTED ON MOTION CALENDAR:**<br>) **DECEMBER 20, 2019**<br>)<br>) **ORAL ARGUMENT REQUESTED**<br>) |

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff's Motion for Partial Summary Judgment should be denied. The sole relief requested in that motion is that certain of Defendant's affirmative defenses should be dismissed because Defendant allegedly failed to provide discovery regarding the defenses. That allegation is incorrect.

**First,** Defendant did provide a discovery response regarding its affirmative defenses, as described below. **Second,** Plaintiff's Complaint in this case is vague as to the exact nature of her causes of action. Some of Defendant's affirmative defenses are directed at that vagueness—they are purely legal, contingent upon the nature of the legal theories that she advances, and speak for themselves. **Third,** the affirmative defense of after-acquired evidence is well supported by

**LANE POWELL pc**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

evidence in this case. Defendant described the evidentiary basis of the defense in its discovery responses, and Defendant cross-moves for summary judgment on that defense. **Finally,** as was already noted in Defendant's own Motion for Summary Judgment, the affirmative defense regarding punitive damages simply indicates that Plaintiff has no evidence of malice or reckless indifference. Summary judgment on that affirmative defense should be entered in Defendant's favor, as well.

## II.     FACTUAL BACKGROUND

Basic facts describing the background of this matter are set forth in Defendant's Motion for Summary Judgment filed on November 26, 2019. (Dkt. #29.) Defendant incorporates them herein as if fully set forth.

Contrary to Plaintiff's assertion in her motion that Defendant has provided "no discovery" regarding the affirmative defenses that are the subject of her motion, Defendant did answer written discovery on August 28, 2019, related to the affirmative defenses as follows, in relevant part:

SECOND SUPPLEMENTAL RESPONSE: Without waiving the foregoing general and specific objections, and in addition to the prior responses, Defendant states as follows.

Affirmative defenses numbered 1 – 9, 12 – 14. The affirmative defenses are either purely legal or they speak for themselves as pleaded.

Affirmative defense no. 10, Failure to Take Advantage of Remedial Policies. Plaintiff failed to avail herself of Defendant's policies and procedures regarding the reporting of discrimination and/or retaliation.

Affirmative defense no. 11, Failure to Mitigate. See response to interrogatory no. 9.

Affirmative defense no. 15, After-Acquired Evidence. Plaintiff failed to comply with Defendant's policies on Confidential & Proprietary Information, Electronic Communication, and Information Security. Plaintiff improperly retained Defendant's confidential and proprietary information, violated these policies by failing to safeguard Defendant's confidential and proprietary information, and by electronically transmitting Defendant's confidential and proprietary information outside of Defendant's network to the benefit of Plaintiff herself. Plaintiff left Defendant's confidential and proprietary information in unsecured locations in situations that were not in furtherance of Defendant's

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 2
CASE NO. 2:18-CV-001678-RAJ
008501.0059/7861540.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

business interests. In doing so, Plaintiff has failed to safeguard the security and integrity of Defendant's confidential and proprietary information.

Reilly Decl. at Ex. A. Plaintiff's motion inexplicably makes no reference to the above discovery response or the documents it references.

Plaintiff was also provided with copies of Defendant's policies on Confidentiality, Information Security, and Reasons for Immediate Termination From Employment. Ennis Decl. at ¶3 and Ex. A. The Confidentiality policy provides that "financial information including sales and earnings data" is confidential information that is the property of the Company. *Id.* The Information Security policy provides that "financial data," "business and product strategies, data configurations," and "email" is to be safeguarded. *Id.* The information is not to be sent or received without prior authorization. Finally, improper use of the Company's confidential information, or violation of the Company's Information Security or Confidentiality policies are "types of conduct that may warrant immediate discharge from employment." *Id.*

Plaintiff's own document production contains many financial and other confidential documents belonging to Defendant. *Id.* at ¶4. She also admits that she retained various documents belonging to Defendant following her termination, and that she forwarded emails from Defendant's email system to her own personal email address. Reilly Decl., Ex. B at 345:11 – 348:4. Defendant learned of these terminable offenses no later than the date of Plaintiff's deposition, May 9, 2019. Ennis Decl. at ¶4. With Plaintiff already on a PIP addressing a variety of performance deficiencies, her violations of Albertsons' Information Security and/or Confidentiality policies could easily have justified termination of Plaintiff's employment. *Id.* at ¶5.

### III.   <u>STANDARD</u>

Summary judgment is appropriate only if, after a review of all the evidence, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Horphag Research Ltd. v. Garcia,* 475 F.3d 1029, 1035 (9th Cir. 2007). On a motion for summary judgment, the court must view all facts and evidence in the light most

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 3
CASE NO. 2:18-CV-001678-RAJ
008501.0059/7861540.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

favorable to the nonmoving party, draw all reasonable inferences in its favor, and believe the nonmoving party's evidence. *Horphag,* 475 F.3d at 1035.

The Ninth Circuit has explained that "the 'fair notice' required by the pleading standards only require[s] describing [an affirmative] defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.,* 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)). Accordingly, this Court should apply the "fair notice" standard, and not the heightened pleading standard identified by *Twombly* and *Iqbal.*

Moreover, summary adjudication as to the affirmative defenses at issue has little value as it would not prevent Defendant from contesting Plaintiff's *prima facie* case nor disproving her allegations. Indeed, Defendant was required to "affirmatively state any avoidance or affirmative defense," and that is what Defendant did. Fed. R. Civ. P. 8(c)(1). Furthermore, Plaintiff has failed to show how she is prejudiced by Defendant's assertion of these defenses, and Plaintiff's objections are largely conclusory. *See Reiffer v. HGM Holdings LLC,* No. 1:18-CV-1058-LJO-BAM, 2019 WL 1455325, at *2 (E.D. Cal. Apr. 2, 2019). Plaintiff's motion does not demonstrate how she is prejudiced by the pleading of these affirmative defenses. Her motion does nothing to advance this litigation. It is an unnecessary formalism wasting the time and resources of the Court.

## IV.   ARGUMENT

### A.   Failure to State a Claim Upon Which Relief May be Granted.

In deciding whether a plaintiff has set forth a claim for relief, the court, reading all allegations in the light most favorable to the non-moving party, asks whether the facts state a plausible claim for relief. *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). The allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Defendant does not dispute that Plaintiff has made allegations during the course of this lawsuit sufficient to state claims for gender-based disparate treatment and retaliation under Title

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 4
CASE NO. 2:18-CV-001678-RAJ
008501.0059/7861540.2

VII and the WLAD. However, her Complaint is not a model of clarity or specificity. The phrasing of her claims does not foreclose the possibility that she may attempt to shift her legal theories beyond gender-based disparate treatment and retaliation. Defendant has refused to waive this affirmative defense in order to account for the possibility that Plaintiff may attempt to expand her claims beyond those two discreet theories. She has opportunities to do so now at the summary judgment stage and possibly at trial. If she makes such an attempt, then Defendant will raise this defense (Dkt. #7, Affirmative Defense No. 1) and others as noted below.

**B.      Statute of Limitations.**

Plaintiffs must bring a Title VII civil action within 90 days of receipt of notice of right to sue from the EEOC. *Varnado v. ABM Indus., Inc.,* No. C-07-00804-CRB, 2007 WL 2915027, at *2 (N.D. Cal. Oct. 5, 2007). Courts require strict adherence. *See Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (holding that a Title VII claim was foreclosed because it was filed three days after expiration of the statute of limitations); see also *Gonzalez v. Stanford Applied Eng'g, Inc.*, 597 F.2d 1298, 1299 (9th Cir. 1979) (per curiam) (affirming dismissal of Title VII claim on ground that suit was not timely brought).

The WLAD does not contain its own limitations period. Discrimination claims must be brought within three years under the general three-year statute of limitations for personal injury actions, RCW 4.16.080(2). *Antonius v. King Cty.,* 153 Wn.2d 256, 261–62, 103 P.3d 729, 732 (2004).

Defendant does not dispute that Plaintiff timely commenced suit on her gender-based disparate treatment and retaliation claims under Title VII and the WLAD. However, as discussed above, Defendant is concerned that Plaintiff may attempt to stray beyond the confines of those claims now or at the time of trial. Thus, Defendant has refused to waive this defense (Dkt. #7, Affirmative Defense No. 5) and reserves the right to assert it if Plaintiff makes such an attempt.

**C.      After-Acquired Evidence.**

Defendant cross-moves for summary judgment on this particular affirmative defense (Dkt. #7, Affirmative Defense No. 15). No genuine issues of material fact exist—Plaintiff

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 5
CASE NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1  violated Defendant's policies on Confidentiality and Information Security—and summary

2  judgment in Defendant's favor is appropriate on this affirmative defense.

3       The "after-acquired-evidence" rule allows employers to avoid some liability by

4  demonstrating that it would have terminated an employee for wrongdoing discovered after a

5  wrongful termination had the employer known of the wrongdoing prior to the wrongful

6  termination. *Shnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1412 (9th Cir. 1996). To sustain

7  the defense, an employer must: (1) present after-acquired evidence of Plaintiff's misconduct; and

8  (2) prove by a preponderance of the evidence that it would have fired Plaintiff for that

9  misconduct. *April v. U.S. Airways, Inc.*, No. CV-09-1707-PHX-LOA, 2010 WL 1196015, at *2

10  (D. Ariz. Mar. 23, 2010).

11       Plaintiff's own document production contains many financial documents belonging to

12  Defendant. She retained various documents belonging to Defendant following her termination,

13  and she forwarded emails from Defendant's email system to her own personal email address

14  during her employment. These acts are terminable offenses under Defendant's policies.

15  Defendant learned of these terminable offenses no later than the date of Plaintiff's deposition,

16  May 9, 2019, and her violations of Albertsons' Information Security and/or Confidentiality

17  policies could easily have justified termination of Plaintiff's employment.

18  **D.    The Scope of Plaintiff's EEOC Charge.**

19       Where an employee's claims are not within the scope of her EEOC charge, she has failed

20  to exhaust administrative remedies and the claims must be dismissed. *Bower v. City & Cty. of*

21  *San Francisco*, 490 F. App'x 854, 856 (9th Cir. 2012). Where claims are not reasonably related

22  to EEOC charge allegations, dismissal is proper. *Id.* (citing *Leong v. Potter*, 347 F.3d 1117, 1122

23  (9th Cir. 2003)).

24       As discussed above, Plaintiff's Complaint is not a model of clarity or specificity. The

25  phrasing of her claims does not foreclose the possibility that she may attempt to shift her legal

26  theories beyond the confines of what she described in the Charge of Discrimination that she filed

27  with the EEOC. Defendant has refused to waive this affirmative defense in order to account for

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 6
CASE NO. 2:18-CV-001678-RAJ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

that possibility. If she makes such an attempt, then Defendant will raise this defense (Dkt. #7, Affirmative Defense No. 4) and others as noted herein.

**E.      Scope of Employment.**

In its Answer, Defendant pled: "If any improper, illegal, or discriminatory act were taken by any Albertsons employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Albertsons policies, and was not ratified, confirmed, or approved by the company. Thus, any such actions cannot be attributed or imputed to Albertsons." (Dkt. #7, Affirmative Defense No. 6.)

Federal courts routinely determine cases on whether alleged employer actions took place within a given employee's or manager's scope of employment. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 796 (1998) (setting forth *Ellerth/Faragher* defense). Simply put, under common principles of the scope of employment, certain claims may not result in employer liability.

In short, Plaintiff must prove that discriminatory or retaliatory acts can be imputed to Albertsons in order for Plaintiff to prove liability against the Company. To the extent that she cannot establish that the discriminatory or retaliatory acts were taken within the course and scope of employment, she will be unable to establish liability on the part of Albertsons. Plaintiff has not made this showing to date. Therefore, Defendant reserves the right to raise this affirmative defense moving forward.

**F.      Independent, Intervening, and Unforeseen Acts.**

In its Answer, Defendant pled: "Any improper, illegal, or discriminatory actions by any Albertsons employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Albertsons and thus cannot be attributed or imputed to Albertsons." (Dkt. #7, Affirmative Defense No. 7.) Defendant waives this defense at this time.

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 7
CASE NO. 2:18-CV-001678-RAJ
008501.0059/7861540.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

### G.     Punitive Damages.

Defendant has already made its own motion for summary judgment on the issue of punitive damages. The damage claim should be dismissed in its entirety for the reasons mentioned in that motion.

Defendant pled in its Answer, "Albertsons is not liable for punitive damages under federal or state law, because neither Albertsons, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts." (Dkt. #7, Affirmative Defense No. 13.)

In order to prevail on her motion as to this affirmative defense, Plaintiff must establish that she is entitled to punitive damages as a matter of law. She has not, and cannot, make that showing. Punitive damages are available only if a defendant acted with "malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Even if the court allows a punitive damage claim to go forward for trial, Plaintiff must prove each and every element of the claim.

The identification and decision of whether given individuals were sufficiently senior to confer punitive damage liability is a question of fact unless no reasonable trier of fact could disagree. *See, e.g.*, *Razo v. TIMEC Co.*, No. 15-CV-03414-MEJ, 2017 WL 5079249, at *16 (N.D. Cal. Nov. 3, 2017).

In her motion, Plaintiff myopically focuses on the element of the defense related to sufficiently high-ranking status. *See* Plaintiff's Motion (Dkt. #26 at p. 12). That is not the focus of the affirmative defense and Plaintiff conveniently ignores the key issue: that no one sufficiently high in the corporate hierarchy committed conduct *with "malice or reckless indifference."*

As Defendant shows in its own motion for summary judgment, Plaintiff has failed to create an issue of fact on her punitive damages claim because no decision-maker acted with the high level of culpability required to sustain a punitive damages claim.

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 8
CASE NO. 2:18-CV-001678-RAJ
008501.0059/7861540.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1

## V.    <u>CONCLUSION</u>

2

Plaintiff's motion does not demonstrate how she is prejudiced by the pleading of these

3

affirmative defenses. Her motion does nothing to advance this litigation and it should be denied.

4

Summary judgment should be entered in Defendant's favor as to after-acquired evidence and

5

punitive damages.

6

DATED:  December 16, 2019

7

LANE POWELL PC

8

9

By  <u>s/ D. Michael Reilly</u>

10

D. Michael Reilly, WSBA No. 14674
Beth G. Joffe, WSBA No. 42782

11

Sean D. Jackson, WSBA No. 33615
1420 Fifth Avenue, Suite 4200

12

P.O. Box 91302
Seattle, WA  98111-9402

13

Telephone: 206.223.7000
Facsimile: 206.223.7107

14

Email:  reillym@lanepowell.com

15

joffeb@lanepowell.com
jacksons@lanepowell.com

16

Attorneys for Defendant Albertsons, LLC

17

18

19

20

21

22

23

24

25

26

27

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 9
CASE NO. 2:18-CV-001678-RAJ

008501.0059/7861540.2

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.  I hereby certify that the following document was sent to the following CM/ECF participant:

Ms. Susan B. Mindenbergs
Attorney at Law
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-1523
susanmm@msn.com

Mr. Jeffrey L. Needle
Attorney at Law
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-1523
jneedlel@wolfenet.com

Executed on the 16th day of December, 2019, at Seattle, Washington.

*s/ D. Michael Reilly*
Signature of Attorney
WSBA No. 14674
Typed Name:  D. Michael Reilly
Address:  1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
Fax:  206.223.7107
E-mail:  reillym@lanepowell.com
Attorney(s) For:  Defendant Albertsons, LLC

DEF'S OPP. TO MOTION FOR PARTIAL SUMMARY
JUDGMENT, CROSS-MOTION - 10
case no. 2:18-cv-001678-RAJ
008501.0059/7861540.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107