HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY ANN JOHNSON,

    Plaintiff,

v.

ALBERTSONS, LLC,

    Defendant.

Case No. 2:18-cv-001678 RAJ

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT AND MOTION TO STRIKE CROSS MOTION FOR SUMMARY JUDGMENT

NOTED: December 20, 2019

## I. Introduction

Plaintiff filed this motion for partial summary judgment seeking dismissal of seven defenses which the Defendant characterizes as "affirmative defenses." It now appears that the Defendant does not object to the dismissal of the following defenses: 1) failure to state a claim upon which relief may be granted; 2) the statute of limitations; 3) scope of EEOC charge; and 4) intervening, independent, and unforeseen acts. Accordingly, these "affirmative defenses" should be dismissed. There exists no genuine issue of material fact concerning the defenses of "scope of employment" and "after acquired evidence." Those defenses should likewise be dismissed.

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT
AND MOTION TO STRIKE CROSS MOTION - 1

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

It is beyond dispute that Plaintiff has the burden of proving punitive damages, and that is not an affirmative defense. Nevertheless, there is no genuine issue of material fact that the corporate officers who made the decision to terminate Plaintiff are sufficiently high in the corporate hierarchy to impute liability to the Defendant. The court should grant summary judgment on that limited issue.

The Defendant has filed a cross-motion for summary judgment on the issue of "after-acquired evidence." This cross-motion for summary judgment was filed on December 16, 2019 and noted for December 20, 2019. The motion was filed substantially after the dispositive motion cut-off date, November 26, 2019, and fails to comply with LCR 7 (d)(3). That motion is frivolous and should be stricken for these procedural reasons. The motion is without merit and should be dismissed for that reason as well.

**II.  Argument**

The Defendant argues that summary adjudication of the affirmative defenses at issue has little value, does nothing to advance the litigation, and wastes the time and resources of the Court. Def. Brief at 4. Contrary to the Defendant's assertion, Plaintiff seeks to dismiss specious affirmative defenses in an effort to limit the issues for trial. That is not a waste of time. Rather, Defendant's refusal to dismiss these "affirmative defenses" without the necessity of this motion has multiplied the costs of litigation without any basis or justification. A reasonable inquiry would have disclosed that many of the defenses lacked factual support at the time they were raised. *See* Fed.R.Civ.Pro 11(b).

Plaintiff's Complaint is clear and unequivocal. Under the heading of "causes of action," Plaintiff pled that the "Defendant's discriminatory and retaliatory conduct violates 42 U.S.C. § 2000e *et seq.*, Title VII of the Civil Rights Act of 1991, as amended. *See* Dkt, 1-1, ¶5.2. Plaintiff

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT
AND MOTION TO STRIKE CROSS MOTION - 2

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

also pled that the "Defendant's discriminatory and retaliatory conduct violates RCW 49.60 *et seq.*" *Id.* at ¶5.2. There is nothing vague about these allegations. The Defendant nevertheless argues that "her Complaint is not a model of clarity or specificity. The phrasing of her claim does not foreclose the possibility that she may attempt to shift her legal theories beyond gender-based disparate treatment and retaliation." Def. Brief at 5. Yet the Defendant fails to indicate how the Complaint lacks specificity or which other legal theories are possible based upon the facts alleged. This argument is a superficial attempt to justify the Defendant's meritless defenses and its failure to dismiss them without the necessity of a time consuming motion.

**A.  Failure to State a Claim Upon Which Relief May be Granted.**

The Defendant does not contest that Plaintiff states a claim for gender-based discrimination and retaliation under Title VII and the WLAD. Def. Brief at 4-5. Its only justification is the alleged ambiguity of Plaintiff's claims and the possibility that she may assert different legal theories. As explained above this justification is without merit. The defense should be dismissed.

**B. Statute of limitations.**

The Defendant does not contest that Plaintiff has filed her claims within the statute of limitations. Def. Brief at 5. Its only justification is the alleged ambiguity of Plaintiff's claims and the possibility that she may assert different legal theories. As explained above this justification is without merit. The defense should be dismissed.

**C.  The Scope of EEOC of the Charge.**

The Defendant does not contest that Plaintiff's claims are within the scope of the EEOC charge. Def. Brief at 6-7. Its only justification is the alleged ambiguity of Plaintiff's claims and

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT
AND MOTION TO STRIKE CROSS MOTION - 3

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

the possibility that she may assert different legal theories.  As explained above this justification is without merit.  The defense should be dismissed.

**D.  Intervening, Independent, and Unforeseen Acts.**

The Defendant now admits that this affirmative defense is without merit.  Def. Brief at 8.  It could have easily done so during the conference with counsel without the necessity of a motion for summary judgment.  The defense should be dismissed.

**E.  Scope of Employment.**

Plaintiff has the burden to prove that liability is imputed to the Defendant.  This is not an affirmative defense.  Nevertheless, Albertsons insists that any illegal acts against Plaintiff by an Albertsons' employee were outside the scope of that employee's employment.  This defense is frivolous.

Albertsons does not deny that the decision to terminate Plaintiff's employment was made by the Karl Schroeder, President of the Seattle Division, Schroeder Dep. 8:1-10:21, and Susan Morris, Executive Vice President of Retail Operations for the West. Morris Dep., 7:12-18.  Indeed, Albertsons insists that Karl Schroeder, Susan Morris, Trevor Ennis, Human Resources Manager, and Rob Backus, Senior Vice President of Operations, were all directly involved in the decision to place Plaintiff on a Personal Improvement Plan and ultimately terminated her employment. Dkt 29, at 12.  Albertsons makes no claim that these corporate officials were not authorized to the terminate Plaintiff's employment or were not acting within the scope of their employment.  The Court should rule that any discriminatory or retaliatory acts taken against Plaintiff are imputed to the Albertsons.

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT
AND MOTION TO STRIKE CROSS MOTION - 4

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

**F.  Punitive Damages.**

In order to recover Punitive damages, Plaintiff must prove that the Defendant acted with reckless disregard for Plaintiff's federally protected the rights.  *Kolstad v. American Dental Association*, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). This is *not* an affirmative defense. Nevertheless, characterized as an affirmative defense, the Defendant insists that "neither Albertsons, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, approved, authorized or ratified, or had actual knowledge, of any such acts." Dkt 7, affirmative defense No 13.  Clearly, the focus of this so-called affirmative defense is the status of those who made the decision to terminate Plaintiff's employment.

Albertsons does not deny that the decision to terminate Plaintiff's employment was made by corporate officers, Karl Schroeder and Susan Morris. In addition, both Rob Backus, Senior Vice President, and Trevor Ennis, Human Resources Manager, were directly involved.  *See* Def. Motion for Summary Judgment, Dkt 29, at 12. No reasonable trier of fact could conclude that a corporate officer is not sufficiently highly placed to impute punitive damages to the defendant. *See Hemmings v. Tidyman's Inc.*, 285 F. 3d 1174, 1198 (9th Cir. 2002) (to impute liability for punitive damages "the plaintiff must show that the intentional discrimination by an employee is attributable to the employer by using traditional agency principles, e.g., that a managerial employee acted within the scope of his or her employment") citing *Kolstad*, 527 U.S. at 540-41.

Whether those corporate officers acted with reckless disregard for Plaintiff's federally protected rights is a question of fact for the jury. The Court should rule, however, that if corporate officers did act with reckless disregard, those acts are imputed to the Defendant for purposes of awarding punitive damages.  This "affirmative defense" is unsupported by existing

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT
AND MOTION TO STRIKE CROSS MOTION - 5

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

law or a good faith argument for an extension of existing law. Plaintiff seeks summary judgment on this limited issue.

**G. After-Acquired Evidence.**

The Defendant argues that Plaintiff "failed to comply with Defendant's policies on Confidential & Proprietary Information, Electronic Communications, and Information Security." Def. Brief at 2. As a result of this failure, the Defendant claims that her violations "*could* easily have justified termination of Plaintiff's employment." *Id*. at 3 (emphasis added). *See also* Ennis Declaration, Dkt 39 at ¶ 5 ("Had Albertsons been aware that Plaintiff was forwarding Albertsons emails to her personal email account and/or that she was retaining a variety of financial and other confidential documents, her violations of Albertsons' Information Security and/or Confidentiality policies *could* easily have justified termination of Plaintiff's employment, especially since she was already on a PIP addressing a variety of performance deficiencies") (emphasis added).

As a matter of law, this allegation is insufficient. "An employer can avoid backpay and other remedies by coming forward with after-acquired evidence of an employee's misconduct, but only if it can prove by a preponderance of the evidence that it *would* have fired the employee for that misconduct." *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir.1996) (emphasis added). "The inquiry focuses on the employer's actual employment practices, not just the standards established in its employee manuals, and reflects a recognition that employers often say they will discharge employees for certain misconduct while in practice they do not." *Id.* at 759. Moreover, to succeed the employer must prove that the employee's "wrongdoing was of such severity that the employee in fact would have been terminated *on these grounds alone*, . . . ." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362-63 (1995) (emphasis added).

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT
AND MOTION TO STRIKE CROSS MOTION - 6

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

Here, the employer does not even assert that it *would* have terminated Plaintiff, only that it *could* have done so. As a matter of law, this is not sufficient. The fact that Ms. Johnson was on a Personal Improvement Plan or had other alleged performance deficiencies is irrelevant to the after-acquired evidence analysis.

The Defendant has not produced any documents which reflect its actual employment practices. There is no evidence that any employee has been terminated for a violation of Albertsons' confidentiality policy.

Moreover, Plaintiff did not violate the Defendant's confidentiality policy. That policy does not prohibit Plaintiff from being in possession of confidential financial documents or sending them to her personal email account. In relevant part, the policy provides:

> ● "Confidential information must be safeguarded and retained consistent with our records retention policy. Such information should not be placed in unsecured areas in dumpsters, trash cans or other unsecured locations."
>
> ● "Associates should contact the Human Resources Department to seek approval before authorizing the release of confidential Information to unauthorized personnel or third parties."
>
> ● "Associates, contractors and authorized business partners/vendors may not photocopy, image, send or receive confidential or copyrighted materials without prior authorization."

Dkt 39, Exhibit A. Plaintiff was given financial documents by her supervisors. There is no evidence that she failed to retain them as required or that she was without authorization to copy them as needed. *See* Johnson Declaration.

## MOTION TO STRIKE

Plaintiff moves to strike Defendant's cross-motion for summary judgment which it filed on December 16, 2019. The dispositive motion cut-off date is November 26, 2019, Dkt 11, and

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT
AND MOTION TO STRIKE CROSS MOTION - 7

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

the motion is not timely. The motion is noted for December 20, 2019, which is insufficient time for Plaintiff to respond. *See* LCR 7 (d)(3).

Dated this 20th day of December 2019.

          ___/s/ Jeffrey Needle_____
          Jeffrey Needle, WSBA #6346
          Attorney for Plaintiff

PLAINTIFF'S REPLY TO SUMMARY JUDGMENT
AND MOTION TO STRIKE CROSS MOTION - 8

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523