THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KIMBERLY ANN JOHNSON, | ) | No. 2:18-cv-001678-RAJ |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S REPLY IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| v. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| ALBERTSONS, LLC, | ) | **NOTED ON MOTION CALENDAR:** |
| | ) | **DECEMBER 20, 2019** |
| Defendant. | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - i

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7882408.1

## I.  <u>INTRODUCTION</u>

Plaintiff concedes key facts that justify summary dismissal of her claims. The motion should be granted for the following reasons: **First**, Plaintiff cannot establish her *prima facie* case for each of her claims. **Second,** Plaintiff cannot establish causation. **Third,** Albertsons had a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's termination. **Fourth,** Plaintiff cannot establish pretext: Albertsons had a good faith basis for concluding Plaintiff was not performing in a satisfactory manner. In any event, Plaintiff fails to carry her burden to establish her punitive damages claim, justifying summary judgment in Albertsons' favor.

## II.  <u>MOTION TO STRIKE INADMISSIBLE EVIDENCE</u>

The Court should strike all inadmissible evidence submitted by Plaintiff. "A trial court can [ ] consider [only] admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am.,* 285 F.3d 764, 773 (9th Cir. 2002). Plaintiff submits inadmissible evidence in declarations submitted to this Court. *See* Supplemental Declaration of D. Michael Reilly ("Supp. Reilly Decl.") at ¶2 and Ex. A. See matrix of inadmissible evidence, attached as Exhibit A to the Supp. Reilly Dec. The most egregious inadmissible evidence includes:

**1.**   Declaration of Kim Johnson (Dkt. #41) at ¶58 and Ex. D (a District Manager job posting on a third-party website "glassdoor.com") was not disclosed in discovery, lacks foundation and personal knowledge, evidence of authenticity, is hearsay, and fails to show the posting even applied to Plaintiff's position. Plaintiff's declaration at ¶58 and Ex. D should be excluded.

**2.**   Declarations of Dave Carlson, Brandon Itaoka, Jeff Glazer, Sean Pritchard, and Joel Rader are all attached to the Declaration of Kim Johnson (Dkt. #41 at Ex. D); however, she does not authenticate them. The declarations should therefore be stricken. Moreover the declarations contradict deposition testimony and should be excluded.

**3.**   The Declaration of Joel Rader (Dkt. #41 at Ex. D) should be excluded because it was never disclosed in discovery, despite being signed October 9, 2019, three weeks before the discovery cutoff. Albertsons would have deposed Mr. Rader had his declaration been disclosed;

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

Albertsons deposed other witnesses who submitted declarations (Glazer, Carlson, Itaoka, and Pritchard).

### III.  **UNDISPUTED FACTS**

Plaintiff leaves uncontested the following material facts.

**A.      Undisputed:  Albertsons employees trained on policies against discrimination and retaliation.** Plaintiff leaves undisputed that she is an at-will employee who received training on Albertsons' policies against discrimination and retaliation numerous times, including in 2017. Plaintiff also concedes that all Albertsons management received training on policies prohibiting discrimination and retaliation. (Dkt. #29 at 2:4-19).

**B.      Undisputed:  Plaintiff's past performance issues with Morris, Bassler, and Perry.** Plaintiff leaves undisputed the Susan Morris testimony confirming she was deselected from management of the Intermountain West Division. Plaintiff offers only speculation about her return to a position in Seattle, relying on inadmissible hearsay, speculation, and her own revisionist history related to Corrina Poland, and her interactions with Dennis Bassler. (*See* Dkt. #41 at ¶¶16–17). Plaintiff contradicts her deposition with regard to the Dennis Bassler letter critiquing her performance. Plaintiff testified in deposition that Bassler *never* identified the individuals complaining about her; she never learned of the complainant's identity through any other source. Supp. Reilly Decl., Ex. B at 63:14 – 65:4. Her newly minted declaration now states that Bassler "rescinded" his November 11, 2013 memo, which contradicts her deposition testimony. *Id.* at 68:19 – 69:10 ("I can only assume that someone told him these things and so, therefore, it was his perception or belief"). And Plaintiff admitted that the complainant had "the right to their perception and their beliefs." *Id.* Plaintiff does not dispute that, in February 2016, Plaintiff's supervisor, Joe Perry, documented concerns about Plaintiff's performance and inappropriate staff interactions, leadership, and "lack of objectivity." (Dkt. #31 at Ex. E).

**C.      Undisputed:  Merger brings new management expectations, Plaintiff admits her performance in 2016 was the "*worst year of [her] career*" and her district ranked dead last in 2017.** Plaintiff concedes she needed to improve performance of stores in her district in

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000 FAX: 206.223.7107

2015. (Dkt. #29 at 4:11-15). On top of that, with the merger in 2015, manager expectations increased. *Id.* at 4:1-10, 4:26–5:21. Plaintiff concedes her district performed worse in 2016 than all other districts overall. (Dkt. #33 at ¶12; Dkt. #29 at 6:9–7:10). Plaintiff admits telling Rob Backus that 2016 was "*the worst year of [her] career*" and that she let management down. (Dkt. #30, Ex. A at 177:23–179:4, Ex. 8). Plaintiff vowed that she would "*never let that [poor of performance] happen ... again.*" *Id.* at 178:24–179:4. But Plaintiff's performance did not markedly improve in 2017. Plaintiff does not contest that her district was the "worst" district in the Seattle division in 2017. (Dkt. #29 at 7:11 – 8:14).

**D.     Undisputed: Plaintiff received more labor dollars as a percentage of sales than any other district, and Plaintiff did not spend all labor dollars allocated to her.** Plaintiff never disputes that the real measure of comparison in districts is how the same-store performed, compared to last year, and that Plaintiff's stores performed badly. Instead she raises the red herring of sales projections, but the undisputed record disproves her argument. Contrary to his declaration, Jeff Glazer testified that bonuses are awarded only if *all districts, combined,* meet division projections. So, there is every disincentive to set unduly high sales projections on any one district because setting unattainable district goals would, in turn, deny Rob Backus or Kenny Smith bonuses based on how all districts combined performed. *Id.* Plaintiff knew from Glazer's deposition that this testimony was false, but submitted it to the court in the Glazer and Itaoka declarations anyway, which should be excluded. *Compare* Supp. Reilly Decl., Ex. C 125:12–126:1, 129:9-18, to Glazer Decl. at ¶16 (Dkt. #41 at Ex. D); *compare* Supp. Reilly Decl., Ex. D 159:23–160:20, to Itaoka Decl, at ¶19 (Dkt. #41 at Ex. D).

Plaintiff concedes she ranked dead-last amongst 11 districts, but now claims her bad performance all was because Albertsons set unfairly high sales projections, relying on speculation and inadmissible evidence in the Glazer declaration. But Glazer's deposition shows he lacks any foundation for such statements. Glazer testified that he *did not know* about District 24 financial projections in Q1 and Q4 of 2017. Supp. Reilly Decl., Ex. C at 115:5-7, 115:21 – 116:7. With regard to District 24's sales projections in Q2 and Q3 of 2017, Glazer *did not know*

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7882408.1

what adjustments were made to District 24 sales projections, or whether the projections were discriminatory or even "unfair." *Id.* at 132:22-24; 114:2-12; 133:24 – 134:9 (not know if "unfair"). Of course, if at the time Glazer thought such conduct was discriminatory he knew he should report such improper conduct to Albertsons management, which he never did. *Id.* at 132:16 – 133:23.

The undisputed evidence also disproves Plaintiff's speculative claim that sales projections deprived her of the necessary labor dollars to run the stores. **First,** it is undisputed that Backus allocated to Plaintiff's district more labor dollars as a percentage of sales, than any other district. Supp. Reilly Decl., Ex. D at 173:7–174:5 and its subjoined Ex. 9 at SAFEWAY_010922; Supp. Reilly Decl., Ex. C at 148:3-14. Glazer testified in deposition that he did not know how many labor dollars Plaintiff's district received, as compared to other districts, or whether any allocation was unfair. *Id.* at 69:18–70:9. **Second,** it is undisputed that Plaintiff *failed to spend* all the labor dollars actually allocated to her district, anyway. Supp. Reilly Decl., Ex. D at 160:9-15 (Itaoka testified that District 24 allocated 11.75 labor, but spent only 11.57). **Third,** it is undisputed that male and female district managers grappled with sales projections in their respective districts and complained that sales projections gave them insufficient amounts of labor; Plaintiff received higher amounts of labor dollars than all other districts. Supp. Reilly Decl., Ex. C at 70:10-14; Supp. Reilly Decl., Ex.D at 136:25–137:25.

**E.      Undisputed: During her PIP, which required among other things immediate, continuous improvement in food safety, two (2) of Plaintiff's delis were closed due to rampant food safety violations.** Plaintiff's November 2017 PIP sought immediate continuous improvement on food safety. Yet it is undisputed that during her PIP two (2) of Plaintiff's store delis had to be closed in December 2017 due to rampant food safety problems. (Dkt. #38 at 8:4-14.) During a prescheduled store visit with Karl Schroeder, Plaintiff showed Schroeder what even Plaintiff describes as an "embarrassingly dirty" and "filthy" deli, requiring closure of the deli at store 3298. (Dkt. #29 at 9:24–10:10). No other deli, in any of the other districts had to be closed. It is undisputed that during her PIP Plaintiff failed to show immediate continuous improvement

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000 FAX: 206.223.7107

in food safety.

**F.     Undisputed: The independent Dean investigation confirmed no gender discrimination, and Albertsons retrained on policies.** It is undisputed that independent, outside investigator Rebecca Dean investigated Plaintiff's complaint, interviewed 12 persons, and found that the PIP was justified and no gender discrimination occurred. (Dkt. #31 at ¶15.) It is also undisputed that after the conclusion of this investigation, Albertsons management redoubled its efforts with additional training on Albertsons policies against discrimination and retaliation, plus unconscious bias training. (Dkt. #31 at ¶16; Dkt. #34. at ¶12.)

Plaintiff's motion to strike the report of independent investigator Rebecca Dean should be denied because: (1) the report itself is a business record of regularly conducted activity under Fed. R. Evid. 803(6); and (2) the pertinent portion of the report (*i.e.,* stating that "there is ample evidence of legitimate business reasons for implementing a performance improvement plan for Johnson, and no evidence suggests that her gender has played a role") is not hearsay because it is not being offered here for the truth of the matter asserted. It is, instead, being offered to demonstrate the state of mind of Albertsons, including Schroeder's and Morris's state of mind, that actions were proper and within the bounds of the law. Fed. R. Evid. 803(3).

The Dean report also is relevant because it evidences Albertsons' good faith belief that Plaintiff and others were not being discriminated against because of gender, and supports Albertsons' state of mind regarding its use of the PIP. Finally, Albertsons is not relying on the Dean report to support the premise that Albertsons hired Dean, that she performed an investigation, or that Albertsons retrained Seattle Division management after receiving the Dean report. Those facts come from the Declaration of the Seattle Division HR Director, Trevor Ennis, and the Karl Schroeder declaration. (Dkt. # 31 at ¶15; Dkt. #34 at ¶12.)

**G.     Undisputed: Plaintiff failed to achieve immediate continuous improvement in her PIP goals.** Plaintiff concedes that she did not meet her PIP goals—nor can she dispute that fact because she admitted as much in her sworn deposition testimony. Plaintiff admits that PIP goals involving "out of stocks," "shrink," and "food safety" were her three biggest areas of

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000 FAX: 206.223.7107

008501.0059/7882408.1

opportunity, but showed little or no improvement, conceding that they "did not show the improvement in which we were looking for." (Dkt. #30, Ex. A at 272:14-25.) Instead, Plaintiff claims she made "significant improvements." Even if assuming this statement is true, she has already conceded too much and her failure to meet the PIP goals is fatal to her claims. She did not make the "immediate continuous improvement" required by the PIP (Dkt. #29 at 11:8 – 12:8).

**H.      Undisputed: The reason for Plaintiff's termination was her failure to meet her PIP goals.** Plaintiff does not dispute that she was informed that her employment was being terminated "due to your overall job performance, which does not meet expectations, and your failure to successfully complete the performance improvement plan." *(*Dkt. #30, Ex. A at 303:1-24, Ex. 19; Ex. B at 314:19–315:2.)

**I.      Undisputed: Female Eureka McCrae filled the vacant District Manager position resulting from Plaintiff's termination.** Plaintiff mistakenly claims that Brett Podnar "replaced" her, but the undisputed record is that Rob Backus promoted Eureka McCrae to fill the open District Manager position that resulted from Plaintiff's termination. (Dkt. #29 at 12:21–13:7.) Ms. McCrae and Mr. Podnar assumed management of Plaintiff's stores in a realignment of districts. Plaintiff speculates, but provides no evidence, that the sale/closure of stores or district realignment was made to benefit Podnar or McCrae more favorably than Plaintiff. The undisputed evidence confirms that store sales and the realignment of districts were for legitimate business reasons, and to place more of a burden on the more experienced Podnar, and less of a burden on the newly-promoted McCrae. (Dkt. #30, Ex. B at 96:1–98:20, 104:8–107:17.) Moreover, even if one were to accept Plaintiff's speculation, it is nonsensical that a company allegedly motivated by gender animus would fire a woman, only to set another woman up to succeed. When one looks at specific stores previously managed by Plaintiff, and now managed by McCrae, it is undisputed the stores are performing much better due to better management. (Dkt. #33 at ¶25.)

///

///

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 6

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

# IV. <u>REPLY ARGUMENT</u>

**A.    Gender discrimination claim should be dismissed.** Plaintiff's gender discrimination claim fails because she conceded too much on the issue of satisfactory performance. The undisputed facts indicate that Plaintiff admitted her performance in 2016 was the *"worst year of [her] career"* and her district ranked dead last in 2017. Then, she leaves undisputed that she failed to achieve immediate, continuous improvement in her PIP. During her PIP, two (2) delis had to be closed due to food safety issues, which failed to meet the PIP goal of improved and continuous food safety. Plaintiff's job performance was not satisfactory. It also remains undisputed, and Plaintiff admits that: (1) PIP goals involving "out of stocks," "shrink," and "food safety" were her three biggest areas of opportunity, but showed little or no improvement. Plaintiff outright conceded that she "did not show the improvement in which we were looking for." (Dkt. #30, Ex. A at 272:14-25.) In some respects, her performance actually worsened under the PIP. For example, her out of stocks should have been reduced to 200 by the end of her PIP (Dkt. #31, Ex. G at SAFEWAY_000152 "In-Stock Position"), yet they were in excess of 400 at PIP's conclusion (Dkt. #31, Ex. G SAFEWAY_000245 "In-Stock Position").

Plaintiff's claims that Albertsons did not support her efforts are easily disproved by the undisputed record. Albertsons allocated her more labor dollars as a percentage of sales, than any other district, and she did not spend all the labor dollars allocated to her. Plaintiff's reliance on the Sean Pritchard declaration to support her allegation that she was denied the ability to fill vacancies in her stores must be a mistake in light of Pritchard's deposition, where Pritchard conceded: (1) different union contracts would prohibit the staffing Plaintiff requested; (2) he could not describe any examples where he saw staffing that would cross between union contracts; (3) his assertion that other managers have been allowed to staff stores is based entirely upon hearsay from unidentified sources. Supp. Reilly Decl., Ex. E at 155:8–159:9; and (4) with regard to Pritchard's reference to unfilled assistant store director positions in late-2016 or early-2017, he admitted in deposition that he did not know whether trained assistant store directors were available at that time, and did not know why Plaintiff's request was denied. *Id.* at 159:10–161:12.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 7

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7882408.1

The undisputed record easily disproves Plaintiff's claim that Backus "targeted" females. Backus actually promoted Lori Gruber and Eureka McCrae. Supp. Reilly Decl., Ex. F at 141:1-17; Dkt. #33 at ¶24. He also more recently promoted Keri Group into the only other District Manager opening to occur following his promotion of McCrae. (Dkt. #33 at ¶26.) Look closely at Plaintiff's citations on this issue because her citations to the depositions of Backus, Susan Morris, and Ennis do not support her allegations. Plaintiff's misleading citations to the depositions of Jackie Katanik and Lori Gruber are wrong, too. Both Katanik and Gruber denied that gender played any role in the way that Backus treated them because he was tough on male managers, too. Supp. Reilly Decl., Ex. G at 16:1-24, 26:15-17 (Katanik testified that Backus was harsh on male *and* female district managers—not just women—and that she is not being subjected to disparate treatment because of her gender); Ex. H at 89:12-22 (Gruber testified that she has never believed that Albertsons treated her differently than men). It is also undisputed that Backus demoted and terminated male managers. Supp. Reilly Decl., Ex. G at 76:2-18 (Backus demoted a male district manager, Justin Ruud); Ex. F at 236:3-24 (Backus offered Justin Ruud action plan, and that Ruud chose a demotion); 320:21 – 321:24 (Alaska District Manager Steve Nielsen).

Plaintiff's other speculative evidence of targeting also is roundly disproved by the undisputed record. Tracie Perry's departure does not support her "targeting" claim because it is undisputed that Karl Schroeder *promoted* Perry, and she chose to voluntarily leave the company. Supp. Reilly Decl., Ex. F at 38:4 – 39:18. The Stephanie Kennedy example fails, too, because it is undisputed that Kennedy has repeatedly been offered promotions to five district manager positions, and she has chosen, for personal reasons, not to take them. *Id.* at 134:9 – 136:21. In short, there is no admissible evidence that Backus or anyone ever "targeted" female managers at Albertsons for demotions or terminations.

Finally, there is no direct evidence that Plaintiff's gender played any role in her termination, nor has Plaintiff provided any evidence of pretext sufficient to defeat summary judgment through the *McDonnell Douglas* burden shifting framework. The undisputed facts,

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

including her admitted poor performance and her failed PIP, justified her termination.

**B.     Retaliation Claim Should be Dismissed.** Plaintiff argues that Albertsons' retaliatory conduct included: placing her on a PIP; inflating her sales projections; and then terminating her employment. But the undisputed record roundly disproves these contentions. **First,** placing Plaintiff on a PIP was not an adverse employment action. Plaintiff leaves unchallenged the analysis in defendant's opening brief. (*See* Dkt. #29 at 21:17-24.) Placement of Plaintiff on a PIP occurred because of her admitted shortcomings at work. *See Cozzi v. Cty. of Marin*, 787 F. Supp. 2d 1047, 1061 (N.D. Cal. 2011) (written warning did not constitute negative employment action because it did not result in a significant change in employment status, and was based on admitted behavior).

**Second,** the undisputed record disproves Plaintiff's claims that her sales projections were unfairly inflated, or affected her anyway. It is undisputed that Plaintiff received more labor as a percentage of sales than any other district, and, she didn't spend all the labor allocated to her, anyway. Moreover, Glazer's contradictory declaration should be excluded because it is undisputed that Glazer testified bonuses are awarded based on how all districts together meet division projections.  Glazer also admitted in deposition he lacked any foundation for the opinions offered because he did not know how many labor dollars Plaintiff's district received, as compared to other districts, or whether any allocation was unfair. Supp. Reilly Decl. Ex. C at 69:18 – 70:9. Glazer admitted in his deposition that he had no evidence supporting his conclusory allegation and conceded that he does not know if the adjustments made to District 24 in Q1 and Q2 2017 were discriminatory or even "unfair."

**Third,** Plaintiff fails to show a causal connection between Plaintiff's discrimination complaint and termination. It is undisputed that in 2016 Plaintiff had, in her words, the "*worst year of [her] career"* and let her supervisors down. Then her district ranked dead last in 2017, which resulted in the PIP. Plaintiff's admitted performance deficiencies predate any complaint of discrimination in this case. It is also undisputed that during her PIP, two of Plaintiff's delis had to be closed due to food safety violations—a specific goal of her PIP, and that Plaintiff admits

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 9

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7882408.1

that by the end of the PIP she had failed to achieve immediate and continuous improvement in PIP goals of "out of stocks," "shrink," and "food safety." Dkt. #30, Ex. A at 272:14-25 (Plaintiff outright concedes that she "did not show the improvement in which we were looking for," she had at least one deli closure, and received a last chance agreement—all of which occurred prior to her January 2018 email to Albertsons' President, Bob Miller).

Plaintiff's argument that the timing of her PIP and termination support a causal inference confounds clear precedent establishing that mere coincidence of timing is insufficient to establish causation. *See Govan v. Security National Financial Corp.*, 502 F. App'x 671, 673-74 (9th Cir. 2012). Circumstantial evidence of pretext must be specific and substantial in order to survive summary judgment. *Bergene v. Salt River Agric. Improvement & Power Dist.,* 272 F.3d 1136, 1142 (9th Cir. 2001). Plaintiff's claimed timing issue mistakenly relies on claims of Backus "hyper-inflating" sales projections. But it is undisputed that Plaintiff received more labor dollars as a percentage of sales than any other district, she chose not to spend all the dollars allocated, and Glazer admitted he does not know the projections were discriminatory or even "unfair."

**Fourth,** Plaintiff fails to show pretext; Albertsons had a good faith basis to terminate because Plaintiff conceded too much when she admitted, and it is undisputed, that: (1) she had the *"worst year of [her] career"*; (2) her district ranked dead-last in 2017, Dkt. #33 at ¶12; (3) during her PIP two of her delis had to be closed due to food safety issues—a PIP goal; and (4) at the end of her PIP she admitted she had failed to have immediate continuous improvement, conceding that she "did not show the improvement in which we were looking for." (Dkt. #30, Ex. A at 272:14-25.) Plaintiff's job performance and behavior is properly included as a surrounding circumstance in determining pretext where the plaintiff's primary evidence is temporal proximity. *E.g.*, *Davenport v. Bd. of Trs. of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1094–95, 1101 (E.D. Cal. 2009) (plaintiff's problems at work preceding suspension and subsequent protected activity). Plaintiff's retaliation claim should also be dismissed because Albertsons had a good faith basis for her termination, based on her admitted performance deficiencies. "If an employer fires an employee in a good faith but mistaken belief as to the

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1  factual basis, there is no pretext." *Johnson v. Express Rent & Own, Inc.*, 113 Wn. App. 858, 863
2  n. 4, 56 P.3d 567 (2002).

3  **C.  Punitive Damages Claim Should Be Dismissed.** This court should remove the
4  issue of punitive damages when there is no evidence of malice or reckless indifference. *See, e.g.,*
5  *Christopher v. Spectra Elec. Servs.,* 637 Fed. Appx. 383, 384-85 (9th Cir. Feb. 22, 2016)
6  (upholding dismissal of punitive damages request given lack of evidence of malice or reckless
7  indifference).

8  Here, Plaintiff does not dispute the standard applicable to punitive damages claims. Title
9  VII authorizes an award of punitive damages when a defendant engages in intentional
10  discrimination "with malice or with reckless indifference to the federally protected rights of an
11  aggrieved individual." *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526 (1999) (quoting 42 U.S.C. §
12  1981a(b)(1)). This is a "heightened" standard. *Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1198
13  (9th Cir. 2002) (citing *Kolstad,* 527 U.S. at 535). To demonstrate recklessness, a defendant "must
14  have acted intentionally and with utter indifference to the consequences of its conduct." *E.E.O.C.*
15  *v. Univ. of Phoenix, Inc.,* 505 F. Supp. 2d 1045, 1059 (D.N.M. 2007). Thus, "[t]o award punitive
16  damages, the individuals' conduct must have been more than just intentional discrimination-
17  instead they must have known they were acting in violation of federal law." *Elsayed Mukhtar v.*
18  *Cal. State University, Hayward,* 299 F.3d 1053, 1068 n.15 (9th Cir. 2002).

19  Here, Plaintiff cannot prove recklessness because: **(1)** it is undisputed that Albertsons has
20  policies prohibiting discrimination and retaliation, and trained employees on these policies; **(2)**
21  HR director Trevor Ennis, and Chief Operating Officer Susan Morris responded to Plaintiff, and
22  Plaintiff chose not to call Morris about any alleged concerns; **(3)** when Plaintiff raised gender
23  complaints, Albertsons retained an outside investigator; that investigation did not substantiate
24  Plaintiff's allegations. (*Hansen v. Advo, Inc.,* No. 07-247-HU, 2008 WL 793219, *14 (D. Or.
25  Mar. 25, 2008)) (rejecting punitive damages claim where employer promptly investigated
26  harassment claim after plaintiff complained to her supervisor); **(4)** following the Dean
27  investigation, in February 2018 Albertsons required post-investigation training for all Seattle

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 11

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

008501.0059/7882408.1

1    Division senior management. (Dkt. #30, Ex. F at 155:17-21.)

2         Plaintiff's punitive damages arguments should be rejected because the undisputed record

3    shows female women were not "systematically demoted or terminated," and there is no admissible

4    evidence that Backus unrealistically inflated her sales goals. Besides that, it is undisputed that

5    Backus allocated Plaintiff more labor dollars than any other district and Plaintiff did not spend all

6    labor dollars allocated anyway. As to her PIP, Plaintiff conceded too much: she admits she failed

7    to achieve immediate continuous improvement. The court should exclude the glassdoor.com job

8    listing because it lacks foundation, was never disclosed in discovery, and is unauthenticated

9    hearsay.

10                              V.  **CONCLUSION**

11        The Court should grant defendant's motion for summary judgment for the reasons stated.

12
      DATED:  December 20, 2019
13
14                                    LANE POWELL PC

15
16                                    By   _s/ D. Michael Reilly_____
                                           D. Michael Reilly, WSBA No. 14674
17                                         Beth G. Joffe, WSBA No. 42782
                                           Sean D. Jackson, WSBA No. 33615
18                                         1420 Fifth Avenue, Suite 4200
                                           P.O. Box 91302
19                                         Seattle, WA  98111-9402
                                           Telephone: 206.223.7000
20                                         Facsimile: 206.223.7107
                                           Email:  reillym@lanepowell.com
21                                         joffeb@lanepowell.com
                                           jacksons@lanepowell.com
22                                    Attorneys for Defendant Albertsons, LLC
23
24
25
26
27

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 12

008501.0059/7882408.1

1
2

## CERTIFICATE OF SERVICE

3
4
5
6
7

I hereby certify that on December 20, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.  The NEF for the foregoing specifically identifies recipients of electronic notice.  I hereby certify that the attached document was sent to the following CM/ECF participants:

8
9
10
11
12

Ms. Susan B. Mindenbergs
Mr. Jeffrey L. Needle
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-1523
susanmm@msn.com;
jneedlel@wolfenet.com;
lrlopez.paralegal@gmail.com;
christine.smlaw@gmail.com

13
14

Executed on the 20th day of December, 2019, at Seattle, Washington.

15
16
17
18
19
20

                    *s/D. Michael Reilly*
                    Signature of Attorney
                    WSBA No. _14674
                    Typed Name:  D. Michael Reilly
                    Address:  1420 Fifth Avenue, Suite 4200
                    P.O. Box 91302
                    Seattle, WA  98111-9402
                    Telephone:  206.223.7000
                    Fax:  206.223.7107
                    E-mail: reillym@lanepowell.com

21
22
23
24
25
26
27

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 13

008501.0059/7882408.1