THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KIMBERLY ANN JOHNSON, | ) | No. 2:18-cv-001678-RAJ |
| Plaintiff, | ) ) ) | **DEFENDANT'S MOTIONS IN LIMINE** |
| v. | ) ) | **NOTED ON MOTION CALENDAR: FEBRUARY 14, 2020** |
| ALBERTSONS, LLC, | ) ) | |
| Defendant. | ) ) | **ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION AND CERTIFICATION

Defendant Albertsons, LLC ("Albertsons") moves to limit evidence as identified below. The Court should order that Plaintiff, her counsel, and her witnesses may not refer directly or indirectly to any matters excluded in the presence of the jury panel or the jury selected. Albertsons certifies under LCR 7(d)(4), that counsel met and conferred by telephone in a good faith effort to resolve the issues below prior to filing these motions.

## II. MOTIONS IN LIMINE

The Court may determine before trial that evidence is inadmissible and should be excluded. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460; 83 L. Ed. 2d 443 (1984). A district court's order granting motions in limine to exclude evidence is reviewed under an abuse of discretion standard. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003);

DEFENDANT'S MOTIONS IN LIMINE - 1
NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

Case 2:18-cv-01678-RAJ   Document 48   Filed 01/27/20   Page 2 of 14

*McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 806 (9th Cir. 1988).

### A. Exclude hearsay evidence of other alleged bad acts and a "boys' club" in the grocery industry.

Plaintiff's deposition transcript and summary judgment opposition reveals that her case will likely rely on a handful of colleagues who claim to have heard about unrelated, alleged conduct during their employment with Albertsons. Plaintiff intends to call former employees Dave Carlson, Joel Rader, and Sean Pritchard, likely to testify in part to rumors that they have heard about alleged conduct at Albertsons. Declaration of Dave Carlson, Dkt. #41-1, p. 41 at ¶14-15, 17, 19; Declaration of Sean D. Jackson in Support of Defendant's Motions in Limine ("Jackson Limine Decl.") at Ex. A, 194:23 – 196:16; 199:18 – 200:11; Jackson Limine Decl. at Ex. B 138:7 – 142:3, 142:4 – 144:7; Declaration of Joel Rader, Dkt. #41-1, p. 61 at ¶20. This is quintessential hearsay-based "me too" evidence that should be barred at trial. This type of hearsay-based "me too" evidence places Albertsons in the untenable position of defending numerous allegations of misconduct asserted by non-parties whose claims have not been vetted in discovery and motion practice. It creates a series of "mini-trials" in which Albertsons must prove not only that it did not discriminate against Plaintiff, but also that it did not discriminate against the other "me-too" witnesses. *Freeman v. Astrue*, 405 Fed. Appx. 148, 151–52 (9th Cir. 2010). The testimony is "fiercely prejudicial." *Annis v. County of Westchester*, 136 F.3d 239, 247 (2d Cir. 1998). As the court stated in *Haskell v. Kaman Corp.*, 743 F.2d 113, 121-22 (2d Cir. 1984), "even the strongest jury instruction could not dull … the impact of a parade of witnesses, each recounting his contention [of retaliation or discrimination]." Such evidence is also not probative of Plaintiff's claims, which arise from unrelated incidents often involving different employees in different stores. *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986).

Following the Supreme Court's *Sprint/United Management Co. v. Mendelsohn* decision, "me too" evidence is not *per se* inadmissible, but neither is it automatically accepted.[1] The Court

---

[1] In *Mendelsohn*, 552 U.S. 379, 388 (2008), the U.S. Supreme Court held that whether "me too" evidence is relevant in an individual discrimination case is "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."

NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

1  must engage in a case-by-case analysis to determine whether the "me too" evidence is directly
2  relevant to Plaintiff's claims, is unduly prejudicial and confusing to the jury, or is likely to delay
3  trial. *See*, *e.g.*, *Nuskey v. Hochberg*, 723 F. Supp. 2d 229, 233 (D.D.C. 2010) (female witness'
4  proffered testimony that she suffered sex discrimination from a male supervisor was not relevant
5  to whether another female employee's supervisor retaliated against her and discriminated against
6  her on the basis of gender); *Jones v. St. Jude Med. S.C., Inc.*, 823 F. Supp. 2d 699, 734-35 (S.D.
7  Ohio 2011) *aff'd*, 504 Fed. Appx 473 (6th Cir. 2012) (purported evidence of alleged
8  discrimination against plaintiff's coworkers was excluded as irrelevant and highly prejudicial).
9  Based on the large number of witnesses identified by the parties, the Court should be leery of the
10 case getting bogged down by the claims of non-parties that have no bearing on Plaintiff's case.
11 The Court should therefore prohibit Plaintiff's witnesses from testifying about unrelated, alleged
12 misconduct that is not directly relevant to Plaintiff's claims.

13       Such evidence should also be excluded pursuant to Federal Rule of Evidence 404(a) and
14 (b). Rule 404(a)(1) generally excludes evidence of character to prove that a person acted in
15 accordance with that character trait. Evidence of prior bad acts may be admissible, but "only if
16 [such evidence] is relevant under Rule 401, the probative value is not substantially outweighed
17 by the potential for undue prejudice under Rule 403, and the jury is instructed to consider the
18 evidence only for the purpose for which it was admitted." *Perkins v. Federal Fruit & Produce*
19 *Co., Inc.*, 2012 WL 1658871, at *3–4 (D.Colo. 2012). In the context of employee discharge cases
20 requiring proof of discriminatory intent, "In order for the court to find such character testimony
21 relevant, [ ] "the plaintiff must show the circumstances involving the other employees are such
22 that their statements can logically or reasonably be tied to the decision to terminate [the
23 plaintiff]." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776-77 (10th Cir. 1999) (internal
24 citations omitted). "Additionally, even though such testimony is relevant to show motive or
25 intent, the trial court may still properly disallow relevant evidence it finds unduly prejudicial."
26 *Id.* (internal citations omitted) and Fed. R. Evid. 403.
27

DEFENDANT'S MOTIONS IN LIMINE - 3
NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

008501.0059/7931307.2

Similarly, Plaintiff testified about her perception of an alleged "boys' club" in the grocery industry. Jackson Limine Decl. Ex. C at 158:3-12. Such testimony and generalization is quintessential character evidence, which is inadmissible to prove that Albertsons allegedly discriminated against Plaintiff on the basis of gender. *See* Fed. R. Evid. 404(a)(1). Such testimony and characterization must be excluded. *See Perkins*, at *4 (proposed testimony that defendants have a reputation for being racially discriminatory not admissible; "this evidence is the type of character evidence prohibited by Fed. R. Evid. 404(a)(1) that would be offered to show [defendant] acted in conformity with his reputation.")

**B.    Prohibit questioning and exclude testimony about the alleged existence of other "complaints" or discussions among employees about alleged gender discrimination.**

In several depositions, Plaintiff's counsel asked witnesses whether they had discussed Plaintiff's concerns or complaints about gender discrimination with her or whether Plaintiff and the witness had jointly commiserated or discussed alleged gender discrimination at Albertsons, whether a witness had heard that another employee (aside from Plaintiff) had complained of/or discussed gender discrimination with other female employees or male colleagues. See Jackson Limine Decl.: Ex. D at 14:1 - 15:7, 21:1 - 22:11, 23:22 - 26:14, 43:20-23, 57:24 - 58:17, 64:21 - 65:13, 94:6-9, 95:3-6, 96:19 - 97:21, 105:5-12; Ex. E at 69:1-3, 69:11 -70:4, 70:5-19, 71:10 - 72:7, 72:8-10, 77:18 - 81:1, 81:17 - 83:13; and Ex. F 143:11-17, 144:4-8, 144:15-19, 151:6-10, 158:24 - 160:18. Consistently, witnesses denied having "heard" of such complaints or having engaged in such conversations with Plaintiff about her feelings or wherein they discussed similar feelings. However, even if the witness denies having heard of other complaints, discussed alleged discrimination with Plaintiff, or complained of discrimination, merely inquiring of these witnesses creates, by the nature of the question, the perception of an environment permeated with employees feeling there existed gender discrimination. Plaintiff's claim is one of individual disparate treatment on the basis of gender and retaliation; it is not a claim of harassment. As such the only relevant complaints are those Plaintiff made herself either to human resources or senior management for the purpose of engaging in protected activity. Other employees' and colleagues'

DEFENDANT'S MOTIONS IN LIMINE - 4
NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

knowledge of her feelings or their own purported feelings or statements in a discussion with Plaintiff is not relevant and, to the extent there is a modicum of relevance, are unduly prejudicial. Such questions should be excluded pursuant to Fed. R. Evid. 403.

Moreover, such questions invite testimony based on hearsay. *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir 1986) (trial court properly excluded testimony offered by witness's testimony regarding what a second person had said a third person had said). To the extent Plaintiff contends that a co-workers' statement is admissible as an agent admissions under Fed. R. Evid. 801(d)(2)(D), this requires the Plaintiff lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment. *Id*. This she cannot do and questions of this nature must be prohibited.

**C.   Exclude Plaintiff's speculative, hearsay testimony about Corrina Poland and her interactions with Dennis Bassler.**

Plaintiff may attempt to introduce speculative, hearsay evidence related to a series of interactions that occurred in 2013 between Plaintiff and two former Albertsons employees, Corrina Poland and Dennis Bassler. *See* Johnson Decl., Dkt. #41 at ¶¶13-17. In particular, Plaintiff alleges that: Albertsons gave Plaintiff a District Manager position based on the demotion of another female District Manager, Corrina Poland; that Ms. Poland was very unhappy about the demotion; that Ms. Poland complained to Dennis Bassler; and that Plaintiff, Mr. Bassler, and Ms. Poland had a meeting where they discussed accusations leveled by Ms. Poland against Plaintiff. *Id.* Plaintiff lays no foundation for her testimony and it, therefore, is based entirely upon her own speculation and/or hearsay statements. Plaintiff's testimony on this issue should be excluded under Fed. R. Evid. 602 or 802.

**D.   Exclude Plaintiff's testimony about her sales, profitability, and rankings in the Intermountain West Division, and in District 24 before she moved there in 2013 and during the 2013-2015 timeframe.**

Plaintiff may attempt to introduce evidence at trial relating to her financial performance and ranking as a District Manager in the Intermountain West Division. *See* Johnson Decl., Dkt. #41 at ¶¶5-10.

DEFENDANT'S MOTIONS IN LIMINE - 5
NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

This evidence should be excluded because Plaintiff's testimony on these issues is based entirely upon hearsay documents ("I know my ranking because as District Managers, we were obligated to review the documents containing the relative rankings of all the districts in the division relying on a variety of financial reports and profit and loss statements."). *See* Dkt. #41 at ¶¶5-7, 10. The evidence is properly excluded pursuant to Fed. R. Evid. 802. Plaintiff is unable to lay a sufficient foundation to support these self-serving statements and she lacks personal knowledge of the information necessary to make such statements. Fed. R. Evid. 602.

Plaintiff may also attempt to offer testimony regarding the historical sales, profitability, and ranking of District 24 in the Seattle Division before 2015. *See* Johnson Decl., Dkt. #41 at ¶18. She may seek to introduce vague evidence that District 24 was "one of the most challenging districts" in the Seattle Division when she took over management of the district in 2013. *See* Johnson Decl., Dkt. #41 at ¶18. As with her evidence regarding the Intermountain West Division, Plaintiff's testimony regarding the historical sales, profitability, and ranking of District 24 before 2015 is based upon hearsay documents ("Based upon division ranking documents and profit and loss statements" … "Based on the documents I reviewed …"). *Id.* The evidence is properly excluded pursuant to Fed. R. Evid. 802. She also lacks the personal knowledge necessary to make statements about District 24's condition before she was assigned to it in 2013, and she cannot lay a foundation for her testimony. Fed. R. Evid. 602. Similarly, Plaintiff's testimony that "the sales and profitability of District 24 improved significantly" under her supervision from 2013 – 2015 is again based on hearsay documents, conclusory, vague, and lacking an evidentiary foundation. The testimony should be excluded. Fed. R. Evid. 602, 802.

**E.    Exclude speculation regarding motive.**

Plaintiff may attempt to introduce evidence from witnesses who speculate that Plaintiff's gender played a role in management decisions in the Seattle Division, but the witnesses either openly speculate about the motives behind Albertsons' actions, or they profess a lack of knowledge regarding Albertsons' motivations behind its actions with regard to Plaintiff. Jackson Limine Decl., Ex. B at 89:11 – 91:5, 96:25 – 98:4, 121:8-24; Ex. G at 9:15-25, 104:15-18, 109:7-

DEFENDANT'S MOTIONS IN LIMINE - 6
NO. 2:18-CV-001678-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

008501.0059/7931307.2

11, 127:18 – 128:1; Ex. A at 168:1-16, 199:22 – 200:11; Rader Decl., Dkt. #41-1 at p. 61, ¶20. The witnesses in this case should not be allowed to testify regarding Albertsons' or its managers' motives. Fed. R. Evid. 602.

**F.     Exclude testimony or suggestion that Albertsons' representatives gave negative job references regarding Plaintiff.**

Plaintiff may attempt to introduce speculative evidence that Albertsons has given negative employment references to Plaintiff's prospective employers following her employment at Albertsons; however, none of the witnesses have any evidence that such conduct occurred. For instance, Plaintiff testified that a Starbucks district manager declined to hire Plaintiff because she has "no sense of urgency for results." Jackson Limine Decl., Ex. C at 322:23 - 325:1. But Plaintiff then admits that she does not know whether anyone at Starbucks contacted Albertsons about Plaintiff's employment. *Id.* Plaintiff's former supervisor at Albertsons, Kenny Smith, was asked if he has spoken to any of Plaintiff's prospective employers, and he denied having any such contact. Jackson Limine Decl., Ex. F at 44:24 – 45:1. Simply put, there is nothing but speculation tying Albertsons to this concept of interference with prospective employers. Any suggestion to the contrary is unduly prejudicial as it implies wrongdoing (i.e., retaliation) without any evidence to support it. The evidence should be excluded under Fed. R. Evid. 403.

**G.     Exclude evidence regarding the financial status of Albertsons.**

If Defendant's motion for summary judgment is granted on the issue of punitive damages and that damages claim is removed from the case, then the Court should preclude any reference to Defendant's net worth, financial status, profits, wealth, size, or ability to pay any judgment. Likewise, the Court should exclude evidence of the comparative financial conditions of the parties. Such evidence is irrelevant and highly prejudicial under Fed. R. Evid. 401-403. *See SEC v. Goldstone*, 2016 U.S. Dist. LEXIS 92512 *48 (D. N.M. June 13, 2016) (wealth evidence is inadmissible when punitive damages are not in issue); *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 777 (9th Cir. 2005) (vacating excessive punitive damages award).

During the parties' phone conference regarding these motions, Plaintiff agreed to

DEFENDANT'S MOTIONS IN LIMINE - 7
NO. 2:18-CV-001678-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

stipulate to this motion if Defendant's motion for summary judgment is granted on the issue of punitive damages.

### H. Exclude family member testimony regarding damages.

Plaintiff has indicated her intent to call three witnesses who are family members of the Plaintiff: John Cooper (Plaintiff's father); Kelsey Johnson-Salkeld (Plaintiff's daughter); and Susan Simpson (Plaintiff's sister). Jackson Limine Decl. at ¶11. Each of these witnesses is expected to testify exclusively about Plaintiff's "emotional distress damages." *Id.* With the exception of Kelsey Johnson-Salkeld, none of these witnesses ever worked at Albertsons; but Plaintiff has indicated that Ms. Johnson-Salkeld's testimony will be limited to "emotional distress damages" despite the fact that she formerly worked for Albertsons. Any testimony about emotional distress damages from these witnesses would be inadmissible hearsay, needlessly cumulative of Plaintiff's own testimony, waste time, and be more prejudicial than probative under Fed. R. Evid. 802 and 403. These witnesses should therefore be precluded from testifying.

### I. Exclude compensation evidence regarding employees other than Kim Johnson.

Plaintiff may attempt to examine Albertsons employees about their compensation, presumably in an effort to argue that this somehow affects their credibility because they work for Albertsons and earn a salary. This evidence is irrelevant to any fact in issue, does not relate to credibility, and is intended solely to annoy, oppress, or embarrass. With the exception of Plaintiff's compensation, the Court should exclude evidence relating to Albertsons employees' compensation under Fed. R. Evid. 401-403.

During the parties' phone conference regarding these motions, Plaintiff agreed to stipulate to this motion.

### J. Preclude Kelsey Johnson-Salkeld from testifying about liability issues.

Plaintiff has listed her daughter, Kelsey Johnson-Salkeld, as a "will call" witness in this case solely on the issue of damages. Jackson Limine Decl. at ¶11. Ms. Johnson-Salkeld is a former employee of Albertsons. If she is allowed to testify at all, her testimony should be limited to the damages issue based upon Plaintiff's representation that her testimony will be limited to

DEFENDANT'S MOTIONS IN LIMINE - 8
NO. 2:18-CV-001678-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

008501.0059/7931307.2

that discrete subject.

Moreover, Ms. Johnson-Salkeld testified during her deposition that she has no facts pertinent to the liability issues in this case. For instance, she has never seen her mother interact with Mr. Backus or Mr. Schroeder, and the one time she observed Plaintiff interact with Mr. Smith he treated her "just like everybody else." Jackson Limine Decl., Ex. H at 25:8-19. Ms. Johnson-Salkeld has never observed any inappropriate, disrespectful, or sexist behavior directed at her mother or other females from Mr. Schroeder, Mr. Backus, or Mr. Smith. *Id.* at 70:4 – 72:12. She has had no direct interaction with Mr. Schroeder or Mr. Smith, and only one interaction with Mr. Backus where they discussed her MBA degree. *Id.* at 24:2-19. She does not know of any illegal or unethical conduct involving sex discrimination or retaliation. *Id.* at 35:3-23. Her only example of alleged gender discrimination does not involve any conduct by Mr. Schroeder, Mr. Backus, or Mr. Smith against Plaintiff, and Ms. Johnson-Salkeld admitted that she merely assumes an ulterior motive for the behavior:

> Q. One of the comments written here about the company culture during your exit interview is that men are excused for a situation that women are held accountable for. Did you say that to Darrell?
>
> A. Yes.
>
> Q. What did you mean by that?
>
> A. I watched female sales managers have to justify and do more to complete the same task. There was a situation where gross margin wasn't being met, and within my department, which was ran by a man, we didn't have to do what a different department that was ran by a woman -- woman had to do.
>
> Q: And do you have some opinion as to why Beth and Joan were asked to do more things?
>
> A. I can only assume. I -- I made the assumption that it was due to them being a female. When Joan left, Dan received -- took over the position, and during that time did not do anything different than she had done, and yet he was not questioned, and did not appear to be held accountable the way she was.
>
> Q. At the time that you saw that happening, did you think, at that point in time, that it had something to do with the gender of the women?
>
> A. Yes.
>
> Q. And did you report that to somebody at the time?
>
> A. No.

DEFENDANT'S MOTIONS IN LIMINE - 9
NO. 2:18-CV-001678-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

008501.0059/7931307.2

*Id.* at 29:24 – 31:18.

The unduly prejudicial effect of such generalized, unrelated, and conclusory testimony is manifest and should be excluded under Fed. R. Evid. 403 and 404(a).

**K.  Exclude evidence that Plaintiff's December 2017 medical leave was in any way related to her working conditions or her emotional distress damages.**

Plaintiff took medical leave from Albertsons in late-December 2017. She should be precluded from presenting any evidence that she suffers, or has suffered (including her December 2017 medical leave), from any diagnosable physical or psychiatric injury as a result of the alleged conduct of Albertsons because she conceded this point in discovery, asserted a privilege, and prevented the discovery of her healthcare records. Jackson Limine Decl., Ex. I at Plaintiff's responses to Interrogatory No. 3 and Requests for Production No. 30 and 33 [sic].

**L.  Exclude evidence related to the separation agreement that was offered to Plaintiff at the conclusion of her employment with Albertsons.**

Albertsons offered Plaintiff a separation agreement at the conclusion of her employment at Albertsons. Jackson Limine Decl. at ¶12. The offer is irrelevant under Fed. R. Evid. 408.

During the parties' phone conference regarding these motions, Plaintiff agreed to stipulate to this motion.

**M.  Exclude evidence that was requested in discovery, but was not produced—i.e., Plaintiff's undisclosed job-search records at Plaintiff's proposed Exhibit 50 and the glassdoor.com job posting at Plaintiff's proposed Exhibit 47.**

A party who fails to make a disclosure required under Rule 26(e) without "substantial justification" cannot rely on the withheld evidence on a motion or at trial. Fed. R. Civ. P. 37(c)(1). The party facing sanctions has the burden of proving its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti By Molly, LTD v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001). Unless the nondisclosure is "harmless" or excused by "substantial justification," preclusion of the undisclosed evidence is mandatory. *Id.* "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Id.*

Here, Albertsons requested in December 2018 that Plaintiff provide copies of any

DEFENDANT'S MOTIONS IN LIMINE - 10
NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

documents relating to her wage loss claim including "documentation of any efforts by you to obtain substitute employment." Jackson Limine Decl. at Ex. I, Request for Production No. 27 [sic]. Plaintiff did not then, or at any time since then, provide Albertsons with any of the job search documents that she now seeks to introduce at her proposed Exhibit 50. Similarly, Plaintiff was asked at that same time to provide any documents relating to her employment with Albertsons or that mentions Albertsons. Jackson Limine Decl. at Ex. I, Request for Production No. 25 [sic]. She did not provide the glassdoor.com job posting that she now seeks to introduce at her proposed Exhibit 47. Both exhibits should be excluded from evidence.

**N.      Exclude Plaintiff's EEOC Charge of Discrimination.**

Plaintiff intends to offer her EEOC Charge of Discrimination as an exhibit in this case. Plaintiff's Proposed Exhibit 46. Plaintiff's EEOC charge is rank hearsay and must be excluded. *Stolarczyk ex rel. Estate of Stolarczyk v. Senator Intern. Freight Forwarding, LLC*, 376 F. Supp. 2d 834, 841 (N.D.Ill. 2005) (declining to admit EEOC charge documents under the residual hearsay exception, stating "these statements are presumed to be inadmissible. Precedent teaches that courts typically should not admit documents made in anticipation of litigation as they lack sufficient guarantees of trustworthiness to be excepted from the hearsay rule.") (internal quotations omitted) (citing *Palmer v. Hoffman*, 318 U.S. 109, 111, 63 S.Ct. 477, 87 L.Ed. 645 (1943)); *see also U.S. v. Blackburn*, 992 F.2d 666, 670 (7th Cir.1993) ("[W]e adhere to the well-established rule that documents made in anticipation of litigation are inadmissible under the business records exception [to the general hearsay prohibition]."). The statements contained in Plaintiff's EEOC charge are favorable to Plaintiff and she had substantial motivation, with all respect, to embellish, as she clearly appreciated that she was laying out her litigation position.

Plaintiff's charge document also should be excluded because it is not relevant. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  The Charge does not have the tendency to make any fact at issue in this case more or less probable. It was filed in July 2018, months after her

DEFENDANT'S MOTIONS IN LIMINE - 11
NO. 2:18-CV-001678-RAJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

employment at Albertsons came to an end, and there is no dispute that Plaintiff filed the EEOC Charge and has exhausted her administrative remedies. Also, she dismissed the charge and chose to pursue litigation in advance of any EEOC determination. Even if it were relevant, the unfair prejudice of such evidence greatly outweighs any probative value that may exist, because of Plaintiff's self-serving statements therein. Fed. R. Evid. 402 - 403.

**O.     Exclude evidence of Albertsons' size and number of locations.**

The Court should preclude Plaintiff from introducing evidence or argument relating to Albertsons' size (employee headcount), number of locations, and scope of operations under Fed. R. Evid. 401-403 since facts relating to those issues are irrelevant to any issue the jury need determine. Such evidence would invite the jury to treat Albertsons less favorably than Plaintiff solely because Albertsons is a large company, which Ninth Circuit law does not allow. *See* Ninth Cir. Manual of Model Civil Jury Instruction 4.1 (stating that the law treats individuals and corporations the same). The Court should not allow Plaintiff to appeal to passion and prejudice by referring to Albertsons as a "big," "large," or "national" company.

**P.     Exclude reference to Albertsons as an out-of-state corporation.**

Under Fed. R. Evid. 401-403, the Court should preclude any evidence or argument about Defendant being a foreign corporation that does not have its principle place of business in Washington because that fact is irrelevant and introduction of it would invite the jury to decide the case on an improper basis.

During the parties' phone conference regarding these motions, Plaintiff agreed to stipulate to this motion.

**Q.     Excluded reference to Albertsons' counsel.**

Under Fed. R. Evid. 401-403, the Court should preclude any reference to the size, location, or resources of Albertsons' counsel.

//

//

//

DEFENDANT'S MOTIONS IN LIMINE - 12
NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

During the parties' phone conference regarding these motions, Plaintiff agreed to stipulate to this motion.

DATED: January 27, 2020

LANE POWELL PC

By  *s/ Sean D. Jackson*
D. Michael Reilly, WSBA No. 14674
Beth G. Joffe, WSBA No. 42782
Sean D. Jackson, WSBA No. 33615
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email:  reillym@lanepowell.com
joffeb@lanepowell.com
jacksons@lanepowell.com

Attorneys for Defendant Albertsons, LLC

DEFENDANT'S MOTIONS IN LIMINE - 13
NO. 2:18-CV-001678-RAJ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7931307.2

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the attached document was sent to the following CM/ECF participants:

Ms. Susan B. Mindenbergs
Mr. Jeffrey L. Needle
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-1523
susanmm@msn.com;
jneedlel@wolfenet.com;
lrlopez.paralegal@gmail.com;
christine.smlaw@gmail.com

Executed on the 27th day of January, 2020, at Seattle, Washington.

*s/ Sean D. Jackson*

Sean D. Jackson, WSBA No. 33615
Address: 1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Fax: 206.223.7107
E-mail: jacksons@lanepowell.com

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107