HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY ANN JOHNSON,

        Plaintiff,

v.

ALBERTSONS, LLC,

        Defendant.

Case No. 2:18-cv-01678 RAJ

**PLAINTIFF'S MOTIONS IN LIMINE**

**NOTED ON MOTION CALENDAR: FEBRUARY 14, 2020**

**ORAL ARGUMENT REQUESTED**

**MOTIONS**

**1. Exclude External Investigation.**

Plaintiff Kimberly Ann Johnson (herein after "Johnson") seeks to exclude the investigative report conducted by Rebecca Dean on behalf of Albertsons in anticipation of litigation. On or about January 3, 2018, Plaintiff Johnson sent an email to then Albertsons President Bob Miller with copies to other high-level managers in which she complained of sex discrimination and retaliation in the workplace. Albertsons hired Rebecca Dean, PLLC to conduct an investigation of Plaintiff Johnson's complaints. Ms. Dean interviewed 13 witnesses and reviewed several documents. The Dean Investigation Report dated February 19, 2018 (hereinafter "Dean Report") contains recitations of her interpretation of the interviews and the documents. On February 19,

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 1 of 12

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

2018, Ms. Dean submitted her eight-page report with an appendix to Albertsons General Counsel, Elena Dietrich.   Mindenbergs Declaration, Dean Report, Ex. 1.

The Dean Report is replete with her opinions about the credibility of witnesses and her interpretation of complex financial documents.  For example, Ms. Dean comments on Lori Gruber, a former District Manager who was demoted to a subordinate position after Albertsons found her work performance lacking.  Ms. Dean states, "[I]n my assessment based upon my interview with her, Gruber is disorganized, has difficulty explaining the point that she is trying to make, and is defensive."  Dean Report, p. 7.  Ms. Dean reports that Ms. Gruber "emphatically" asserted that "some of the behavior they (female managers at Albertsons) experienced occurred because of gender." Dean Report, p. 6. Without explanation, Ms. Dean concludes that "the PIP (performance improvement plan) elements are not tied to District 24's failure to achieve its projections." *Id.* Ms. Dean's conclusion about financial projections is contrary to testimony from both Plaintiff and Defendant's witnesses.  Finally, Ms. Dean concludes that there is "no evidence that suggests that her (Plaintiff's) gender has played a role" in the implementation of a performance improvement plan.  Dean Report, p. 1.

The Dean Report is inadmissible for several reasons.  The report contains inadmissible hearsay and double hearsay.  The report is not a record of regularly conducted activity.  Under Fed.R.Evid. 803(6), in order to constitute a regularly conducted activity record exception for admissibility, the record must be "(1) made by a regularly conducted business activity, (2) kept in the 'regular course' of that business, (3) 'the regular practice of that business to make the memorandum,' (4) and made by a person with knowledge or from information transmitted by a person with knowledge." *Clark v. City of Los Angeles,* 650 F.2d 1033, 1036-37 (9th Cir. 1981), *cert denied*, 456 U.S. 927 (1982).  It is undisputed that Ms. Dean is an external investigator hired only because Ms. Johnson wrote a letter to the company president complaining about gender discrimination against female managers by Seattle Division leadership.

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 2 of 12

**S**USAN **B**. **M**INDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

A document prepared in anticipation of litigation is not a business record because it is lacking the requisite element of trustworthiness.  *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258-59 (9th Cir. 1984) (Where a party is anticipating litigation, "many of the normal checks upon the accuracy of business records are not operative.")  Prior to the Dean Report issuance, Albertsons Director of Finance announced that Albertsons' "accrual" for litigation should be increased because Kim Johnson would be suing the company.  Mindenbergs declaration, Ex. 2, Glazer dep., 14:7-18.

The report's conclusion is an impermissible legal conclusion masquerading as a factual statement. See *Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 777 (9th Cir. 2010).  Only slight probative value can be gleaned from the Dean Report which would be substantially outweighed by unfair prejudice.  Fed.R.Evid. 403.

**2. Exclude Hearsay and Legal Conclusion Testimony of External Investigator.**

Albertsons has identified Rebecca Dean as trial witness. She is not listed as an expert witness. Ms. Dean has no personal knowledge of anything in this case, neither the Albertsons workplace nor any discriminatory conduct that occurred within.  Her sole basis for testifying would be the hearsay interviews she conducted during her external investigation.  The hearsay statements about which she could testify are inadmissible under Fed.R.Evid. 801.  Her conclusions would be inadmissible as opinion testimony. Fed.R.Evid. 701, *see*, *Sullivan*, 623 F.3d at 777.  Rule 701 provides that if a witness is not testifying as an expert, opinion testimony must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; . . ."  *See also*, *Torres v. Oakland County*, 758 F.2d 147, 150 (6th Cir. 1985) (upholding exclusion of testimony containing "perhaps erroneous" legal conclusion as ". . . invad[ing] the province of the court to determine the applicable law and to instruct the jury as to that law.")

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 3 of 12

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

Similarly, Ms. Dean's testimony would not be rationally based on her perception—the only "perception" Ms. Dean would have acquired was by dint of the hearsay she gathered during the course of her investigation. She is not, nor has she been designated as an expert. Ms. Dean's ultimate conclusion is a legal conclusion without a factual basis.

It is anticipated that the Defendant may attempt to justify the Dean Report by relying upon the Supreme Court cases *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). These cases establish a two-prong affirmative defense for claims of *harassment:* (a) that the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm. *Faragher*, 524 U.S. at 806; *Ellerth*, 524 U.S. at 765. Ms. Johnson, however, makes no claim for harassment and these cases are inapposite.

There is no admissible basis for Ms. Dean's testimony and it should be excluded.

**3. Exclude Anonymous Complaint Alleging Multiple Complaints about Ms. Johnson.**

Albertsons proposes to introduce a written document entitled "Motivation from district 24." Mindenbergs declaration, Ex. 3, Defense Proposed Exhibit 115. The document is a single spaced one-page anonymous document that contains no signature or author identification. The proposed document contains a litany of items alleging inappropriate behavior by Plaintiff Johnson and at least one of her direct reports. The document contains hearsay and double hearsay. It is not admissible as a record of regularly conducted activity, as it was not prepared or retained in the ordinary course of business. *See Clark,* 650 F.2d at 1036-37. Moreover, the prejudicial effect of the allegations in the complaint would far outweigh any probative value and would serve only to confuse the issues before the Court. Fed.R.Evid. 403.

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 4 of 12

Susan B. Mindenbergs
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

**4. Exclude Complaints from Non-testifying Witnesses.**

It is anticipated that Albertsons will attempt to introduce complaints about Ms. Johnson allegedly reported to management personnel by employees who are not scheduled to testify at trial. "In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807." *Orr v. Bank of America, NT &SA*, 285 F.3d 764, 778 (9th Cir. 2002). Any such complaints do not meet any of the allowable exceptions and would be inadmissible hearsay.

**5. Exclude any Evidence regarding Ms. Johnson's Unearned Income.**

It is anticipated that Albertsons will attempt to introduce evidence regarding Ms. Johnson's unemployment compensation payments, and other unearned income. These types of collateral benefits should not be deducted from any backpay award. *Kauffman v. Sidereal Corp.*, 695 F. 2d 343, 347 (9th Cir. 1982) ("We are persuaded . . . and accordingly hold that unemployment benefits received by a successful plaintiff in an employment discrimination action are not offsets against a backpay award"); *Hayes v. Trulock*, 51 Wn. App. 795, 804, 755 P. 2d 830 (1988)("we hold that the trial court erred in reducing the back pay award here by the amount of unemployment compensation received by each employee"); *N.L.R.B. v. Gullett,* 340 U.S. 361, 364 (1951) ("To decline to deduct state unemployment compensation benefits in computing back pay is not to make the employees more than whole . . . Since no consideration has been given or should be given to collateral *losses* in framing an order to reimburse employees for their lost earnings, manifestly no consideration need be given to collateral benefits which employees may have received."). Moreover, any such evidence is irrelevant to Ms. Johnson's damages and would only serve to confuse the issues in the case. Fed.R.Evid. 401, 403.

**6. Exclude Testimony of Witnesses who have not been Identified.**

Albertsons has listed two trial witnesses who have not been previously identified as possible trial witnesses. Neither Bret Podnar nor Eureka McCrae have been previously identified

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 5 of 12

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

by Albertsons as a person who may testify at trial. Fed.R.Civ.P. 37(c)(1) prohibits a party from using a witness who has not been identified unless the failure was substantially justified or is harmless. Had Plaintiff been on notice that these witnesses might testify she would have deposed them. Those depositions are now foreclosed. Plaintiff moves to exclude Mr. Podnar and Ms. McCrae and any other witness not previously identified by Albertsons from testifying at trial.

**7. Exclude Evidence of After-Acquired Evidence.**

It is anticipated that Albertsons will assert that Ms. Johnson's damages should be curtailed at the moment it discovered she retained job-related documents obtained during her employment, which were necessary for her to perform her District Manager position. The defendant has the burden of establishing an after-acquired evidence defense. *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 759 (9th Cir. 1996) (the employer has burden of proof with respect to this issue to establish not only that the employer **could** have fired an employee for the later-discovered misconduct, but that it **would** in fact have done so) (citing *McKennon v. Nashville Banner Publishing Co.*, 513 U. S. 352, 362-63 (1995)). The Court held that in order to "rely upon after-acquired evidence of wrongdoing, [an employer] must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, 513 U.S. at 362-63.

Here, in response to Ms. Johnson's motion for partial summary judgment as to "after-acquired evidence," Albertsons responded that they "could" have fired Ms. Johnson, not that they "would" have. In support of its response to Ms. Johnson's motion, Albertsons filed the declaration of Human Resources Director Trevor Ennis. Mr. Ennis testified under oath that Albertsons "could easily have justified termination of Plaintiff's employment, especially since she was already on a PIP addressing a variety of performance deficiencies." Ennis declaration, DKT 39. Albertsons' offer of proof does not meet the requisite standard established by *McKennon*. Not only does Albertsons fail to state that it "would" have fired Ms. Johnson had it known she retained

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 6 of 12

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

documentary materials belonging to Albertson, Mr. Ennis's declaration makes it abundantly clear that any discipline that might have been taken regarding the documents would have been based on not only the document retention, but also her alleged performance deficiencies.  Therefore, any evidence thereto must be excluded.  In addition, this type of evidence should be excluded as having scant evidence that is outweighed by prejudice.  Fed.R.Civ.P. 403.

Moreover, within the context of these facts, the after-acquired evidence doctrine is conceptually inapplicable. The after-acquired evidence doctrine requires that the employer prove that would have terminated the Plaintiff if they had known of the misconduct while Plaintiff was employed.  Here, Ms. Johnson could not have been terminated for the retention of documents that she had a right to possess while employed and were necessary for the performance of her job.

**8. Exclude any testimony or related evidence that Ms. Johnson failed to mitigate her damages based on speculation.**

Albertsons offers the testimony of William B. Skilling to opine as follows: "If Ms. Johnson had conducted a reasonably diligent and adequately motivated effort to seek comparable employment after the termination, she would have been successful in finding a suitable position in less than six (6) months, on a more probable than not basis."  Mindenbergs declaration, Ex. 4, Defendant's Expert Witness Disclosure, Skilling Report, p. 10 of 10 (hereafter "Skilling Report). Mr. Skilling's analysis and opinion do not meet Albertsons' burden of proving that Ms. Johnson failed to mitigate her damages by obtaining a substantially equivalent job.  The Court should exclude portions of Mr. Skilling's testimony and curtail its scope because his opinions are: 1) contrary to law; 2) not based on adequate foundation; and 3) not helpful to the trier of fact since the opinions proposed are within the common knowledge of the average layperson.

A plaintiff's obligation to mitigate damages requires that the terminated employee make "reasonable efforts" to obtain employment. *Haeuser v. Department of Law,* 368 F.3d 1091, 1100 (9th Cir. 2004) (quoting *Sangster v. United Airlines, Inc.*, 633 F.2d 864, 868 (9th Cir. 1980)).  The

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 7 of 12

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

employer has the burden of proving that reasonable efforts were not made by the terminated employee to find a job.  *Haeuser*, 368 F.3d at 1100. The employer must show: "a) there were substantially equivalent jobs available during the time in questions; b) that the employee could have obtained an equivalent job; c) and the employee failed to use reasonable diligence in seeking one." *Id.,* (quoting *Odima v. Westin Tucson Hotel*, 53 F. 3d 1484, 1497 (9th Cir. 1995)).

A substantially equivalent job "must afford the claimant virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 625 (6th Cir. 1983) (citing *Ford Motor Co. v. E.E.O.C.,* 458 U.S. 219, 231-36 (1982)).  If the Defendant is successful in proving these elements, the jury must subtract the amount that the Plaintiff could have earned from the amount she would have earned with the Defendant if she had been wrongfully terminated.  *See* Model Ninth Circuit Instruction 11.13; WPI 33.83.

Ms. Johnson began working for Albertsons in 1983 when she was a 16-year-old high school student.  Rather than completing her education, Ms. Johnson devoted 34 years to Albertsons.  It was the only job she ever held.  She completed the 10th grade.  She did take a few online college courses for which she did not have to prove completion of high school.  When Albertsons fired Ms. Johnson in April 2018, her annual compensation at Albertsons was $168,000 plus bonuses that ranged from 25 to 50 percent of her annual income, benefits for health insurance, and contributions to her 401(k) account.

Here, Mr. Skilling identifies the names of several employers and the categories of jobs within a 25-mile radius of Seattle that he found on the internet on two separate dates—August 9, 2019 and August 19, 2019.  Skilling Report, pp. 7-8.  Other than the name of the employer and the category of job advertised, Mr. Skilling provides nothing about basic facts pertaining to job openings, such as the compensation offered or the minimum educational requirements. *Id*.  Failing to identify the compensation offered by these employers advertising job openings on the internet

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 8 of 12

**Susan B. Mindenbergs**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

is fatal to Albertsons' claim that any of these openings are substantially equivalent to the job Ms. Johnson held at Albertsons. Moreover, without the compensation offered, the jury would have no basis on which to calculate the amount of income Ms. Johnson would have earned with reasonable diligence, and no basis for reducing the amount of back pay. Without the actual compensation Albertsons claims Ms. Johnson could have earned, any calculation by the jury would be mere speculation.

Instead of identifying the actual compensation of any specific position, Mr. Skilling identifies generic industry charts of job categories that list potential salaries paid for generic job titles. Skilling Report, p. 6 of 10. Mr. Skilling opines that based on Ms. Johnson's background and qualifications, "she would be a competitive applicant for job opportunities" within the salaries range in the Standard Occupational Classifications he lists. *Id*. Mr. Skilling's approach lacks foundation and reliability. His conclusion that the job openings identified within 25 miles of Seattle in August 2019 are "substantially equivalent" to the position she held at Albertsons is merely a guess. *See Amerimex Recycling, L.L.C. v. PPG Industries, Inc.*, 564 Fed. Appx. 100, 116 (5th Cir. 2014) ("Mere speculation will not satisfy [defendant's] burden to prove that [plaintiff] did not make reasonable efforts to mitigate damages."); *see also Silver Sage Partners v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) (remittitur reversed and remanded where jury's calculation based on expert's speculation).

A defendant's burden to show failure to mitigate includes the obligation to demonstrate that a terminated employee was qualified for the equivalent job identified. Mr. Skilling provides no job descriptions or minimum qualifications with the employers he identifies as advertising for positions in August 2019. A jury would have to speculate about whether a potential job has an educational qualification and/or whether a candidate without even a high school diploma would be qualified for a management position paying approximately $160,000 a year (the amount Plaintiff was earning from Albertsons, not including bonuses and benefits). Without any information about

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 9 of 12

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

educational requirements, there is no basis to know whether Ms. Johnson was qualified for and could have obtained any of the positions identified. Mr. Skilling's testimony will not assist the jury in deciding the elements of this affirmative defense. He should be precluded from testifying that there were substantially equivalent jobs available to Ms. Johnson and that she could have obtained the job.

It is anticipated that after having read this motion, Mr. Skilling will attempt to conduct additional research to compensate for the obvious deficiencies in his report. Plaintiff, however, relied upon these deficiencies in developing her trial strategy and would suffer extreme prejudice if he were allowed to supplement his report with additional information.

The Court should exclude any and all testimony by Skilling which attempts to supplement his report and should also preclude him from offering any opinion about Ms. Johnson's failure to mitigate because of these deficiencies in his vocational analysis.

**9. Exclusion of Witnesses under Fed.R.Evid. 615.**

Ms. Johnson moves for a general order under Fed.R.Evid. 615 to exclude all non-party witnesses from the courtroom until after they have testified. Albertsons has no objection to this motion.

**10. This Motion in Limine.**

It is improper to state or to imply to the jury that a party has sought to exclude evidence bearing on the issues in a case or on the rights of the parties. *Texas Employer's Insurance Association v. Phillips,* 255 S.W.2d 364 (Tex. Civ. App. 1953). Further, reference to the bringing of a motion in limine or to court rulings on the motion would be irrelevant under Fed.R.Evid. 402, and confusing and prejudicial under ER 403. Albertsons has no objection to this Motion.

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 10 of 12

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

DATED this 27th day of January 2020.

By: */s/ Susan B. Mindenbergs*
Susan B. Mindenbergs, WSBA No. 20545
*Attorney for Plaintiff*
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Facsimile: (206) 447-1523
Email: susanmm@msn.com

By: */s/ Jeffrey L. Needle*
Jeffrey L. Needle, WSBA No. 6346
*Attorney for Plaintiff*
Law Office of Jeffrey L. Needle
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Facsimile: (206) 447-1523
Email: jneedlel@wolfenet.com

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 11 of 12

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

**CERTIFICATE OF SERVICE**

I, Christine A. Thomas, certify and declare that I am now and at all times herein mentioned was a citizen of the United States and resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and am competent to testify as a witness. I am a paralegal employed with the Law Office of Susan B. Mindenbergs. On January 27, 2020, I electronically filed the foregoing Motions in Limine with the Clerk of the Court using the CM/ECF system which will transmit a notification of such filing to the following participants:

D. Michael Reilly, WSBA No. 14674
Sean D. Jackson, WSBA No. 33615
Per D. Jansen, WSBA No. 49966
Beth G. Joffe, WSBA No. 42782
David G. Hosenpud, WSBA No. 832414
*Attorneys for Defendant*
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
Email: reillym@lanepowell.com
Email: jacksons@lanepowell.com
Email: jansenp@lanepowell.com
Email: joffeb@lanepowell.com
Email: hosenpudd@lanepowell.com

☐ Legal Messenger
☐ Facsimile
☐ Electronic Mail
☐ U.S. First Class Mail
☐ Electronic Filing/Eservice
☒ CM/ECF

The foregoing statement is made under the penalty of perjury under the laws of the United States of America and the State of Washington and is true and correct.

DATED this 27th day of January 2020.

By: */s/ Christine A. Thomas*
Christine A. Thomas, Paralegal
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Facsimile: (206) 447-1523
Email: christine@sbmlaw.net

PLAINTIFF'S MOTIONS IN LIMINE
Case No. 2:18-cv-01678-RAJ
Page 12 of 12

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM