UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KEVIN ANTOINE JONES,<br><br>　　　　　　　　　　Defendant. | CASE NO. CR16-202-JLR<br><br>REPORT AND RECOMMENATION OF U.S. MAGISTRATE JUDGE AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |

Introduction

This matter was referred by the Honorable James L. Robart to the undersigned United States Magistrate Judge to conduct an evidentiary hearing on the allegation defendant violated a condition of supervised release. A hearing was held on January 21, 2020, at which time testimony was taken, exhibits were admitted into evidence, and argument of the parties was considered. (Dkt. 94.) The United States was represented by AUSAs Michael Dion and Siddharth Velamoor. Defendant was represented by Peter A. Camiel. The proceedings were recorded.

Procedural Background

Defendant pled guilty to a charge of Felon in Possession of Ammunition and was sentenced on January 9, 2017 to thirty months in custody, with three years supervised release. The conditions

of supervised release included the standard condition defendant not commit any federal, state or local crimes, as well as other special conditions listed in the Judgment. (Dkt. 39.) The custodial term was to be served consecutive to the sentence imposed for violation of supervised release in CR 11-06.

On June 3, 2019, defendant's probation officer filed a report alleging defendant violated a condition of supervised release by committing the crime of assault, committing the crime of theft, gambling, and entering a gambling establishment. (Dkt. 55.) On October 15, 2019, defendant admitted the violations of gambling and entering a gambling establishment. Findings on the allegations defendant had committed the crimes of assault and theft were deferred. (Dkt. 65.) Defendant was ordered to participate in anger management treatment. (Dkt. 66.)

On November 4, 2019, defendant's probation officer filed a report alleging defendant violated a condition of supervised release by committing the crime of assault on or about November 3, 2019. (Dkt. 67.) Defendant denied the allegation and an evidentiary hearing occurred on January 21, 2020. In support of the allegation, the government presented evidence consisting of witness testimony, 911 call recordings and transcripts, police reports from the SeaTac Police Department, photographs, and Computer Assisted Dispatch (CAD) incident reports. Defendant presented additional photographs and a cell phone video recording. The Court now finds a preponderance of the evidence establishes defendant violated a condition of supervised release by committing the crime of assault.

<u>Findings of Fact</u>

Defendant is alleged to have twice assaulted his girlfriend O.W.[1] on November 3, 2019 at the 13 Coins restaurant in SeaTac, King County, Washington. Based on the evidence presented,

---

[1] The initials of the alleged victim will be used herein.

REPORT AND RECOMMENDATION
PAGE - 2

the Court makes the following Findings of Fact.

Shortly after starting work at 8:40 p.m. on the evening of November 3, 2019, the night shift manager at the SeaTac 13 Coins restaurant, Candace Caldwell, was approached by one of the cocktail servers, Mandy Banta, who told her a man in the restaurant had thrown a glass or cup at a woman in one of the restaurant booths. Ms. Caldwell approached the woman, O.W., who was then sitting in the booth alone. Ms. Caldwell observed broken glass and a spilled beverage and asked O.W. what happened. O.W. replied her boyfriend had thrown a glass at her. The boyfriend was later identified as defendant, Kevin Jones, who by then had left the restaurant. O.W. showed Ms. Caldwell a lump on the back of her head where she had been hit by the glass. Ms. Caldwell testified O.W. seemed "in shock", but generally coherent and able to understand her questions. Ms. Caldwell placed a 911 call to the police (Exs. 1, 1A) and moved O.W. from the restaurant area to a table in the cocktail lounge to wait for the police to arrive.

Before the police arrived, however, a second incident occurred. Ms. Caldwell saw a commotion in the lounge area. She was approached again by the cocktail server, Ms. Banta, who was "freaking out and crying". Ms. Banta told Ms. Caldwell O.W.'s boyfriend had returned and "beat the shit out of [O.W.]". Entering the lounge, Ms. Caldwell saw an overturned chair, broken glass, and broken pieces of a cell phone on the table. O.W. was crying and holding her head. Her face was red and there was a scratch on the right side of her cheek. Ms. Caldwell saw a male running out the front door but did not get a good look at him. Ms. Caldwell placed another 911 call to the police. (Exs. 2, 2A.)

Ms. Banta testified similarly. While she did not witness O.W. being hit by a glass in the restaurant booth, she did see broken glass and the spilled beverage, which she described as "a big mess". Ms. Banta witnessed the second incident in the cocktail lounge. At that time, Ms. Banta

observed a man enter the premises looking for someone. The man, later identified as defendant, "went straight to" O.W. From a distance of four-to-five feet away, Ms. Banta observed the man strike O.W. on the left side of her face with "pretty good force". Customers at the surrounding tables stood up as the two people scuffled. The man then left the premises. (Ex. 6.)

In response to Ms. Caldwell's 911 calls, King County Patrol Officer Kevin Bugosh was dispatched to the 13 Coins restaurant and interviewed O.W. (Exs. 4, 4A, 5, 14.) He testified O.W. had been drinking but was coherent. She was shaken up and afraid. O.W. told Officer Bugosh she and defendant had been at the Gators Sports Bar in Kent having drinks before going to the 13 Coins in defendant's car. There, she and defendant were having dinner when she accused defendant of infidelity. In response, defendant threw a glass at her, hitting her in the head. Defendant told O.W. he would "Fuck all your shit up". O.W. told the officer she did not remember being hit by him a second time in the lounge, and only remembered waking up on the floor. (Exs. 7, 8.) She reported being in pain but declined medical help. Officer Bugosh observed a raised bruise on the left side of O.W.'s forehead, which he photographed. (Exs. 13-13D.)

O.W. was also concerned defendant would vandalize her car, which she had left at Gators Sports Bar. Officer Bugosh contacted the Kent police to check on the car. They did so and reported back that the vehicle appeared undamaged. (Exs. 3, 3A.) Kent police also reported having previous contact with O.W. and defendant earlier that evening at Gators Sports Bar. At that time, O.W. appeared intoxicated and defendant was trying to stop her from driving. (Ex. A-13.)

Two days later, on November 5, 2019, O.W. left a message for Detective William Mitchem at the King County Sheriff's Office. In her voicemail, O.W. stated she did not want to press charges against defendant, that he did not hit her, that she had been drunk, and she had felt "pressured in the restaurant". (Exs. 17, 17A.)

REPORT AND RECOMMENDATION
PAGE - 4

Three days after that, on November 8, 2019, O.W. called 911 to report defendant had kicked in the door at her house. (Exs. 19, 22, 22A.) While the 911 call was in progress, O.W. told the dispatcher defendant had come back to the house and was trying to break the window. Patrol Officer Wyatt Gustafson of the Tacoma Police Department responded to the call. He interviewed O.W. outside. She stated she had an argument with defendant that evening and he kicked in her door. (*See* photos at Exs. 36-54.) O.W. told Officer Gustafson she was in the process of separating from defendant due to the 13 Coins incident, in which defendant threw a glass at her.

On November 10, 2019, Officer Gustafson was again dispatched to O.W.'s residence in response to a 911 call from O.W, who reported her window had either been shot out or had a rock thrown through it. (Exs. 21, 23, 23A, 24, 24A, 25, 25A.) O.W. felt defendant had broken the window because of "altercations that keep going on". (Ex. 25A-002).

### Conclusions of Law

The Washington Pattern Jury Instructions (WPIC) define "assault" as "an intentional touching or striking of another person that is harmful or offensive, regardless of whether any physical injury is done to the person." WPIC 35.50. An assault can also be "done with the intent to create in another apprehension and fear of bodily injury". *Id*.

Third Degree Assault, a felony, is defined in the Revised Criminal Code of Washington as an assault that causes bodily harm by a weapon or other instrument or thing likely to produce bodily harm. RCW 9A.36.031; *accord* WPIC 35.22. Bodily harm is any "physical pain or injury". WPIC 2.03. Specific intent need not be proved. Criminal negligence – failure to be aware of a substantial risk – is sufficient to establish assault in the third degree. *See* WPIC 35.22.

The facts in this case establish by a preponderance of the evidence that defendant Kevin Antoine Jones committed the crime of assault in the third degree against O.W. on or about

November 3, 2019. After a verbal altercation in a restaurant, defendant threw a glass at O.W., striking her in the head. After leaving the restaurant, he returned and struck her in the face. The assaults or their direct aftermath were witnessed, as were O.W's injuries. O.W. testified at the evidentiary hearing she did not remember the assaults or even being in the restaurant. She identified her voice on the 911 tapes. Her attempt to retract her report does not undermine the fact she subsequently reiterated to law enforcement that defendant had hit her with a glass. O.W.'s lack of memory about the November 3, 2019 assaults is insufficient to undermine the preponderance of the evidence that the assaults occurred.

## Recommendation

The undersigned recommends defendant be found to have violated supervised release by committing the crime of assault. Pending a final determination, defendant has been remanded to custody.

## Objections

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 21, 2020**.

DATED this 28th day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge