1

2

3

4

5

6

THE HONORABLE RICHARD A. JONES

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

KIMBERLY ANN JOHNSON,

10                          Plaintiff,

11      v.

12   ALBERTSONS, LLC,

13                          Defendant.

14

)
)
)
)
)
)
)
)
)
)
)

No. 2:18-cv-001678-RAJ

**DEFENDANT'S TRIAL BRIEF**

15

## I.      INTRODUCTION

16      Defendant Albertsons, LLC ("Albertsons") submits this Trial Brief to assist the Court

17   regarding the applicable legal standards governing Plaintiff's causes of action and the defenses

18   that Albertsons intends to pursue related to those claims.

19      The Court has become familiar with the facts of this case through the parties' recent

20   motion practice. The facts relevant to this matter were already presented to the Court in Dkt Nos.

21   29 and 44. Thus, Albertsons will not restate those facts here.

22

## II.      ISSUES FOR TRIAL

23   **A.      Plaintiff's Title VII Claims**

24      **1.      Disparate treatment based on gender**

25      To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that her

26   gender was a motivating factor in Albertsons' decision to terminate her employment. *See* Ninth

27   Circuit Model Civil Jury Instruction 10.3. More specifically, Plaintiff bears the burden of

DEFENDANT'S TRIAL BRIEF - 1
NO. 2:18-CV-001678-RAJ

008501.0059/7970151.1

1   demonstrating that discriminatory intent played a role in Albertsons' termination decision.

2   42 U.S.C. § 2000e-2(m); *Price Waterhouse v. Hopkins,* 490 U.S. 228, 242(1989).

3            **2.      Retaliation for complaining about alleged gender discrimination**

4            To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that,

5   but for her complaint about gender discrimination, her employment would not have been

6   terminated. Plaintiff must establish: (1) she opposed an unlawful employment practice;

7   (2) Albertsons took an adverse employment action; and (3) a causal connection existed between

8   Plaintiff's protected activity and Albertsons' adverse employment action. *Leland v. City &*

9   *County of San Francisco*, 576 F. Supp. 2d 1079, 1094 (N.D. Cal. 2008); *see also* Ninth Circuit

10  Model Jury Instruction 10.8 and *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338,

11  362 (2013).

12  **B.      Plaintiff's Claims under the Washington Law Against Discrimination**

13           **1.      Disparate treatment based on gender**

14           To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that

15  Albertsons took an adverse employment action against Plaintiff and her gender was a substantial

16  factor in Albertsons' decision to take that adverse action. WPI 330.01. "Substantial factor" means

17  a significant motivating factor in bringing about Albertsons' decision. "Substantial factor" does

18  not mean the only factor or the main factor in the challenged act or decision. WPI 330.01.01.

19           **2.      Retaliation for complaining about alleged gender discrimination**

20           To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that:

21  (1) she was opposing what she reasonably believed to be discrimination on the basis of gender;

22  and (2) a substantial factor in the decision to terminate her employment was her opposition to

23  what she reasonably believed to be discrimination. *See* WPI 330.05.

24  **C.      Albertsons' Position and Defenses**

25           **1.      Legitimate, non-retaliatory reasons**

26           All employment decisions regarding or affecting Plaintiff were based upon legitimate,

27  non-discriminatory, non-retaliatory business reasons that were in no way related to Plaintiff's

DEFENDANT'S TRIAL BRIEF - 2
NO. 2:18-CV-001678-RAJ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7970151.1

1    gender or any alleged protected activity. *Bergene v. Salt River Project,* 272 F.3d 1136, 1140-41

2    (9th Cir. 2001).

3    **2.    Mixed Motive/Same Decision Defense**

4    If Plaintiff prevails on her disparate treatment claim with a finding that discrimination

5    was a motivating factor, then Albertsons asserts a mixed motive defense. Albertsons will prove

6    by a preponderance of the evidence that it would have made the same decision even if it had not

7    taken Plaintiff's gender into account. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 848 (9th Cir.

8    2002) (en banc), aff'd, 539 U.S. 90 (2003).

9    **3.    No Actual or Constructive Knowledge**

10   Albertsons cannot be held liable for any alleged discrimination prior to Plaintiff's January

11   2018 complaint to Bob Miller because it had no actual or constructive knowledge about any

12   discrimination prior to that complaint. "When an employer has promulgated an effective and

13   comprehensive anti-harassment policy that is aggressively and thoroughly disseminated to its

14   employees, an employee's failure to utilize the policy's grievance process will prevent

15   constructive knowledge of such harassment from adhering to the employer." *Miller v. Kenworth*

16   *of Dothan, Inc.*, 277 F.3d 1269, 1279 (11th Cir. 2002).

17   **4.    Mitigation of Damages Defense**

18   Should an employee succeed on an employment discrimination claim, the employer bears

19   the burden of establishing a mitigation affirmative defense by a preponderance of the evidence.

20   The employer must establish that: (1) the Plaintiff failed to use reasonable efforts to mitigate

21   damages; and (2) the amount by which damages would have been mitigated. Ninth Circuit Model

22   Instruction 5.3. The effect of an employee's failure to mitigate damages is a reduction in back

23   pay and/or front pay damages. *Cassino v. Reichhold Chemicals, Inc.,* 817 F.2d 1338, 1345-47

24   (9th Cir. 1987).

25   **5.    Good Faith Efforts**

26   Should Plaintiff prevail on her claim of intentional discrimination, Albertsons will prove

27   that it engaged in good faith efforts to prevent discrimination in the workplace and is therefore

DEFENDANT'S TRIAL BRIEF - 3
NO. 2:18-CV-001678-RAJ

008501.0059/7970151.1

1    not liable for punitive damages. *Kolstad v. American Dental Association*, 527 U.S. 526, 544-45

2    (1999). Albertsons had a written, formal anti-discrimination policy, and it will prove that it

3    engaged in good faith efforts to implement the policy and comply with Title VII. *Passantino v.*

4    *Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 516 (9th Cir. 2000) ("[d]efendants

5    may … establish an affirmative defense to punitive damages liability when they have a bona fide

6    policy against discrimination").

7    **6.      After-Acquired Evidence Defense**

8            Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired

9    evidence. Albertsons will prove by a preponderance of the evidence that it would have made the

10   same decision to discharge Plaintiff because she retained various documents belonging to

11   Albertsons following her termination, and she forwarded emails from Albertsons' email system

12   to her own personal email address during her employment. These acts are terminable offenses

13   under Albertsons' Information Security and/or Confidentiality policies. Albertsons learned of

14   these terminable offenses no later than the date of Plaintiff's deposition, May 9, 2019. If

15   Albertsons proves by a preponderance of the evidence that it would have discharged the Plaintiff

16   because of this alleged misconduct, then any award of back pay should be limited to the date that

17   Albertsons would have made the decision to discharge the Plaintiff as a result of the alleged

18   misconduct. Ninth Circuit Model Instruction 10.16.

19   **7.      No Liability for Punitive Damages**

20           Punitive damages are not available under Washington state law. *Dailey v. North Coast*

21   *Life Insurance Co.*, 129 Wn.2d 572, 919 P.2d 589 (1996). Punitive damages are only available

22   under Title VII if Plaintiff proves that Albertsons acted maliciously or with reckless indifference

23   to her federally protected rights. *See* 42 U.S.C. § 1981a. 42 U.S.C. § 1981a(b)(1). Punitive

24   damages in this case are limited to $300,000. 42 U.S.C. § 1981a(b)(3). Plaintiff has no basis upon

25   which to recover punitive damages. Neither Albertsons, nor any of its employees sufficiently

26   high in its corporate hierarchy, committed any act with malice or reckless indifference to

27   Plaintiff's federal or state-protected rights.

DEFENDANT'S TRIAL BRIEF - 4
NO. 2:18-CV-001678-RAJ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7970151.1

1

### III.   CONCLUSION

2      The evidence will show that Plaintiff cannot establish a claim for either gender

3  discrimination or retaliation, and that judgment should be entered for Albertsons.

4      DATED:  February 18, 2020

LANE POWELL PC

5

6

7      By   *s/ Sean D. Jackson*
D. Michael Reilly, WSBA No. 14674
David G. Hosenpud, *pro hac vice*

8      Beth G. Joffe, WSBA No. 42782
Sean D. Jackson, WSBA No. 33615

9      1420 Fifth Avenue, Suite 4200
P.O. Box 91302

10     Seattle, WA  98111-9402
Telephone: 206.223.7000

11     Facsimile: 206.223.7107
Email:  reillym@lanepowell.com

12     hosenpudd@lanepowell.com
joffeb@lanepowell.com

13     jacksons@lanepowell.com

14     Attorneys for Defendant Albertsons, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S TRIAL BRIEF - 5
NO. 2:18-CV-001678-RAJ

008501.0059/7970151.1

1

**CERTIFICATE OF SERVICE**

2

3    I hereby certify that on February 18, 2020, the foregoing was electronically filed with the

4 Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of

5 Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

6 The NEF for the foregoing specifically identifies recipients of electronic notice.  I hereby certify

7 that the attached document was sent to the following CM/ECF participants:

8    Ms. Susan B. Mindenbergs
     Mr. Jeffrey L. Needle
9    705 2nd Avenue, Suite 1050
     Seattle, WA 98104
10   (206) 447-1523
     susanmm@msn.com;
11   jneedlel@wolfenet.com;
     lrlopez.paralegal@gmail.com;
12   christine.smlaw@gmail.com

13
     Executed on the 18th day of February, 2020, at Seattle, Washington.
14

15
                                                    *s/ Sean D. Jackson*
16                                                  Sean D. Jackson, WSBA No. 33615
                                                    Address:  1420 Fifth Avenue, Suite 4200
17                                                  P.O. Box 91302
                                                    Seattle, WA  98111-9402
18                                                  Telephone:  206.223.7000
                                                    Fax:  206.223.7107
19                                                  E-mail: jacksons@lanepowell.com

20

21

22

23

24

25

26

27

DEFENDANT'S TRIAL BRIEF - 6
NO. 2:18-CV-001678-RAJ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

008501.0059/7970151.1