1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY ANN JOHNSON,

          Plaintiff,

   v.

ALBERTSONS, LLC,

          Defendant.

Case No. 2:18-CV-01678-RAJ

**ORDER ON MOTIONS *IN LIMINE***

## I.  INTRODUCTION

This matter is before the Court on the parties' motions *in limine*.  Dkt. ## 48, 50.

As discussed below, the Court **GRANTS in part** and **DENIES in part** the motions.

## II.  BACKGROUND

This matter is set for trial on February 24, 2020.  The details of Plaintiff's

allegations are set forth in the Court's order on the parties' motions for summary

judgment and will not be repeated here.  Dkt. # 52.

ORDER – 1

### III. LEGAL STANDARD

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). To decide on the motions *in limine*, the Court is generally guided by Federal Rules of Evidence 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### IV. DISCUSSION

#### A. Mutually Agreed Upon Motions *in Limine*

The parties agree to Ms. Johnson's motions *in limine* Nos. 9 and 10 and Albertsons' motions *in limine* Nos. 12, and 14-17.

#### B. Plaintiff's Motions *in Limine*

##### i. Motion *in Limine* No 1: Exclude Rebecca Dean Report

Ms. Johnson first moves to exclude the investigative report conducted by Rebecca Dean on behalf of Albertsons. Specifically, Ms. Johnson argues that the report contains inadmissible hearsay and legal conclusions. Dkt. # 50 at 2-3. Albertsons counters that this evidence is being introduced as a business record and to show Albertsons' state of mind, specifically that Albertsons acted in "good faith" and believed its actions were proper.

In employment discrimination cases, this type of evidence may be introduced to show that a defendant in good faith believed that the plaintiff's performance was unsatisfactory and that the asserted reason for the discharge was not a pretext for discrimination. *Jones v. Los Angeles Cmty. Coll. Dist.*, 702 F.2d 203, 205 (9th Cir. 1983)

ORDER – 2

(holding investigative report was admissible "to show that [the defendant] had a legitimate basis for believing [the employee's] conduct warranted termination" in Title VII sex discrimination action). Under Fed. R. Evid. ("FRE") 403, however, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, the Court finds that the probative value of this report is substantially outweighed by the danger of unfair prejudice and jury confusion. Despite Albertsons' assurances to the contrary, it is likely that the jury will be confused and misled by Ms. Dean's report and be tempted to consider this as a substantive proof of an absence of gender discrimination, rather than merely evidence of Albertsons' state of mind. The Court is unable to conceive of a "limiting instruction" to the jury that will have any result other than to further mislead and confuse the jury regarding the appropriate use of evidence. Ms. Johnson's motion is **GRANTED**.

### ii.       Motion *in Limine* No. 2: Exclude Testimony of Rebecca Dean.

For the reasons discussed in more detail above, Ms. Dean will not be permitted to testify as to the substance of her investigation or her ultimate findings. However, the Court appreciates that the fact that this investigation was conducted is relevant to show Albertsons' response to Ms. Johnson's allegations of discrimination and Albertsons' state of mind. Accordingly, Ms. Dean will be permitted to testify that she conducted an investigation and reported her findings to Albertsons. Neither Ms. Dean, *or any other witnesses*, may testify as to the substance of her investigation or any conclusions she may have drawn based upon her investigation. Ms. Johnson's motion is **GRANTED in part** and **DENIED in part.**

### iii.       Motion *in Limine* No. 3: Exclude Anonymous Complaint
### Alleging Multiple Complaints regarding Johnson

Ms. Johnson seeks to exclude Albertsons' proposed exhibit 115, a document that

ORDER – 3

purportedly describes several instances of inappropriate behavior by Ms. Johnson as reported by other anonymous Albertsons' employees. Based on the record before the Court it is not clear how this document was created or where the information within it originates. However, Albertsons represents that Albertsons' human resources director, Trevor Ennis, will lay the foundation necessary to admit the document as a business record. Although the Court is highly skeptical of this document's admissibility, the Court will grant Albertsons the opportunity to lay the requisite foundation. Ms. Johnson's motion is **TAKEN UNDER ADVISEMENT**. No reference to this document or the underlying facts alleged will be permitted until the Court has had the opportunity to rule on its admissibility.

### iv. Motion *in Limine* No. 4: Exclude Complaints from Witnesses that are not Testifying

Ms. Johnson moves to exclude evidence of complaints from other Albertsons employees who will not be called to testify. Ms. Johnson does not identify the specific complaints that she finds objectionable. The Court cannot make a determination as to the admissibility of this evidence without more information. Ms. Johnson's motion is **TAKEN UNDER ADVISEMENT**.

### v. Motion *in Limine* No. 5: Exclude Evidence regarding Johnson's Unearned Income

Ms. Johnson seeks to prohibit Albertsons from introducing evidence of her unemployment payments and other sources of unearned income. The parties agree that evidence of Johnson's other sources of income is generally excluded under the collateral source rule. *See* Dkt. # 53 at 7. Dkt. # 50 at 5; *see also Kauffman v. Sidereal Corp.*, 695 F. 2d 343, 347 (9th Cir. 1982). However, Albertsons argues that this evidence is admissible to the extent that Ms. Johnson attempts to argue that "any part of her emotional distress" or "general damages" are the result of a reduction in her income or related financial difficulties. Dkt. # 53 at 7. Albertsons cites no case law to support this

ORDER – 4

interpretation and the Court finds no basis for the claim that collateral source income is permissible to offset some damages, but not others. Ms. Johnson's motion is **GRANTED**.

### vi. Motion *in Limine* No. 6: Exclude Testimony of Unidentified Witnesses

Johnson next seeks to exclude the testimony of Brett Podnar and Eureka McCrae because these witnesses were not previously identified as possible trial witnesses. Rule 26(a) requires that "a party must, without awaiting a discovery request, provide to the other parties" certain identifying information about "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). The failure to comply with Rule 26(a) disclosure requirements may result in the imposition of sanctions pursuant to Rule 37, including exclusion of a witness at trial.

Failure to disclose a witness is harmless where the witness's identity, position, location, and the subject of the information he possesses are made known to the opposing party well ahead of the discovery deadline. *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1237 (E.D. Cal. 2012); *see also HB Dev., LLC v. W. Pac. Mut. Ins.*, 86 F. Supp. 3d 1164, 1173-74 (E.D. Wash. 2015). Here, both Mr. Podnar and Ms. McCrae were identified several times in Albertsons' answers to interrogatories as early as March 2019. Both witnesses were mentioned by several witnesses in their deposition testimony, including Ms. Johnson herself. Ms. Johnson could have deposed these witnesses but chose not to. The Court finds that Albertsons' failure to include these individuals as potential trial witnesses was harmless. Ms. Johnson's motion is **DENIED**.

### vii. Motion *in Limine* No. 7: Exclude Evidence of After-Acquired Evidence

Ms. Johnson moves to exclude evidence related to Albertsons' after-acquired evidence defense. Ms. Johnson essentially asserts the same arguments that the Court

ORDER – 5

already considered, and ultimately rejected, in Ms. Johnson's motion for partial summary judgment. The Court finds no basis to reconsider its decision. Ms. Johnson's motion is **DENIED**.

### viii. Motion *in Limine* No. 8: Exclude Evidence or Testimony regarding Failure to Mitigate Damages based on Speculation

Finally, Ms. Johnson moves to exclude testimony of Albertsons' proposed damages expert, William B. Skilling, regarding her purported failure to mitigate. Ms. Johnson argues that Mr. Skilling's testimony is unreliable, lacks foundation, and would not be helpful to the jury. Ms. Johnson's objections go to the weight of Mr. Skilling's testimony, not its admissibility. To the extent that Ms. Johnson wishes to challenge the credibility of Mr. Skilling's testimony, she may raise these objections on cross-examination. Ms. Johnson's motion is **DENIED**.

## C. Defendant's Motions *in Limine*

### i. Motion *in Limine* No. 1: Exclude hearsay evidence of other alleged bad acts and "boys club" in grocery industry

Albertsons moves to prohibit Ms. Johnson from introducing evidence of other alleged bad acts or complaints of gender discrimination at Albertsons. Specifically, Albertsons argues that evidence of other incidents of discrimination is not sufficiently related to Ms. Johnson's individual claims and based on inadmissible hearsay. Albertsons also argues that evidence or testimony regarding the "boys club" in the grocery industry is impermissible character evidence under FRE 404. Albertsons' motion is premature. The Court cannot make an admissibility determination until it has had the opportunity to hear the foundation for this evidence. Therefore, Albertsons' motion is **TAKEN UNDER ADVISEMENT**.

### ii. Motion *in Limine* No. 2: Prohibit questioning and exclude testimony about the alleged existence of other "complaints" or

ORDER – 6

**discussions among employees about alleged gender discrimination.**

Albertsons moves to prohibit questioning or testimony regarding witnesses' conversations with Johnson related to alleged gender discrimination within Albertsons. Albertsons argues such evidence is irrelevant to Plaintiff's claims of discrimination and retaliation and would invite hearsay. Johnson counters that this evidence is relevant to show she had a reasonable belief of gender discrimination within Albertsons, sufficient to establish a retaliation claim under Title VII. Although the Court agrees that such questions could yield hearsay, it is impossible to know at this point if the testimony will qualify as non-hearsay under FRE 801(d) or one of the hearsay exceptions under FRE 803, 804, or 807. Therefore, Albertsons' motion is **TAKEN UNDER ADVISEMENT**. Albertsons may raise proper objections to the testimony at trial.

       iii.     **Motion *in Limine* No. 3: Exclude Plaintiff's speculative, hearsay testimony about Corrina Poland and her interactions with Dennis Bassler.**

Albertsons moves to exclude Ms. Johnson's testimony regarding her interactions with Corrina Poland and Dennis Bassler as it relates to Ms. Poland's 2013 complaint. Albertsons argues that this testimony is inadmissible hearsay and based on speculation. Ms. Johnson argues that her testimony is based upon a meeting she attended with Mr. Bassler and Ms. Poland and her personal knowledge of the circumstances giving rise to Ms. Poland's complaint. The Court will not rule in a vacuum without more information regarding the foundation for Ms. Johnson's knowledge and the scope of her testimony. Albertsons' motion is **TAKEN UNDER ADVISEMENT**. Albertsons may raise proper objections to the testimony at trial.

       iv.     **Motion *in Limine* No. 4: Exclude Plaintiff's testimony about her sales, profitability, and rankings in the Intermountain West**

ORDER – 7

**Division, and in District 24 before she moved there in 2013 and during the 2013-2015 timeframe.**

Albertsons moves to exclude Ms. Johnson's testimony regarding her sales, profitability and rankings in the Intermountain West Division as inadmissible hearsay. Johnson argues that she received a performance evaluation while working in the Intermountain West Division that is the basis for part of her testimony along with her personal knowledge of the conditions of her stores. To the extent that Ms. Johnson's testimony is based on her performance evaluation and her personal knowledge, such evidence is permissible. However, if Ms. Johnson's testimony is based on sales metrics, rankings or other hearsay documents outside the scope of Ms. Johnson's personal knowledge, such evidence is inadmissible.

Albertsons also moves to exclude testimony regarding the condition of District 24, prior to Ms. Johnson assuming the District Manager position and the sales, profitability, rankings, and conditions of the stores after she assumed the role as inadmissible hearsay. To the extent that Ms. Johnson's testimony is based on hearsay documents, such evidence is inadmissible. However, Ms. Johnson will be permitted to testify as to her personal knowledge of the conditions of her stores. Albertsons' motion is **GRANTED in part and DENIED in part.**

> **v.      Motion *in Limine* No. 5: Exclude speculation regarding motive.**

Albertsons moves to exclude testimony from witnesses regarding Albertsons' motivations for terminating Ms. Johnson. Johnson does not object to this motion, with the exception of witness observations based upon personal knowledge. However, Ms. Johnson does not elaborate on the nature of these witnesses' testimony and it is not clear to the Court if Albertsons would still object. Accordingly, Albertsons' motion is **GRANTED in part**. With respect to the proposed witness testimony regarding observations based upon personal knowledge, Albertsons' motion is **DENIED without prejudice.**

ORDER – 8

1

2

3

      **vi.**     **Motion *in Limine* No. 6: Exclude testimony or suggestion that Albertsons' representatives gave negative job references regarding Plaintiff.**

4

5

6

7

8

9

10

Albertsons seeks to bar testimony regarding allegations that Albertsons' representatives gave Ms. Johnson negative job references. Albertsons argues that Ms. Johnson has no personal knowledge as to whether any of her prospective employers were contacted by Albertsons and that it would unduly prejudicial to permit such testimony. The Court agrees. Based on the record before the Court, it appears that Ms. Johnson has no personal knowledge of this issue and any testimony on this matter would be based on hearsay and unduly prejudicial. Albertsons' motion is **GRANTED**.

11

12

      **vii.**     **Motion *in Limine* No. 7: Exclude evidence regarding the financial status of Albertsons.**

13

14

15

16

Albertsons moves to exclude evidence of the financial status of Albertsons. Ms. Johnson does not object, except as such information is relevant to punitive damages. Accordingly, Albertsons' motion is **GRANTED in part**. With respect to Ms. Johnson's claim for punitive damages, Albertsons' motion is **DENIED without prejudice**.

17

18

      **viii.**     **Motion *in Limine* No. 8: Exclude family member testimony regarding damages.**

19

20

21

22

23

24

25

26

27

Albertsons moves to exclude testimony from Ms. Johnson's family members related to her "emotional distress damages." Albertsons argues that such testimony is cumulative of Ms. Johnson's own testimony and would invite hearsay. Testimony of this nature is generally permissible to prove emotional damages. *See Passantino v. Johnson & Johnson Consumer Prod., Inc.,* 212 F.3d 493, 513 (9th Cir. 2000) (internal citations omitted). In addition, Ms. Johnson represents that her family's testimony will not be cumulative, and that each witness will offer a "different perspective" on Ms. Johnson's emotional damages. Accordingly, Albertsons' motion is **DENIED without prejudice**. To the extent that these witnesses do offer hearsay testimony or testify in a cumulative

28

ORDER – 9

manner, Albertson may raise the appropriate objections at trial.

ix.    **Motion *in Limine* No. 9: Exclude compensation evidence regarding employees other than Kim Johnson.**

Albertsons moves to exclude evidence of the compensation of employees other than Ms. Johnson. Ms. Johnson does not object to this motion, with the exception of evidence related to bonus compensation. Accordingly, Albertsons' motion is **GRANTED** in part. Based on the parties' briefing, it is unclear if Albertsons objects to evidence related to bonus compensation. Accordingly, with respect to evidence related to bonus compensation, Albertsons' motion is **DENIED without prejudice**.

x.    **Motion *in Limine* No. 10: Preclude Kelsey Johnson-Salkeld from testifying about liability issues.**

Albertsons moves to limit Ms. Johnson-Salkeld's testimony to the issue of damages. Albertsons argues that Ms. Johnson-Salkeld should be precluded from testifying regarding her general observations of gender discrimination within Albertsons. Evidence of other alleged bad acts of incidents of discrimination is not *per se* inadmissible. In considering whether to admit this type of evidence the Court must engage in a fact-specific analysis. *See Sprint/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008) (holding that other employees' testimony that they were discriminated against is not "*per se* admissible or *per se* inadmissible," but its relevance "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case"). Here, Ms. Johnson-Salkeld testified in her deposition that she has no personal knowledge of gender discrimination by Mr. Schroeder, Mr. Backus, or Mr. Smith. Dkt. # 49, Ex. H. In addition, it appears that the majority of Ms. Johnson-Salkeld's proposed testimony is unrelated to Plaintiff's claims. Accordingly, Albertsons' motion is **GRANTED**.

ORDER – 10

### xi. Motion *in Limine* No. 11: Exclude evidence that Plaintiff's December 2017 medical leave was in any way related to her working conditions or her emotional distress damages.

Albertsons seeks to exclude any evidence that Ms. Johnson suffers, or has suffered, from any diagnosable physical or psychiatric injury as a result of her working conditions at Albertsons. Ms. Johnson represents that she will not testify about any diagnosable psychiatric or physical condition that she suffered from as a result of her employment at Albertsons. Accordingly, Albertsons' motion is **GRANTED**.

### xii. Motion *in Limine* No. 13. Exclude evidence that was requested in discovery, but was not produced—i.e., Plaintiff's undisclosed job-search records at Plaintiff's proposed Exhibit 50 and the glassdoor.com job posting at Plaintiff's proposed Exhibit 47.

Albertsons moves to exclude Ms. Johnson's job-search records (Plaintiff's proposed exhibit 50) that it argues were not disclosed during discovery. Ms. Johnson represents that fifty of the job applications in Exhibit 50 were produced by Albertsons during discovery. According to Ms. Johnson, the remaining documents were discovered after the discovery deadline and were produced immediately to Albertsons. Ms. Johnson argues that Albertsons will not be prejudiced by their admission because they are similar to the initial 50 documents, which Albertsons opted not to depose Ms. Johnson about, and Albertson may effectively cross-examine Ms. Johnson on her job search. The Court agrees. Albertsons' motion is **DENIED**.

Albertsons also moves to exclude a glassdoor.com job posting (Plaintiff's proposed exhibit 47) that was not previously disclosed during discovery. Ms. Johnson represents that she discovered this document as early as January 2018 but fails to articulate a "substantial justification" for her failure to disclose it to Albertsons prior to the close of discovery. Fed. R. Civ. P. 37(c)(1). Because the Court does not find that Ms. Johnson's failure to disclose was harmless, Albertsons' motion is **GRANTED**.

ORDER – 11

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** parties' motions.  Dkt. ## 48, 50.  Counsel for both parties are instructed to admonish their witnesses to abide by this Court's order on the motions *in limine*.  Failure to do so may result in sanctions.  Ms. Johnson also filed a reply brief in support of her motions *in limine*.  Dkt. # 59.  Under LCR 7(d)(4), "[n]o reply papers shall be filed" in response to motions *in limine*.  *See* Western District of Washington Local Civil Rule ("LCR") 7(d)(4).  Ms. Johnson's reply brief and supporting declaration are **STRICKEN** and were not considered by the Court.  Dkt. # 59-60.

DATED this 19th day of February, 2020.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Judge

ORDER – 12