HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  KIMBERLY ANN JOHNSON,                )
                                        )      Case No. 2:18-cv-01678  RAJ
11                      Plaintiff,       )
                                        )      CORRECTED JOINT STATEMENT OF
12          v.                          )      DISPUTED INSTRUCTIONS
                                        )
13  ALBERTSONS, LLC,                     )
                                        )
14                      Defendant.       )
                                        )
15  _____ )

16  Dated this 19th day of February, 2020.

17  By: /s/  Jeffrey Needle          .        By:    /s/ Sean Jackson              .
    Susan B. Mindenbergs, WSBA #20545         D. Michael Reilly, WSBA No. 14674
18  Jeffrey L. Needle, WSBA #6346             Sean D. Jackson, WSBA No. 33615
    705 Second Avenue, Suite 1050             Beth Joffe, WSBA No. 42782
19  Seattle, WA 98104                         David Hosenpud, *Pro Hac Vice*
    Telephone: (206) 447-1560                 Attorneys for Defendant
20  Fax: (206) 447-1523                       Lane Powell PC
    Email: susanmm@msn.com,                   1420 Fifth Avenue, Suite 4200
21         jneedlel@wolfenet.com              P.O. Box 91302
                                              Seattle, WA 98101
22                                            Telephone: (206) 223-7000
                                              Facsimile: (206) 223-7107
23                                            Email:  reillym@lanepowell.com
                                                      jacksons@lanepowell.com,
24                                                    joffeb@lanepowell.com,
                                                      hosenpudd@lanepowell.com
25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# TABLE OF CONTENTS

## Plaintiff's Disputed Jury Instructions

| Number | Title | Source | Pages | Party |
|---|---|---|---|---|
| 6 | QUESTIONS TO WITNESSES BY JUROR DURING TRIAL | Ninth Circuit Model Instruction 1.19 | 1 | Plaintiff |
| 9 | CLAIMS AND DEFENSES | Ninth Circuit Model Instruction 1.5 | 2-3 | Plaintiff |
| 10 | DUTY OF JURY | Ninth Circuit Model Instruction 1.4 | 4-5 | Plaintiff |
| 18 | DEPOSITION IN LIEU OF LIVE TESTIMONY | Ninth Circuit Model Instruction 2.4 | 6 | Plaintiff |
| 19 | LIABILITY OF CORPORATIONS— SCOPE OF AUTHORITY NOT IN ISSUE | Ninth Circuit Model Instruction 4.2 | 7 | Plaintiff |
| 21 | EMPLOYMENT DISCRIMINATION— RETALIATION | Washington Pattern Instruction 330.05. Modification in brackets. Participation prong excluded. | 8-9 | Plaintiff |
| 24 | MOTIVATING FACTOR | 42 U.S.C. § 2000e-2(m); *National Association of African American-Owned Media v. Charter Communications, Inc.*, 915 F.3d 617, 626 (9th Cir. 2019). | 10 | Plaintiff |
| 25 | CIVIL RIGHTS— TITLE VII— RETALIATION— ELEMENTS AND BURDEN OF PROOF | Ninth Circuit Model Instruction 10.8; *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir 1994) ("The reasonableness of [Plaintiff's] belief that an unlawful employment practice occurred must be assessed according to an objective standard - one that makes due allowance, moreover, for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims. We note again that a reasonable mistake may be one of fact or law"). Modification in brackets. | 11-12 | Plaintiff |
| 26 | LEGITIMATE EXPECTATIONS | *Moorehead v. Chertoff*, No. C-07-1205-MJP, 2008 WL4810308, at *2 (W.D.Wash. Nov. 3, 2008); *Whitley* | 13-14 | Plaintiff |

| | | | | | |
|---|---|---|---|---|---|
| | | | *v. City of Portland*, 654 F. Supp. 2d 1194, 1208 (D. Or. 2009) (quoting *Moorehead v. Chertoff*); *Melendez v. Autogermana, Inc.*, 606 F. Supp. 2d 189, 196 (PR 2009) ("When measuring performance, "plaintiff need not show perfect performance or even average performance"; he must "only show that his performance was of sufficient quality to merit continued employment") (quoting *Powell v. Syracuse Univ.*, 580 F.2d 1150, 1155 (2nd Cir.1978)). | | |
| 27 | DAMAGES—MITIGATION—WAGE LOSS | | Washington Pattern Instruction 330.83; Ninth Circuit Model Instruction 5.3; Modified in brackets. *Sias v. City Demonstration Agency*, 588 F. 2d 692, 697 9th Cir. 1978) ("To satisfy this burden, defendant must establish (1) that the damage suffered by plaintiff could have been avoided, i. e. that there were *suitable positions available* which plaintiff could have discovered and *for which he was qualified*") (emphasis added); *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982) ("an unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position." A plaintiff need only pursue *"substantially equivalent"* work") (emphasis added); *Cheeks v. General Dynamics*, 22 F. Supp. 3d 1015, 1027 (D. Arizona, 2014) ("Substantially equivalent employment is that which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated"): *Hughes v. Mayoral*, 721 F. Supp. 2d 947, 967-968 (D. Hawaii 2010 | 15-16 | Plaintiff |

| | | (same); *Ingram v. Pacific Gas & Electric Company*, No. 12-cv-02777-JST (ND Cal. Jan. 27, 2014)(same). | | |
|---|---|---|---|---|
| 28 | DAMAGES—ECONOMIC AND NON-ECONOMIC—NO AFTER-ACQUIRED EVIDENCE | Washington Pattern Instruction 330.81; Ninth Circuit Model Instruction 5.1. | 17-18 | Plaintiff |
| Pl's Suppl No. 1 | SUBORDINATE LIABILTY | *Staub v. Proctor Hospital,* 562 US 647, 131 S. Ct. 1186, 179 L. Ed. 2d 144 (2011) ("We therefore hold that if a supervisor performs an act motivated by anti-military animus that is intended by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA"); *Mayes v. WinCo Holdings, Inc.,* 846 F.3d 1274, 1281 (9th Cir. 2017) ("Moreover, the animus of a supervisor can affect an employment decision if the supervisor "influenced or participated in the decisionmaking *process")* (emphasis original); *Boyd v. Washington State Department of Social and Health Services,* 181 Wn.App 1, 20, 349 P.3d 864 (2015) (approving Plaintiff's offered instruction). | 19 | Plaintiff |
| | VERDICT FORM | | | Plaintiff |

## Defendant's Disputed Jury Instructions

| Number | Title | Source | Pages | Party |
|---|---|---|---|---|
| 9 | IMPEACHMENT EVIDENCE – WITNESS | Ninth Circuit Model Instruction 2.9 | 23 | Defendant |
| 16 | RETURN OF VERDICT | Ninth Circuit Model Instruction 3.5 | 24 | Defendant |
| 18 | AT-WILL EMPLOYMENT | *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 223 (1984) (employment in Washington is generally at-will); *Villiarimo v.* | 25 | Defendant |

| | | | | | |
|---|---|---|---|---|---|
| | | | *Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir. 2002) ("[C]ourts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless."); *Navellier v. Sletten,* 262 F.3d 923, 947 (9th Cir. 2001) (affirming trial court's issuance of business judgment instruction); *Dep't of Fair Employment & Housing v. Lucent Techs., Inc.,* 642 F.3d 728, 746 (9th Cir. 2011) (holding that employee cannot show illegal decision by simply showing that employer's decision was wrong, mistaken or unwise); *Garcia v. City of Everett,* 2015 U.S. Dist. LEXIS 51067 (W.D. Wash. Apr. 16, 2015) ("[T]he court does not sit as a super personnel department. . . ."); *McIntosh v. Geithner,* 2011 U.S. Dist. LEXIS 58340 * 38 (E.D. Calif. May 31, 2011) ("'Courts may not sit as super personnel departments, assessing the merits — or even the rationality — of employers' nondiscriminatory business decisions.'" (*citing Mesnick v. General Elec. Co.,* 950 F.2d 816, 825 (1st Cir. 1991)). | | |
| 20 | CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF | Ninth Circuit Model Instruction 10.8 (modified to clarify applicability to the federal Title VII claim). | 26-27 | Defendant |
| 25 | CIVIL RIGHTS—TITLE VII—DEFENSE—AFTER-ACQUIRED EVIDENCE | Ninth Circuit Model Instruction 10.16 | 28-29 | Defendant |
| 26 | DAMAGES PROOF | Ninth Circuit Model Instructions | 30-31 | Defendant |

| | | 5.1 and 5.2 (modified to select only damages elements at issue in this case). | | |
|---|---|---|---|---|
| 27 | DAMAGES – MITIGATION | Ninth Circuit Model Instruction 5.3 | 32-33 | Defendant |
| | VERDICT FORM | | 34-37 | Defendant |

PLAINTIFF'S PROPOSED INSTRUCTION NO. 6

**INSTRUCTION NO. ___**
**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

When attorneys have finished their examination of a witness, you may ask questions of the witness.  [Describe procedure to be used.]  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.

_____

Ninth Circuit Model Instruction 1.19

**DEFENDANT'S OBJECTION**: Juror questions to witnesses during trial should not be allowed due to the dangers inherent in the practice. The Court has discretion in permitting or refusing to permit jurors to ask questions of witnesses during trial. United States v. Huebner, 48 F.3d 376, 382 (9th Cir. 1994); United States v. Gonzales, 424 F.2d 1055, 1056 (9th Cir. 1970) (no error by trial judge in allowing juror to submit questions to court). There are risks involved in allowing jurors to ask questions of witnesses. DeBenedetto v. Goodyear Tire & Rubber Co., 754 F.2d 512, 517 (4th Cir. 1985) ("[J]uror questioning is a course fraught with peril for the trial court. No bright-line rule is adopted here, but the dangers in the practice are very considerable.").

**DEFENDANT'S ALTERNATIVE INSTRUCTION**
**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

_____

Ninth Circuit Model Instruction 1.19 Option 1 (bracketed portion omitted)

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 9

**INSTRUCTION NO. ___**
**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that the defendant discriminated against her on the basis of gender and retaliated against her for having opposed gender discrimination against her and others. Plaintiff asserts that as a proximate cause of gender discrimination and retaliation she has suffered economic damages and emotional distress.  She asserts that the defendant had a reckless disregard for her federally protected rights.  The plaintiff seeks to recover past and future economic damages, emotional distress damages and punitive damages.  The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]].  [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]

[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]

_____

Ninth Circuit Model Instruction 1.5

**DEFENDANT'S OBJECTION:** This instruction is incomplete and should be combined with Defendant's Proposed Instruction No. 2 for the sake of accuracy and completeness. A complete and accurate instruction would read:

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil suit involving claims by Plaintiff, Kimberly Johnson, against her former employer, Albertsons, LLC.

Ms. Johnson asserts that Albertsons discriminated against her on the basis of her gender and retaliated against her for having opposed gender discrimination against her and others. Ms. Johnson asserts that as a proximate cause of gender discrimination and retaliation she has suffered economic damages and emotional distress. She asserts that Albertsons had a reckless disregard for her federally protected rights. Ms. Johnson seeks to recover past and future economic damages, emotional distress damages, and punitive damages. She has the burden of proving these claims.

Albertsons denies those claims and asserts that all of Albertsons' decisions relating to Ms. Johnson were based on legitimate, non-discriminatory, and non-retaliatory reasons. In addition, Albertsons is also asserting affirmative defenses, including: (1) that Albertsons would have made the same decisions regarding Ms. Johnson regardless of her gender or her alleged complaints; (2) that Albertsons made good faith efforts to comply with applicable laws; and (3) that Albertsons would have made the same decision to terminate Plaintiff's employment due to her committing terminable violations of company policy. Albertsons has the burden of proof on these affirmative defenses.

Ms. Johnson denies Albertsons' affirmative defenses.

Plaintiff's Proposed Instruction No. 10

**INSTRUCTION NO. ___**
**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

_____

Ninth Circuit Model Instruction 1.4

**Defendant's Objection**: The language "and the arguments of the attorneys" should be included, as permitted in the Ninth Circuit Model Instruction. The instruction should read:

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1**
**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

4

Ninth Circuit Model Instruction 1.4

PLAINTIFF'S PROPOSED INSTRUCTION NO. 18

**INSTRUCTION NO. ___**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of [name of witness] was taken on [date].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

_____

Ninth Circuit Model Instruction 2.4

**DEFENDANT'S OBJECTION:** Defendant objects to the giving of this instruction. All of the witnesses in this case are available and none of them will be called "in lieu of live testimony" as this instruction suggests. This instruction places undue weight upon the deposition testimony of a witness who will be called to provide live testimony in this case. The comment to this instruction indicates that it should be used only when testimony by deposition is used in lieu of live testimony.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 19

**INSTRUCTION NO. ___**
**LIABILITY OF CORPORATIONS—SCOPE OF**
**AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

_____

Ninth Circuit Model Instruction 4.2

**DEFENDANT'S OBJECTION**: This instruction is incomplete without the explanations provided by Model Instructions 4.4 and 4.5. Defendant objects to this instruction being given. If an instruction is given on this issue, it should read:

**DEFENDANT'S ALTERNATIVE INSTRUCTION**
**LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE**
**AGENT AND PRINCIPLE--DEFINITION**
**AGENT – SCOPE OF AUTHORITY DEFINED**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. An example of a principal/agent relationship is employer/employee.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

Ninth Circuit Model Instructions 4.2, 4.4, 4.5

PLAINTIFF'S PROPOSED INSTRUCTION NO. 21

**INSTRUCTION NO. ___**
**EMPLOYMENT DISCRIMINATION—RETALIATION**

It is unlawful for an employer [under Washington state law] to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of gender. or providing information to or participating in a proceeding to determine whether discrimination or retaliation occurred.

To establish a claim of unlawful retaliation by the defendant, plaintiff has the burden of proving both of the following propositions:

(1) That plaintiff was opposing what she reasonably believed to be discrimination on the basis of gender; and

(2) That a substantial factor in the decision to terminate was plaintiff's opposing what she reasonably believed to be discrimination or retaliation.

If you find from your consideration of all of the evidence that both of these propositions has been proved, then your verdict should be for plaintiff on this claim. On the other hand, if any one of these propositions has not been proved, your verdict should be for the defendant on this claim.

Plaintiff does not have to prove that her opposition was the only factor or the main factor in the defendant's decision, nor does plaintiff have to prove that she would not have been terminated but for her opposition.

_____

Washington Pattern Instruction 330.05. Modification in brackets.  Participation prong excluded.

**DEFENDANT'S OBJECTION**: This instruction corresponds, but is not identical, to Defendant's Proposed Instruction No. 23. This instruction includes improper language regarding opposition to "retaliation" in subparagraph (2). There is no evidence in this case to support that language and it should be omitted.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 23**
**WLAD RETALIATION**

As to her state law claim under the Washington Law Against Discrimination, it is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of gender.

8

To establish a claim of unlawful retaliation by Defendant, Plaintiff has the burden of proving both of the following propositions:

(1) That Plaintiff was opposing what she reasonably believed to be discrimination on the basis of gender; and

(2) That a substantial factor in the decision to terminate was Plaintiff's opposing what she reasonably believed to be discrimination.

If you find from your consideration of all of the evidence that both of these propositions have been proved, then your verdict should be for Plaintiff on this claim. On the other hand, if any one of these propositions has not been proved, your verdict should be for Defendant on this claim. Plaintiff does not have to prove that her opposition was the only factor or the main factor in Defendant' decision, nor does Plaintiff have to prove that she would not have been disciplined but for her opposition.

WPI 330.05 (modified to clarify applicability to the WLAD claim)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 24

**INSTRUCTION NO. ___**
**MOTIVATING FACTOR**

Plaintiff has the burden of proving under federal law that her gender was a "motivating factor" in the decision to terminate her employment. If discriminatory intent plays any role in a defendant's decision to terminate her employment, even if it is merely one factor and not the sole cause of the decision, then Plaintiff has satisfied this burden.

_____

42 U.S.C. § 2000e-2(m); *National Association of African American-Owned Media v. Charter Communications, Inc.*, 915 F.3d 617, 626 (9th Cir. 2019).

**DEFENDANT'S OBJECTION**: This instruction is unnecessary and duplicative due to the parties' inclusion of Model Instruction of 10.3. It also misstates the law of causation under Title VII, and is unfairly prejudicial, confusing, and misleading. Defendant objects to the Court providing this instruction. If the Court is inclined to give an instruction further defining "motivating factor," then Defendant proposes the following:

**DEFENDANT'S ALTERNATIVE INSTRUCTION**
**MOTIVATING FACTOR**

Plaintiff has the burden of proving under Title VII that her gender was a "motivating factor" in the decision to terminate her employment. Plaintiff must show that the motive to discriminate was one of the employer's motives in the decision to terminate her employment.

42 U.S.C. § 2000e-2(m); Price Waterhouse v. Hopkins, 490 U.S. 228, 242(1989).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 25

**INSTRUCTION NO. \_\_\_**
**CIVIL RIGHTS—TITLE VII—RETALIATION—**
**ELEMENTS AND BURDEN OF PROOF**

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1)　　the plaintiff opposed an unlawful employment practice, that is sex discrimination; and

(2)　　the employer subjected the plaintiff to an adverse employment action, that is discharging her from employment; and

(3)　　the plaintiff was subjected to the adverse employment action because of her opposition to an unlawful employment practice.

A plaintiff is "subjected to an adverse employment action" because of her opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that participation or opposition.

[With respect to the first element, opposition activity protection will be accorded whenever the opposition is based on a reasonable belief that the Defendant had engaged in unlawful discrimination. In determining whether Plaintiff had a reasonable belief, Plaintiff is protected even if Plaintiff had a limited knowledge about the law or made a reasonable mistake about the facts.]

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

_____

Ninth Circuit Model Instruction 10.8; *Moyo v. Gomez,* 40 F.3d 982, 984 (9th Cir 1994) ("The reasonableness of [Plaintiff's] belief that an unlawful employment practice occurred must be assessed according to an objective standard - one that makes due allowance, moreover, for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims. We note again that a reasonable mistake may be one of fact or law"). Modification in brackets.

**DEFENDANT'S OBJECTION:** Defendant objects to the giving of this instruction as written. The modifications to the model instruction are unnecessary, inaccurate, confusing, and place undue emphasis on Plaintiff's subjective knowledge. Defendant has proposed the appropriate

11

model instruction at Defendant's Proposed Instruction No. 20 that is better suited to this case without the bracketed language. Alternatively, the bracketed language in Plaintiff's proposed instruction should be altered to read: "With respect to the first element at paragraph "(1)" above, Plaintiff must have had an objectively reasonable belief that she was opposing an unlawful employment practice."

### DEFENDANT'S PROPOSED INSTRUCTION NO. 20

### CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF

As to her federal Title VII claim for retaliation, the Plaintiff seeks damages against the Defendant for retaliation. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the Plaintiff opposed an unlawful employment practice, that is raising complaints to the Defendant about alleged unlawful discrimination in the workplace; and

2. the employer subjected the Plaintiff to an adverse employment action, that is the employer terminated the Plaintiff; and

3. the Plaintiff was subjected to the adverse employment action because she raised complaints to the Defendant regarding the alleged discrimination.

A Plaintiff is "subjected to an adverse employment action" because of her opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

Ninth Circuit Model Instruction 10.8 (modified to clarify applicability to the federal Title VII claim)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 26

**INSTRUCTION NO. ___**
**LEGITIMATE EXPECTATIONS**

An employer's legitimate expectations do not require that an employee never violate a job requirement. An employer cannot justify gender discrimination or retaliation based upon an employee's less than perfect job performance.

_____

*Moorehead v. Chertoff*, No. C-07-1205-MJP, 2008 WL4810308, at *2 (W.D.Wash. Nov. 3, 2008); *Whitley v. City of Portland*, 654 F. Supp. 2d 1194, 1208 (D. Or. 2009) (quoting *Moorehead v. Chertoff*); *Melendez v. Autogermana, Inc.*, 606 F. Supp. 2d 189, 196 (PR 2009) ("When measuring performance, "plaintiff need not show perfect performance or even average performance"; he must "only show that his performance was of sufficient quality to merit continued employment") (quoting *Powell v. Syracuse Univ.*, 580 F.2d 1150, 1155 (2nd Cir.1978)).

**DEFENDANT'S OBJECTION:** This instruction is unnecessary, confuses the law of at-will employment, and is unfairly prejudicial, confusing, and misleading. Defendant objects to this instruction being given. In the event that any instruction is given regarding an employer's expectations of its employees, the instruction should be Defendant's Proposed Instruction No. 18.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 18**

**AT-WILL EMPLOYMENT**

Defendant employed Plaintiff at will. At-will employees may be terminated for any lawful reason. You may not second guess the Defendant's business decisions and substitute your opinion for Defendant's even if you believe a decision was unwise, irrational, foolish, or unfair. Instead, Defendant can only be liable to Plaintiff if its decisions were illegal.

*Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 223 (1984) (employment in Washington is generally at-will); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) ("[C]ourts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless."); *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) (affirming trial court's issuance of business judgment instruction); *Dep't of Fair Employment & Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011) (holding that employee cannot show illegal decision by simply showing that employer's decision was wrong, mistaken or unwise); *Garcia v. City of Everett*, 2015 U.S. Dist. LEXIS 51067 (W.D. Wash. Apr. 16, 2015) ("[T]he court does not sit as a super personnel department. . . ."); *McIntosh v.*

13

*Geithner*, 2011 U.S. Dist. LEXIS 58340 * 38 (E.D. Calif. May 31, 2011) ("'Courts may not sit as super personnel departments, assessing the merits — or even the rationality — of employers' nondiscriminatory business decisions.'" (citing *Mesnick v. General Elec. Co.*, 950 F.2d 816, 825 (1st Cir. 1991)).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 27

**INSTRUCTION NO. ___**
**DAMAGES—MITIGATION—WAGE LOSS**

The plaintiff, Kimberly Johnson, has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish a failure to mitigate, defendant has the burden of proving:

(1) There were openings in comparable [and suitable] positions available for plaintiff elsewhere after defendant terminated her;

(2)  [That plaintiff was qualified for those positions];

(3) Plaintiff failed to use reasonable care and diligence in seeking those openings; and

(4) The amount by which damages would have been reduced if plaintiff had used reasonable care and diligence in seeking those openings.

[To be a comparable position, the position must be substantially equivalent to the position that was lost. A substantially equivalent position is one which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position which was lost.] You should take into account the characteristics of plaintiff and the job market in evaluating the reasonableness of plaintiff's efforts to mitigate damages.

If you find that the defendant has proved all of the above, you should reduce your award of damages for wage loss accordingly.

_____

Washington Pattern Instruction 330.83; Ninth Circuit Model Instruction 5.3; Modified in brackets. *Sias v. City Demonstration Agency*, 588 F. 2d 692, 697  9th Cir. 1978) ("To satisfy this burden, defendant must establish (1) that the damage suffered by plaintiff could have been avoided, i. e. that there were *suitable positions available* which plaintiff could have discovered and *for which he was qualified"*) (emphasis added); *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982) ("an unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position." A plaintiff need only pursue *"substantially equivalent"* work") (emphasis added); *Cheeks v. General Dynamics,* 22 F. Supp. 3d 1015, 1027 (D. Arizona, 2014) ("Substantially equivalent employment is that which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated"): *Hughes v. Mayoral,* 721 F. Supp. 2d 947, 967-968 (D. Hawaii 2010 (same); *Ingram v. Pacific Gas & Electric Company*, No. 12-cv-02777-JST (ND Cal. Jan. 27, 2014)(same).

15

1

2

3

4

**DEFENDANT'S OBJECTION:** The modifications to this instruction are unnecessary, inaccurate, and are an unfair and prejudicial comment on the evidence. Defendant objects to this instruction being given.  There is an appropriate model instruction at Model Instruction 5.3 that is better suited. That model instruction was proposed by Defendant at Defendant's Proposed Instruction No. 27.

5

6

**DEFENDANT'S PROPOSED INSTRUCTION NO. 27**
**DAMAGES - MITIGATION**

7

8

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

9

10

The Defendant has the burden of proving by a preponderance of the evidence:

1.      that the Plaintiff failed to use reasonable efforts to mitigate damages; and

11

2.      the amount by which damages would have been mitigated.

12

Ninth Circuit Model Instruction 5.3

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 28

**INSTRUCTION NO. ___**
**DAMAGES—ECONOMIC AND NON-ECONOMIC—**
**NO AFTER-ACQUIRED EVIDENCE**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered. If your verdict is for plaintiff, you must determine the amount of money that will reasonably and fairly compensate her for such damages as you find were proximately caused by the acts of the defendant.

If you find for plaintiff, you should consider the following elements:

(1) The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;

(2) The reasonable value of lost future earnings and fringe benefits; and

(3) The emotional harm to plaintiff caused by the defendant's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish, experienced and with reasonable probability to be experienced by plaintiff in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

_____

Washington Pattern Instruction 330.81; Ninth Circuit Model Instruction 5.1.

**DEFENDANT'S OBJECTION:** This instruction is unnecessarily complicated. Defendant objects to this instruction being given. Defendant's Proposed Instruction No. 26 is a more appropriate damages instruction and the concept of "fringe benefit" losses can easily be added to it.

17

1

2

**DEFENDANT'S PROPOSED INSTRUCTION NO. 26**
**DAMAGES PROOF**

3

It is the duty of the Court to instruct you about the measure of damages. By instructing

4

you on damages, the Court does not mean to suggest for which party your verdict should be
rendered.

5

If you find for the Plaintiff, you must determine the Plaintiff's damages. The Plaintiff has

6

the burden of proving damages by a preponderance of the evidence. Damages means the amount
of money that will reasonably and fairly compensate the Plaintiff for any injury you find was

7

caused by the Defendant. You should consider the following:

8

1. the reasonable value of wages, earnings, and salaries lost up to the present time; and

9

the reasonable value of wages, earnings, and salaries that with reasonable probability will be lost
in the future; and

10

2. the mental and emotional pain and suffering experienced and that with reasonable

11

probability will be experienced in the future.

12

It is for you to determine what damages, if any, have been proved.

13

Your award must be based upon evidence and not upon speculation, guesswork or

14

conjecture.

15

Ninth Circuit Model Instructions 5.1 and 5.2 (modified to select only damages elements at issue

16

in this case)

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S PROPOSEDSUPPLEMENTAL INSTRUCTION NO. 1

**INSTRUCTION NO. ___**
**SUBORDINATE LIABILITY**

If a supervisor performs an act motivated by gender or retaliatory animus that is intended by the supervisor to cause an adverse employment action, and if that act is the proximate cause of the ultimate employment action, then the employer is liable.

_____

*Staub v. Proctor Hospital,* 562 US 647, 131 S. Ct. 1186, 179 L. Ed. 2d 144 (2011) ("We therefore hold that if a supervisor performs an act motivated by anti-military animus that is intended by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA"); *Mayes v. WinCo Holdings, Inc.,* 846 F.3d 1274, 1281 (9th Cir. 2017) ("Moreover, the animus of a supervisor can affect an employment decision if the supervisor "influenced or participated in the decisionmaking *process")* (emphasis original); *Boyd v. Washington State Department of Social and Health Services,* 181 Wn.App 1, 20, 349 P.3d 864 (2015) (approving Plaintiff's offered instruction).

**DEFENDANT'S OBJECTION**: Defendant objects to the giving of this instruction. This instruction misstates the law applicable to this case and is unfairly prejudicial, confusing, and misleading. All of the authorities cited by Plaintiff in support of this instruction are cat's paw cases. This is not a cat's paw case; thus, that legal theory does not apply here. These are holdings/dicta taken out of context. This instruction is inapplicable and argumentative. Instructions are not a legal brief.

THE HONORABLE JUDGE RICHARD JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY ANN JOHNSON,               )
                                    )   Case No. 2:18-cv-001678 RAJ
                Plaintiff,          )
                                    )   VERDICT FORM
v.                                  )
                                    )
ALBERTONS, LLC                      )
                                    )
                Defendant.          )
_____ )

1.  Has Plaintiff proven by a preponderance of the evidence that gender discrimination was a substantial factor in the decision to terminate Plaintiff's employment under Washington law.

Yes, _____        No, _____

2.  Has Plaintiff proven by a preponderance of the evidence that retaliation was a substantial factor in the decision to terminate Plaintiff's employment under Washington law.

Yes, _____        No, _____

If the answers to both questions No 1 and No. 2 is no, answer no further questions. If your answers to either questions No. 1 or No. 2 is yes, answer the following questions.

3.  Has Plaintiff proven by a preponderance of the evidence that sex discrimination a motivating factor in the decision to terminate Plaintiff's employment under federal law?

Yes, _____        No, _____

If your answer to question No. 3 is no, skip to question No. 5.  If your answer to question No. 3 is yes, answer the following question.

4.  Has the Defendant proven by a preponderance of the evidence that the Defendant would have made the same decision to terminate Plaintiff's employment even if Plaintiff's sex had played no role in the defendant's decision to terminate Plaintiff's employment under federal law.

Yes, _____        No, _____

5.  Has the Plaintiff proven retaliation by a preponderance of the evidence that the Defendant would not have terminated her from employment but for her opposition to sex discrimination under federal law.

Yes, _____        No, _____

6.  Has the Defendant proven by a preponderance of the evidence that Plaintiff failed to exercise reasonable diligence in finding a comparable job and the amount she could have earned?

Yes, _____        No, _____

If your answer to question No. 6 is no, skip to question No. 8.  If your answer to question No. 6 is yes, answer the following question.

7. What is the amount of money which Plaintiff could have earned with reasonable diligence?

$ _____

Regardless of your answers to questions to questions No. 6 and No. 7, answer the following question.

8.  What is the amount of money that you award Plaintiff for back pay?

Back pay $_____.

9. What is the amount of money that you award Plaintiff for front pay?

Front pay $_____.

10.  What is the amount of money that you award Plaintiff for emotional distress?

Emotional distress $_____.

If you find that the Plaintiff has not proven either discrimination or retaliation under federal law, answer no further questions. If you find that the Plaintiff has proven either discrimination or retaliation under federal law, answer the following question.

21

11.  Has the Plaintiff proven by a preponderance of the evidence that the Defendant acted with reckless disregard for Plaintiff's federally protected rights.

Yes, _____          No, _____

If your answer to question No. 11 is no, answer no further questions.  If your answer to question No. 11 is yes, answer the following question.

12.  What is the amount of money, if any, that you award Plaintiff for punitive damages.

$_____

Dated this _____ day of _____, 2020.

_____
Presiding Juror

**DEFENDANT'S OBJECTIONS:**

1. Several of the "instructions" between questions are confusing as phrased. They should be revised in the manner noted in the attached redlined document.

2. The questions regarding punitive damages fail to address Defendant's "good faith efforts" defense. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999). A question about that defense should be inserted in the manner noted in the attached redlined document.

22

Defendant's Proposed Instruction No. 9

**INSTRUCTION NO. ___**
**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Ninth Circuit Model Instruction 2.9

**PLAINTIFF'S OBJECTION:**  There is no evidence to support this instruction.  Moreover, ER 609 limits the use of criminal convictions to impeach a witness' credibility.

23

1

Defendant's Proposed Instruction No. 16

2

**INSTRUCTION NO. ___**
**RETURN OF VERDICT**

3

4      A verdict form has been prepared for you.  After you have reached unanimous agreement
on a verdict, your presiding juror should complete the verdict form according to your
5   deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

6   _____

Ninth Circuit Model Instruction 3.5
7

8   **PLAINTIFF'S OBJECTION**

9   The instruction should allow the Court to explain the verdict form.  See comment to Ninth
Circuit Model Instruction 3.5.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

24

Defendant's Proposed Instruction No. 18

**INSTRUCTION NO. ___**
**AT-WILL EMPLOYMENT**

Defendant employed Plaintiff at will. At-will employees may be terminated for any lawful reason. You may not second guess the Defendant's business decisions and substitute your opinion for Defendant's even if you believe a decision was unwise, irrational, foolish, or unfair. Instead, Defendant can only be liable to Plaintiff if its decisions were illegal.

_____

*Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 223 (1984) (employment in Washington is generally at-will); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir. 2002) ("[C]ourts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless."); *Navellier v. Sletten,* 262 F.3d 923, 947 (9th Cir. 2001) (affirming trial court's issuance of business judgment instruction); *Dep't of Fair Employment & Housing v. Lucent Techs., Inc.,* 642 F.3d 728, 746 (9th Cir. 2011) (holding that employee cannot show illegal decision by simply showing that employer's decision was wrong, mistaken or unwise); *Garcia v. City of Everett,* 2015 U.S. Dist. LEXIS 51067 (W.D. Wash. Apr. 16, 2015) ("[T]he court does not sit as a super personnel department. . . ."); *McIntosh v. Geithner,* 2011 U.S. Dist. LEXIS 58340 * 38 (E.D. Calif. May 31, 2011) ("'Courts may not sit as super personnel departments, assessing the merits — or even the rationality — of employers' nondiscriminatory business decisions.'" (*citing Mesnick v. General Elec. Co.,* 950 F.2d 816, 825 (1st Cir. 1991)).

**PLAINTIFF'S OBJECTION**

This instruction is argumentative.  The Washington Law Against Discrimination and Title VII are exceptions to the employment-at-will doctrine. Plaintiff has the burden to prove that gender or retaliation was either a substantial factor under state law, WPI 330.01, or a motivating factor under federal law. Model Ninth Circuit Instruction 10.3.  Under either theory, a "lawful reason" is insufficient to defeat liability if the defendant was also motivated by an illegal reason. 42 U.S.C. § 2000e-2(m); *National Association of African American-Owned Media v. Charter Communications, Inc.,* 915 F.3d 617, 626 (9th Cir. 2019). The proposed instruction asserts: "Instead, Defendant can only be liable to Plaintiff if its decisions were illegal." This is an incorrect statement of the law. The defendant is liable if any of its reasons was illegal.

25

Defendant's Proposed Instruction No. 20

**INSTRUCTION NO. ___**
**CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF**

As to her federal Title VII claim for retaliation, the Plaintiff seeks damages against the Defendant for retaliation.  The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.      the Plaintiff opposed an unlawful employment practice, that is raising complaints to the Defendant about alleged unlawful discrimination in the workplace; and

2.      the employer subjected the Plaintiff to an adverse employment action, that is the employer terminated the Plaintiff; and

3.      the Plaintiff was subjected to the adverse employment action because she raised complaints to the Defendant regarding the alleged discrimination.

A Plaintiff is "subjected to an adverse employment action" because of her opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.
Ninth Circuit Model Instruction 10.8 (modified to clarify applicability to the federal Title VII claim).

**PLAINTIFF'S OBJECTIONS**

 The Defendant's proposed instruction does not track the model instruction insofar element (1) does not include: "that is raising complaints to the Defendant about alleged unlawful discrimination in the workplace."  The model instruction does not include the proposed language in element (3) "because she raised complaints to the Defendant regarding the alleged discrimination."

The Defendant's instruction does not instruct the jury that the Plaintiff's reasonable belief that there existed illegal discrimination is sufficient to qualify as protected activity.  See *Moyo v. Gomez,* 40 F.3d 982, 984 (9th Cir 1994) ("The reasonableness of [Plaintiff's] belief that an unlawful employment practice occurred must be assessed according to an objective standard - one that makes due allowance, moreover, for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims. We note again that a reasonable mistake may be one of fact or law"). See also WPI 330.05.
A correct jury instruction should read:

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

> (1)     the plaintiff opposed an unlawful employment practice, that is sex discrimination; and

> (2)     the employer subjected the plaintiff to an adverse employment action, that is discharging her from employment; and

> (3)     the plaintiff was subjected to the adverse employment action because of her opposition to an unlawful employment practice.

A plaintiff is "subjected to an adverse employment action" because of her opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.

With respect to the first element, opposition activity protection will be accorded whenever the opposition is based on a reasonable belief that the Defendant had engaged in unlawful discrimination. In determining whether Plaintiff had a reasonable belief, Plaintiff is protected even if Plaintiff had a limited knowledge about the law or made a reasonable mistake about the facts.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

27

Defendant's Proposed Instruction No. 25

**INSTRUCTION NO. ___**
**CIVIL RIGHTS—TITLE VII—DEFENSE—AFTER-ACQUIRED EVIDENCE**

      The Defendant contends that the Defendant would have made the same decision to discharge the Plaintiff because she retained various documents belonging to Defendant following her termination, and she forwarded emails from Defendant's email system to her own personal email address during her employment. If the Defendant proves by a preponderance of the evidence that the Defendant could have made the same decision and would have discharged the Plaintiff because of this alleged misconduct, you should limit any award of back pay to the date the employer would have made the decision to discharge the Plaintiff as a result of the alleged misconduct.

_____
Ninth Circuit Model Instruction 10.16

**PLAINTIFF'S OBJECTION:**  The Defendant's proposed instruction confuses the burden of proof.  It states if "the Defendant could have made the same decision and would have discharged the Plaintiff . . . ."  The correct standard requires the Defendant to prove that it *would* have made the same decision. *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir.1996) ("An employer can avoid backpay and other remedies by coming forward with after-acquired evidence of an employee's misconduct, but only if it can prove by a preponderance of the evidence that it *would* have fired the employee for that misconduct") (emphasis added).  Moreover, the law requires that the Defendant prove that would have made the same decision based upon the after acquired evidence alone. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362-63 (1995) (to succeed the employer must prove that the employee's "wrongdoing was of such severity that the employee in fact would have been terminated *on these grounds alone*, . . . .") (emphasis added).  These differences are especially important since in this case the Human Resources Director submitted a declaration in opposition to summary judgment in which he testified that the Defendant *could* have terminated the Plaintiff *especially considering her performance deficiencies.*

A correct instruction should read:

The Defendant contends that the Plaintiff  retained various documents belonging to Defendant following her termination, and she forwarded emails from Defendant's email system to her own personal email address during her employment.  To prevail on this affirmative defense the Defendant must prove by a preponderance of the evidence:

(1)  That this conduct violates its policies, and

(2) That if it had known of these facts during Plaintiff's employment it would have terminated Plaintiff's employment for this reason alone.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

If the Defendant has proved both of these elements then you should limit any award of back pay to the date the employer would have made the decision to discharge the Plaintiff as a result of the misconduct.

Defendant's Proposed Instruction No. 26

**INSTRUCTION NO. ___**
**DAMAGES PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.  You should consider the following:

1.      the reasonable value of wages, earnings, and salaries lost up to the present time; and the reasonable value of wages, earnings, and salaries that with reasonable probability will  be lost in the future; and

2.      the mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Ninth Circuit Model Instructions 5.1 and 5.2 (modified to select only damages elements at issue in this case).


**PLAINTIFF'S OBJECTION:**  Plaintiff claims damages under Washington and federal law. The Defendant's instruction is incorrect insofar as it fails to include lost fringe benefits past and future as an item of damages. See WPI 5.1

A correct instruction should read:

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered. If your verdict is for plaintiff, you must determine the amount of money that will reasonably and fairly compensate her for such damages as you find were proximately caused by the acts of the defendant.

If you find for plaintiff, you should consider the following elements:

(1) The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;

(2) The reasonable value of lost future earnings and fringe benefits; and

(3) The emotional harm to plaintiff caused by the defendant's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish, experienced and with reasonable probability to be experienced by plaintiff in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

31

Defendant's Proposed Instruction No. 27

**INSTRUCTION NO. ___**
**DAMAGES – MITIGATION**

The Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1.      that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

_____

Ninth Circuit Model Instruction 5.3

**PLAINTIFF'S OBJECTION:**  The Defendant's instruction fails to inform the jury that the Defendant must prove that Plaintiff failed to use reasonable diligence to find a *suitable* job or a *comparable* job to the one that she lost.  Plaintiff was not required to look for non-managerial job or one paying substantially less than the one that she lost. *See Ford Motor Co. v. EEOC,* 458 U.S. 219, 231 (1982) ("an unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position." A plaintiff need only pursue *"substantially equivalent"* work") (emphasis added); *Cheeks v. General Dynamics,* 22 F. Supp. 3d 1015, 1027 (D. Arizona, 2014) ("Substantially equivalent employment is that which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated"): *Hughes v. Mayoral,* 721 F. Supp. 2d 947, 967-968 (D. Hawaii 2010 (same); *Ingram v. Pacific Gas & Electric Company*, No. 12-cv-02777-JST (ND Cal. Jan. 27, 2014)(same).  The Defendant's instruction fails to inform the jury that the Defendant must prove that Plaintiff failed to use reasonable care to find a position *for which she was qualified. Sias v. City Demonstration Agency*, 588 F. 2d 692, 697  9th Cir. 1978) ("To satisfy this burden, defendant must establish (1) that the damage suffered by plaintiff could have been avoided, i. e. that there were *suitable positions available* which plaintiff could have discovered and *for which he was qualified"*) (emphasis added).  This is especially important in this case since Plaintiff lacked a high school education and was employed in a mid-management earning a salary of approximately $168,000 not including benefits.

Plaintiff proposes a modified WPI 330.83 instruction. A correct instruction would read:

The plaintiff, Kimberly Johnson, has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish a failure to mitigate, Defendant has the burden of proving:

32

(1) There were openings in comparable and suitable positions available for Plaintiff elsewhere after Defendant terminated her;

(2)  That Plaintiff was qualified for those positions;

(3) Plaintiff failed to use reasonable care and diligence in seeking those openings; and

(4) The amount by which damages would have been reduced if Plaintiff had used reasonable care and diligence in seeking those openings.

To be a comparable position, the position must be substantially equivalent to the position that was lost. A substantially equivalent position is one which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position which was lost. You should take into account the characteristics of Plaintiff and the job market in evaluating the reasonableness of Plaintiff's efforts to mitigate damages.

If you find that the Defendant has proved all of the above, you should reduce your award of damages for wage loss accordingly.

1          THE HONORABLE JUDGE RICHARD JONES

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
8                               AT SEATTLE

9    KIMBERLY ANN JOHNSON,                    )
                                              )   Case No. 2:18-cv-001678 RAJ
10                   Plaintiff,               )
                                              )   SPECIAL VERDICT FORM
11   v.                                       )
                                              )
12   ALBERTONS, LLC                           )
                                              )
13                   Defendant.               )
                                              )
14   _____)

15        We, the jury, answer the questions submitted by the Court as follows:

16   **A. TITLE VII**

17

18   QUESTION 1:      **Title VII Sex Discrimination**. Did Plaintiff prove by a preponderance of
                      the evidence that Plaintiff's sex was a <u>motivating factor</u> for Defendant's
19                    decision to terminate her employment?

20                    ANSWER: [  ] Yes [  ] No

21                • *Please proceed to Question 2.*

22   QUESTION 2:      **Title VII Retaliation**. Did Plaintiff prove by a preponderance of the
23                    evidence that Plaintiff complained about discrimination and that her
                      complaint was a <u>motivating factor</u> for Defendant's decision to terminate
24                    her employment?

25                    ANSWER: [  ] Yes [  ] No

26                • *Please proceed to Question 3.*

34

**B. WASHINGTON LAW AGAINST DISCRIMINATION**

QUESTION 3:        **WLAD Gender Discrimination**. Did Plaintiff prove by a preponderance of the evidence that Plaintiff's gender was a <u>substantial factor</u> for Defendant's decision to terminate her employment?

ANSWER: [  ] Yes [  ] No

- *Please proceed to Question 4.*

QUESTION 4:        **WLAD Retaliation**. Did Plaintiff prove by a preponderance of the evidence that Plaintiff complained about discrimination and that her complaint was a <u>substantial factor</u> for Defendant's decision to terminate her employment?

ANSWER: [  ] Yes [  ] No

- *If you answered "no" to Questions 1, 2, 3, and 4, sign this verdict form and notify the bailiff. Answer no more questions.*

- *If you answered "yes" to any of Questions 1, 2, 3, or 4, proceed to Question 5.*

**C. PROXIMATE CAUSE**

QUESTION 5:        Proximate Cause. Did Plaintiff prove by a preponderance of the evidence that unlawful discrimination or retaliation by Defendant proximately caused her claimed damages?

ANSWER: [  ] Yes [  ] No

- *If you answered "no" to Question 5, sign this verdict form and notify the bailiff. Answer no more questions.*

- *If you answered "yes" to Question 5, proceed to question 6.*

**D. DAMAGES**

QUESTION 6:        **Damages Amount**. What do you find to be the amount of damages sustained by Plaintiff, if any?

Past Economic Damages: $_____

Future Economic Damages: $_____

35

1        Non-Economic Damages: $_____

2        • *Please proceed to Question 7.*

3    QUESTION 7:      **Mitigation**. Did Defendant prove that Plaintiff failed to mitigate her
4                     claimed damages, or that her claimed damages should be reduced by any
5                     amount earned in mitigation?

6                     ANSWER: [ ] Yes  [ ] No

7                     If you answered "yes," by what amount is Plaintiff's amount of damages
                      to be reduced for failure to mitigate damages?

8                     $_____

9
10       • *If you answered "yes" to Questions 1 or 2, and you answered "Yes" to*
         *Question 5, please proceed to Question 8.*

11   QUESTION 8:      **Punitive Damages**. Do you find that punitive damages are appropriate?

12
13                    ANSWER: [  ] Yes [  ] No

14                    If you answered "yes," what do you find to be the amount of punitive
                      damages?

15                    Punitive Damages: $_____

16
17       • Sign this verdict form and notify the bailiff.

18
19   SIGNED and DATED this _____ day of March, 2020.

20
21                    _____
                                    PRESIDING JUROR
22

23   **PLAINTIFF'S OBJECTION TO THE DEFENDANT'S VERDICT FORM:**

24   1.  Plaintiff objects to the Defendant's designation of the verdict form as "special verdict form."
25   *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) ("The theoretical
     distinction between general and special verdicts is that general verdicts require the jury to apply
     the law to the facts, and therefore require legal instruction, whereas special verdicts compel the
26

36

jury to focus exclusively on its fact-finding role."  "Thus in a general verdict the jury announces only the prevailing party on a particular claim, and may announce damages").

2.  Question No 5 is improper.  Plaintiff does not have to prove proximate cause to succeed under either state or federal law. Plaintiff need only show that gender was a "motivating factor" or retaliation was a "but for" cause under federal law, Model Ninth Circuit Instructions Nos, 10.3, 10.8,and that it was a "substantial factor" under state law.  WPI 330.01, 330.01.01, 330.05.

3.  Question No. 7.  If the Defendant succeeds in the affirmative defense of mitigation of damages, the jury should reduce the amount of "economic" damages otherwise recoverable.  The Defendant's verdict form fails to instruct the jury that mitigation is only reduced from economic damages and not damages for emotional distress.

37