HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY ANN JOHNSON,

9                          Plaintiff,

10

11            v.

12    ALBERTSONS, LLC,

13                          Defendant.

14
15
16
17
18
19
20
21
22
23
24
25
26

Case No. 2:18-cv-01678-RAJ

**PLAINTIFF'S REPLY TO
DEFENDANT'S OPPOSITION
TO PLAINTIFF'S PETITION FOR
ATTORNEY FEES AND COSTS**

**NOTING DATE: MAY 29, 2020**

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

## I.  INTRODUCTION

On March 6, 2020, the jury found in favor of Kimberly Johnson on her claim of retaliation under Title VII and the Washington Law Against Discrimination, RCW 40.60 *et. seq*.  The jury found for the Defendant on the claim of gender discrimination under both statutes. Plaintiff filed a petition for fees and costs, Dkt. No. 104.  The Defendant objects to the hourly rates requested, the hours expended, and a requested lodestar to the multiplier. Dkt. No. 123.

For the reasons stated below, the Defendant's objections are without merit and should be rejected.  Since the presentation of its motion for fees and costs, counsel have spent an additional 64.55 in reply to the Defendant's objections to fees and costs and a tax adjustment.  See Mindenbergs and Needle Declarations and a Amended Proposed Order.

## II.  ARGUMENT

**A.  A Fee Award Should Not be Reduced Where All Claims Were Based Upon a Common Core of Facts.**

The Defendant argues Ms. Johnson's fee request should be reduced by 50% because she only succeeded in half of her legal claims and she achieved "only limited or partial success. . . ." Dkt. No. 123 at 3.  Defendant argues that the claims were unrelated but even if the Court finds the claims were related, "it must evaluate in light of the 'significance of the overall relief obtained . . . in relation to the hours reasonably expended on the litigation.'" *Id.*

"[C]laims are unrelated if they are distinctly different claims for relief that are based on different facts and legal theories; claims are related if they involve a common core of facts or [are] based on *related legal theories*." *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 899 (9th Cir. 1995) (emphasis added).  "[T]he test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Id*. at 903.  Gender discrimination and retaliation for having complained about gender discrimination are related legal theories.  The two claims are not "entirely distinct and separate."  Moreover, the jury awarded

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S PETITION FOR ATTORNEY FEES
AND COSTS - 1
Case No. 2:18-cv-01678-RAJ

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

1   $2,625,000 in compensatory damages and $10 million in punitive damages to Plaintiff.  Despite the

2   Defendant's assertion to the contrary, this cannot be dismissed as "only limited or partial success."

3       The Defendant also argues that Ms. Johnson relied upon evidence that was exclusively

4   related to the issue of gender discrimination, including inflated sales projections, animosity against

5   her by Karl Schroeder, internal discussions regarding legal fee accrual, and evidence of Plaintiff's

6   improvement shortly before her termination.  Dkt. No. 123 at 4.  But all of this evidence was relevant

7   to the claim of both gender discrimination *and* retaliation.  Moreover, to succeed in her claim of

8   retaliation, Ms. Johnson was required to prove a reasonable belief in the underlying discrimination.

9   *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir 1994).  The Defendant ignores that Ms. Johnson also

10  relied on the exact same evidence to prove that the Defendant's reasons for termination were a

11  pretext, to refute the affirmative defenses of "after acquired evidence" and failure to mitigate

12  damages, and to prove damages.

13  **B.  The Number of Hours Requested Should Not Be Reduced.**

14      The Defendant personally attacks Ms. Johnson's attorneys to argue that they regularly bill

15  for excessive hours. Dkt. No. 12 at 9-12.  The Defendant attacks Jeffrey Needle for "his obstreperous

16  behaving during a deposition, failing to act in good-faith and abide by Fed. R. Civ. P. 30(f)(2)(A)."

17  Dkt. No. 123 at 10.  Although unstated, this is a reference to a motion brought by D. Michael Reilly

18  to disqualify a court reporter.  Dkt. No. 16.  The declaration of Mr. Reilly was explicitly contradicted

19  by the Declarations of Lauren Harty, Court Reporter, Dkt. No. 20 at ¶13, Michael Nelson, Manager

20  of Seattle Deposition Reporters, Dkt. No. 21 at ¶¶10-11, and Susan Mindenbergs, Dkt. No. 19 at

21  ¶¶7-9.  The Court ruled the Reilly's motion was moot.  Dkt. No. 52 at 1, n.1.  Mr. Reilly's repeated

22  insulting behavior is documented in response to his motion. Dkt. No. 19 at ¶¶6-7.

23      The Defendant relies on *Chen v. Barahimi,* 2:04-cv-00987-MJP (2009) to support an

24  allegation that Susan Mindenbergs lacked experience sufficient to participate in electronic

25  discovery. Dkt. No. 123 at 10. Even if true, that was *eleven* years ago.  *See* Mindenbergs Decl., ¶15.

26  The Defendant also expresses concerns that Ms. Mindenbergs spent "time on tasks that should have

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S PETITION FOR ATTORNEY FEES
AND COSTS - 2
Case No. 2:18-cv-01678-RAJ

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

1   been accomplished by less experienced professionals." Dkt. No. 123 at 10.  But Ms. Mindenbergs

2   is a sole practitioner, and, unlike the firm of Lane Powell, less experienced professionals are

3   unavailable. *See* Mindenbergs Decl., ¶11. The Defendant also relies on *Woldemariam v. Seattle*

4   *School District*, C18-1825RSM (2019) to demonstrate that the Court decreased Ms. Mindenbergs's

5   hourly rate.   Dkt. No. at 123 at 10-11.   But that case involved educational Due Process

6   Administrative Proceedings under the Individuals with Disabilities in Education Act (IDEA) about

7   which the Court found justified a lower hourly rate.  Dkt. No. 124, Ex. D; Mindenbergs Decl., ¶17.

8        The Defendant argues that the time of a paralegal attending trial should not be included, Dkt.

9   No. 123 at 11-12 but the Defendant had a paralegal attending trial performing the same

10  responsibilities.  Moreover, Ms. Thomas's attendance at trial was instrumental in assisting counsel

11  with preparing and presenting necessary exhibits.  Mindenbergs Decl., ¶14.  Although the testimony

12  of current Albertsons employees, Jackie Katanik, Lori Gruber, and Staci Marshall, were not used at

13  trial, *Id*. at 11-12, their depositions were essential to discover what information they knew related

14  to both claims of retaliation and discrimination.

15       The Defendant objects to Ms. Mindenbergs paralegal's "block billing," Dkt. No. 123 at

16  12, but neglects to define the term.  "Block billing is the time-keeping method by which each lawyer

17  and legal assistant enters the total daily time spent working on a case, rather than itemizing the time

18  expended on specific tasks." *Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945 n2 (9th Cir. 2007).  None

19  of the time spent by Ms. Thomas was "block billing."  Mindenbergs Decl., ¶14.

20       Karl Schroeder is the President of the Albertsons' Seattle Division and a key participant in

21  the decision to terminate Ms. Johnson.  He was one of most critical witnesses in the case, yet the

22  Defendant objects to the time spent in preparation for his deposition. Dkt. No. 123 at 12.  Likewise,

23  the Defendant's objections concerning the time spent responding to summary judgment and drafting

24  jury instructions are without merit. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-14 (9th

25  Cir. 2008) ("[b]y and large, the court should defer to the winning lawyer's professional judgment as

26

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S PETITION FOR ATTORNEY FEES
AND COSTS - 3
Case No. 2:18-cv-01678-RAJ

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

1    to how much time [s]he was required to spend on the case; after all [s]he won, and might not have,

2    had [s]he been more of a slacker"). *See* Mindenbergs Decl., ¶¶9, 12.

3        If the Court has any lingering doubts about whether the number of hours required by

4    Plaintiff's attorneys to win the case, it should require the Defendant to disclose the number of hours

5    required by the Defendant to lose.  *See McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d

6    805, 809 (9th Cir. 1994) (defendant's "argument [that plaintiff's fee claim is excessive] might have

7    more weight if it had not found it necessary to spend considerably more money losing than its

8    adversary spent winning").

9    **C.  Plaintiff's Hourly Rates are Reasonable.**

10       Counsel's hourly rates are supported by the Declaration of Victoria Vreeland, Dkt. No. 112.

11   Although the Defendant submits a declaration of David Burkett in opposition to fees and costs, Dkt.

12   No. 125, Mr. Burkett says not one word about the reasonableness of counsel's hourly fees.  The

13   Defendant offers no evidence, only argument.  The Defendant argues the requested rates reflect a

14   contingent risk "where the fee is at the top for Seattle's plaintiff's attorneys."  But Plaintiff's fee

15   was contingent upon winning and the rates charged by Plaintiff's attorneys are the rates where they

16   are paid by the hour.  Plaintiff's counsel will receive 40% of the gross recovery, which includes the

17   judgment, attorney fees, tax consequences, and prejudgment interest. Mindenbergs Decl., ¶6.  To

18   ascertain whether Plaintiff's requested rates are reasonable, the Court might require Defendant to

19   disclose the hourly rates charged by its attorneys - even when they lose.

20   **D.  Plaintiffs are Deserving of a Multiplier to the Lodestar.**

21       The Defendant argues against the application of a multiplier mostly on the grounds that this

22   was not an unusual case without substantial risk.  According to the Defendant, "this was not an

23   inherently difficult case, and the key evidence *marked as Plaintiff's exhibits* was in Plaintiff's

24   possession from the outset." Dkt. No. 123 at 6 (emphasis added). This argument, however, is

25   contradicted by the Defendant's offer of judgment in the amount of $52,000, Dkt. No. 110 at ¶10,

26   made in response to Plaintiff's demand of $1.78 million on January 11, 2019. *Id*.  To the extent

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S PETITION FOR ATTORNEY FEES
AND COSTS - 4
Case No. 2:18-cv-01678-RAJ

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

1  Defense counsel claims to have ever offered an amount which exceeds or even remotely approached

2  Plaintiff's demand it is simply a deliberate lie. *See* Needle Decl., ¶4.   Contrary to the Defendant's

3  representations, Plaintiff relied upon numerous documents only produced in discovery, including

4  sales and labor projections and detailed financial spreadsheets showing the results of each district

5  and that the Seattle Division missed sales projections by tens of millions of dollars.   Exhibits 133,

6  205, 260, 351-354, 355-358, 370, 382-385.   Karl Schroeder's own handwritten note were obviously

7  only obtained in discovery and demonstrated his retaliatory intent.   Ex. 201.

8  Contrary to the Defendant's assertion, a superficial examination of the record will reveal that

9  in opposition to summary judgment Ms. Johnson did not "mainly rely upon her own deposition and

10  declaration testimony." Dkt. No. 123 at 6.   She relied upon the declarations and depositions of

11  Jeffrey Glazer, former Albertsons' Finance Director, Brandon Itaoka, former Albertsons' Labor

12  Analyst, David Carlson, Sean Pritchard, Joel Radar (former direct reports to Ms. Johnson), and

13  deposition excerpts of Trevor Ennis, Robert Backus, John Ortiz, Karl Schroeder, Susan Morris, and

14  Jackie Katanik.

15  The Defendant argues that the review of statistical evidence is routine in Title VII cases.

16  Dkt. No. 123 at 8.   But the statistical analysis routinely utilized in Title VII cases is used for the

17  purpose of proving that within certain standard deviations the lack of minority representation in the

18  work-place was not a product of random chance.   The statistical analysis used in this case was

19  entirely different.   Albertsons argues that Ms. Johnson knew all these financial/projections statistics

20  and could have provided that information to her lawyers.   While it is true that she knew how the

21  inflated projections affected the stores' performance in her district, she had no knowledge of how

22  the sales and labor projections were developed.   Mindenbergs Decl., ¶7.

23  Here, the risk *at the outset* of the case the risk was substantial. *Berryman v. Metcalf,* 177

24  Wn. App. 644, 682, 312 P.3d 745 (2013) ("In adjusting the lodestar to account for this risk factor,

25  the trial court must assess the likelihood of success at the outset of the litigation").   The result was

26  extraordinary, including $2,625,000 in compensatory damages and $10 million in punitive damages.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S PETITION FOR ATTORNEY FEES
AND COSTS - 5
Case No. 2:18-cv-01678-RAJ

JEFFREY NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
(206) 447-1560 fax (206) 447-1523

**E.  Supplemental and Revised Request for Attorney Fees and Costs**

Since filing Plaintiff's Petition for Attorneys' Fees and Costs, Dkt. No. 104, Plaintiff's attorneys have spent an additional 64.55 hours and incurred additional expert witness costs for Paul Torelli, Ph.D., and Victoria Vreeland.  *See* Needle and Mindenbergs Declarations.  Plaintiff has revised her multiplier request to reflect hours worked only before the jury's verdict. *Id.*   An Amended Proposed Order is attached.

## III.  CONCLUSION

The Court should award attorney fees costs as requested.

Respectfully Submitted this 29th day of May 2020.


By: */s/ Jeffrey Needle*
Jeffrey L. Needle, WSBA No. 6345
Law Office of Jeffrey L. Needle
Susan B. Mindenbergs, WSBA No. 20545
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Facsimile: (206) 447-1523
Email: jneedlel@wolfnet.com
Email: susanmm@msn.com
*Attorneys for Plaintiff*

1

## CERTIFICATE OF SERVICE

2       I hereby certify and declare that on May 29, 2020, the foregoing document was electronically

3  filed with the Clerk of the Court using the CM/ECF system, which automatically generated an

4  electronic notification of such filing to all parties in the case who are registered users of the CM/ECF

5  system. I hereby certify that the foregoing document was sent to the following participants:

6

7    D. Michael Reilly, WSBA No. 14674
     Sean D. Jackson, WSBA No. 33615              ☐ Legal Messenger
8    Beth G. Joffe, WSBA No. 42782                ☐ Facsimile
     David G. Hosenpud, *pro hac vice*            ☐ Electronic Mail
9    LANE POWELL PC                               ☐ U.S. First Class Mail
     1420 Fifth Avenue, Suite 4200               ☐ eFiling/eService
10   P.O. Box 91302                               ☒ CM/ECF
     Seattle, WA 98111-9402
11   Telephone: (206) 223-7000
     Facsimile: (206) 223-7107
12   Email: reillym@lanepowell.com
     Email: jacksons@lanepowell.com
13   Email: joffeb@lanepowell.com
     Email: hosenpudd@lanepowell.com
14   *Attorneys for Defendant*

15

16      The foregoing statement is made under the penalty of perjury under the laws of the United

17  States of America and the State of Washington and is true and correct.

18      DATED this 29th day of May 2020.

19

20                    By: */s/ Christine A. Thomas*
                      Christine A. Thomas, *Paralegal*
21                    Law Office of Susan B. Mindenbergs
                      705 Second Avenue, Suite 1050
22                    Seattle, WA 98104
                      Telephone: (206) 447-1560
23                    Facsimile:  (206) 447-1523
                      Email: christine@sbmlaw.net

24

25

26

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S PETITION FOR ATTORNEY FEES
AND COSTS - 7
Case No. 2:18-cv-01678-RAJ