HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY ANN JOHNSON,

    Plaintiff,

v.

ALBERTSONS, LLC,

    Defendant.

Case No. 2:18-cv-01678-RAJ

**DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS**

Susan B. Mindenbergs does hereby declare under penalty of perjury under the laws of the United States and the State of Washington that the following is true and correct and from my personal knowledge:

1. I am over the age of eighteen (18) years and am competent to testify in this matter.

2. I represent the Plaintiff Kimberly Johnson in the above-entitled action along with my co-counsel, Jeffrey L. Needle.

3. As a sole practitioner, I carefully select cases to litigate because of the time each case takes. I spent hours evaluating Ms. Johnson's case immediately after she was fired. I am not seeking compensation for that time. In July 2018, I spent time completing an investigation about the viability of her case. Beginning in October 2018, I spent a significant percentage of my time on Ms. Johnson's case to the exclusion of other work. Between the first of December 2019 and

DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
Case No. 2:18-cv-01678-RAJ
Page 1 of 8

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

April 20, 2020, I worked almost exclusively on Ms. Johnson's case. During that four and one-half month period, I did very little work on other cases and I took no new cases because of the time that the Johnson matter required. Due to the complexities of the issues, including the comparative analysis of the Districts within the Seattle Division, the plethora of documents, and conflicting testimony of witnesses, this was the most intensely litigated case of my career.

4. Despite Albertsons' demurrer to the contrary, this was an extremely risky case. Ms. Johnson suspected that her sales projections were intentionally inflated, but she had no proof that it occurred. Defense witnesses testified consistent with the legal theories developed by their lawyers. The witnesses included the Chief Operations Officer, Corporate Senior Vice President, Division President, Division Senior and Area Vice Presidents, and a bevy of current management employees. If the four former Albertsons employees presented at trial by Ms. Johnson had either chosen not to step forward on Ms. Johnson's behalf or if she had not been able to locate them, she would not have been able to win her case. As it was, all four met with Ms. Johnson's counsel on several occasions to discuss the facts as they knew them. Then, three of the four had to endure sometimes very contentious depositions in which accusations about their character were made and their motives were impugned. All four are currently employed elsewhere and all had to take significant time away from their work to participate in Ms. Johnson's case.

5. There was no "straight path" to the verdict in this case as asserted by Albertsons. Ms. Johnson was clearly able to articulate her claim, but she needed the expertise provided by the technical witnesses to prove the underlying methodology Albertsons used to undermine her performance and terminate her employment.

6. Mr. Needle and I have a contingency agreement with Ms. Johnson. The provisions of that agreement include that counsel will have a 40% contingent interest in the case if the case is successfully tried. The agreement states that counsel will file a fee petition with the Court in the event there is a jury verdict in Ms. Johnson's favor. The contingent interest is 40% of the total judgment—that is, the judgment plus the award for fees, tax consequences, and prejudgment

DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT
OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
Case No. 2:18-cv-01678-RAJ
Page 2 of 8

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
susanmm@msn.com

interest or alternatively, counsel will take what the Court awards as fees—whichever is greater. Under no circumstances would we take a contingent interest plus the fees awarded by the Court.

7. Albertsons complains that I did not report the number of pages of documents I reviewed in preparation for this case. I reviewed all 27,000 PDFs produced by Albertsons in this litigation. In addition, I reviewed hundreds of pages of excel spreadsheets Albertsons produced. The excel spreadsheets were not the typical type of "statistics" in an employment case. Rather, the spreadsheets contained complex financial data in multiple categories many of which were terms of art in the industry. Many of the sales projection and labor projection documents consisted of analytical formulas of dozens of metrics. Ms. Johnson could not assist us in understanding the sales and labor projection documents because she did not conduct the analysis. Ms. Johnson was able to articulate how the inflated projections affected her stores' performance, but not how the projections were developed.

8. Albertsons complains that I billed my hourly rate while traveling to Boise, Idaho to take depositions. During the time I spent traveling, I worked on the case. On route to Boise, I reviewed and refined my questions to the deponents. On the return flight, I reviewed my notes from the deposition and compared the testimony with testimony from other deponents.

9. Albertsons complains that I spent 39.8 hours preparing for and conducting and reviewing the transcript of the deposition of Seattle Division President Karl Schroeder. It was my determination that Mr. Schroeder was the most important defense witness. Albertsons claimed he was the ultimate decision maker in the determination to fire Ms. Johnson. I think the time spent preparing for, taking, and reviewing Mr. Schroeder's deposition were instrumental in Ms. Johnson's success at trial.

10. Albertsons argues that the only discovery motion in this case was occasioned by Mr. Needle's conduct. To the contrary, I interviewed the Court Reporter and the Manager of Seattle Deposition Reporters. Both made it clear that Albertsons' counsel, D. Michael Reilly, was the aggressor. Moreover, both the Court Reporter and the Manager flatly disputed Mr. Reilly's

DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
Case No. 2:18-cv-01678-RAJ
Page 3 of 8

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
susanmm@msn.com

sworn testimony about the issues in dispute. See Dkt. No. 20 and Dkt. No. 21. The discovery motion was brought after Mr. Reilly demanded that the Court Reporter who had reported all depositions Plaintiff took in the case be disallowed from any further reporting in the case. Because we knew that the Court Reporter has always exhibited the highest level of integrity, we declined to remove her from the case because we believed it would cast an unwarranted shadow of doubt about her integrity.

11. Albertsons argues that we should have used "less experienced attorneys" for this case. Neither Mr. Needle nor I have associates. We are both sole practitioners responsible for all legal work done in our respective offices.

12. Defendant's summary judgment motion was detailed both legally and factually. Opposing the motion required me to digest every deposition taken in the case and have a thorough understanding of the myriad of financial and projection documents. It was time-consuming. The task could not have been delegated to anyone else. It was incumbent on the lawyers to know both the factual and legal underpinnings of the Defendant's case articulated in its motion for summary judgment in order to properly inform the Court.

13. Co-counsel needed to work together to strategize the litigation. Mr. Needle and I met occasionally with our client, with witnesses, and with our staff to ensure that we were coordinating our activities efficiently and effectively. Those types of meetings are not "duplicative entries."

14. I reviewed all of Christine Thomas's entries. I removed any that were block-billed. The billings in which there are more than one entry are not block-billed, they are related actions. Ms. Thomas was instrumental in preparing and presenting exhibits to the jury at trial.

15. The *Barahimi & Chen v. Dougherty, et al.,* CV4-0987P judgment was entered in April 2009—eleven years ago. See Dkt. No. 124, Ex. C. At the time, I billed and was awarded $300 an hour for 1127 hours that I logged in the case by the Honorable Marsha Pechman. In her ruling on my petition for fees, Judge Pechman reduced my hourly rate to $200 for 40 hours related

DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
Case No. 2:18-cv-01678-RAJ
Page 4 of 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
susanmm@msn.com

to electronic discovery issues because I did not suggest search terms. At the time Judge Pechman made this ruling I was relatively unfamiliar with the complexities of electronic discovery.

16. At the conclusion of the *Barahimi* case, I did a public disclosure request for the fees paid to the firms of Lane Powell PC and Gordon Derr LLP, the firms representing the individual managers and King County, respectively. This was a consolidated matter asserting similar types of retaliation for whistleblowing employees who complained about the County granting building permits for 1500 new homes on rural Redmond Ridge where the roadways were two-lane roads through pastureland and inadequate to support the increased traffic without gridlock. Questions of qualified immunity and a *Garcetti* challenge were resolved by interlocutory orders in Plaintiff's favor by the Ninth Circuit. The documents produced in response to the Public Disclosure Request demonstrated that King County, the losing party, was billed more than $2.4 million dollars by the law firms of Lane Powell PC and Gordon Derr LLP collectively.

17. In *Woldemariam, et al. v. Seattle School District*, C18-1825 RSM, the Honorable Ricardo Martinez awarded me $300 an hour for the work I did on a Due Process Administrative Proceeding case brought under the Individuals with Disabilities in Education Act (IDEA). I had sought $425 an hour for my work in that case. Judge Martinez found the evidence to support that educational lawyers typically charge between $175 and $300 an hour persuasive. Although I performed the work in that case on a contingency basis, I could find no other attorneys who practiced education law on a contingency basis. While attempting to obtain an expert opinion about my hourly rate to support my fee petition, I learned that education lawyers typically charge between $225 and $300 an hour and charge by the hour. Ms. Woldemariam could not have employed me on an hourly basis. She is a limited English-speaking single mother with a severely autistic son who was criminally beaten by his special education teacher and excluded from the classroom on a regular basis. In order to get the case on the civil calendar, we had to first exhaust administrative remedies. That required that I litigate the case first in the administrative arena. Out of the 213.5 hours I billed in the Due Process Administrative Proceeding, Judge Martinez awarded

DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT
OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
Case No. 2:18-cv-01678-RAJ
Page 5 of 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

compensation for 183.5—excluding 30 hours—25 for research and five for participation in a resolution meeting.

18. In 2014, I was awarded $375 per hour in an IDEA Due Process case by the Honorable Ronald Leighton. The case *Snell, et al., v. North Thurston School District*, Case No. C13-5488 RBL involved a diabetic child whose condition was so severe that she required blood sugar level testing every two hours. The district refused to provide the accommodation and it led to the child being relegated to home schooling. I sought $184,833.20 in fees and costs. Judge Leighton awarded $184,833.20, the full amount of the award I was seeking with no deduction. Attached as Exhibit 1 to this declaration is a true and accurate copy of the order granting fees in that case.

19. In *Wingate v. Whitlatch*, Case No. 2:15-cv-00822-RJJ, I was surprised by a 56-page declaration with hundreds of pages of exhibits from an "expert" opposing the fee petitions of my co-counsel, Vonda Sargent, and me. The time I spent replying to that expert was excessive and I have not repeated that error.

20. I have kept a contemporaneous log of the time I have spent on this case since April 20, 2020. I have also maintained records of the costs expended in this case since that date. Since April 20, I have logged 39.55 hours working on post-trial motions. Attached as Exhibit 2 to my declaration is a true and accurate copy of the log of the time I spent on this case from April 20, 2020 to May 29, 2020, which also includes my paralegal's accrued hours for the same time period (40 hours at $175 an hour).

21. Also included in the time log are the costs incurred since April 20, 2020. The costs included in the attachment are invoices for expert witness fees for Victoria Vreeland in the amount of $13,200.00 and for Paul Torelli, Ph.D., in the amount of $3,612.50. True and accurate copies of the aforesaid invoices are attached hereto as Exhibit 3.

22. The total number of hours I have logged in this case are 1,240.35. I am requesting a lodestar for 1,240.35 hours. My usual and customary hourly rate is $500 an hour.

DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT
OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
Case No. 2:18-cv-01678-RAJ
Page 6 of 8

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

23. The total number of hours for which I am requesting the Court consider a multiplier is 1,143.15. 1,143.15 hours represents the time I spent litigating this case before March 7, 2020.

24. A Proposed Amended Order is filed with this reply.

DATED this 29th day of May 2020, at Seattle, Washington.

By: */s/ Susan B. Mindenbergs*
Susan B. Mindenbergs, WSBA No. 20545
*Attorney for Plaintiff*
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Facsimile: (206) 447-1523
Email: susanmm@msn.com

DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
Case No. 2:18-cv-01678-RAJ
Page 7 of 8

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

# CERTIFICATE OF SERVICE

I hereby certify and declare that on May 29, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically generated an electronic notification of such filing to all parties in the case who are registered users of the CM/ECF system. I hereby certify that the foregoing document was sent to the following participants:

D. Michael Reilly, WSBA No. 14674
Sean D. Jackson, WSBA No. 33615
Beth G. Joffe, WSBA No. 42782
David G. Hosenpud, *pro hac vice*
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
Email: reillym@lanepowell.com
Email: jacksons@lanepowell.com
Email: joffeb@lanepowell.com
Email: hosenpudd@lanepowell.com
*Attorneys for Defendant*

☐ Legal Messenger
☐ Facsimile
☐ Electronic Mail
☐ U.S. First Class Mail
☐ eFiling/eService
☒ CM/ECF

The foregoing statement is made under the penalty of perjury under the laws of the United States of America and the State of Washington and is true and correct.

DATED this 29th day of May 2020.

By: */s/ Christine A. Thomas*
Christine A. Thomas, *Paralegal*
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Facsimile: (206) 447-1523
Email: christine@sbmlaw.net

DECLARATION OF SUSAN B. MINDENBERGS IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
Case No. 2:18-cv-01678-RAJ
Page 8 of 8

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM