Declaration of Susan B. Mindenbergs

# Exhibit 1

|   | HONORABLE RONALD B. LEIGHTON |
|---|---|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| WENDY SNELL, et al., | CASE NO. C13-5488 RBL |
|---|---|
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES |
| v. | [DKT. #20] |
| NORTH THURSTON SCHOOL DISTRICT, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiffs' Motion for attorneys' fees under the IDEA [Dkt .#20]. Plaintiff Snell argues that she (and her daughter) prevailed on their IDEA claim, and she seeks $184,833.20 in fees and costs. [*See* Dkt. # 21 at 6]

The North Thurston School District points out that Snell did not prevail on the bulk of her claims, and that even the relief she did obtain was only a third of what she sought.  It claims that the hours sought are excessive, but does not articulate what might be a reasonable amount.  It also asks the Court to defer ruling on the attorneys' fee issue until the Ninth Circuit's review of the Court's underlying order is complete.

1       The first step in determining reasonable fees is to calculate the lodestar figure, by taking

2 the number of hours reasonably expended on the litigation and multiplying it by the appropriate

3 hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court should exclude

4 overstaffed, redundant, or unnecessary time. *Id.* at 434. The Court must also consider the extent

5 of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award. *Id.* at

6 440.

7       After determining the lodestar figure, the Court should then determine whether to adjust

8 the lodestar figure up or down, based on factors not subsumed in the lodestar figure. These

9 factors[1] were adopted in this Circuit by *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70

10 (9th Cir. 1975) *cert. denied*, 425 U.S. 951 (1976). The applicability of the sixth (whether the fee

11 is fixed or contingent) and tenth (the "undesirability " of the case) *Kerr* factors is doubtful after

12 *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Davis v. City & County of San*

13 *Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345

14 (9th Cir. 1993)(fixed vs. contingent nature of fee is not to be considered). Additionally,

15 numerous courts have subsequently held that the bulk of these factors are subsumed in the

16 lodestar calculation. *See, for example, Blum v. Stenson*, 465 U.S. 886, 898-900 (1984).

17

18

19

20
21 [1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6)
22 whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation,
23 and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras*
24 *Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

In any event, the lodestar calculation is presumptively reasonable, and adjustments (up are down) are appropriate only in rare and exceptional cases. *Id.*, *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).

The lodestar calculation is similarly the starting point for determining a reasonable fee under Washington law. *Scott Fetzer v. Weeks*, 114 Wn.2d 109, 786 P.2d 265 (1990); *Absher Constr. v. Kent Sch. Dist. No. 415*, 79 Wash. App. 841, 847, 917 P.2d 1086 (1995). Washington's RPC 1.5 lists factors to be considered in evaluating the reasonableness of an attorney's fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client; and
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services.

RPC 1.5(a) (1)-(7).  These factors are consistent with current *Kerr* factors.

**A.     Reasonable Hourly Rate.**

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003).  The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).  In making its calculation, the Court should also consider the experience, skill, and reputation of the attorney requesting fees. *Schwarz v. Sec'y of Health &*

*Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). The Court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff's primary attorney, Susan Mindenbergs, charges and requests $375 per hour (the same as the Defendant's primary attorney), and she seeks $125 per hour for her paralegal's time. Defendants do not challenge the reasonableness of these rates, and they are reasonable.

**B.     Reasonable Number of Hours.**

Mindenbergs demonstrates that she spent 443.36 hours on this litigation, and her paralegal spent 127.4. She spent an additional $1806.25 obtaining the opinion of an outside attorney, Jeffrey Needle. Needle opines, persuasively, that the rates and hours incurred by Plaintiff's attorney were reasonable.

North Thurston's opposition relies on its claim that Snell did not prevail on more than half of her claims, and that it incurred only about $100,000 in fees on the whole case. It apparently contends that its own fee demonstrates that the almost double number incurred by Plaintiff was excessive. It also points to several events and the hours devoted to them that it claims are excessive.

Snell's claim that she prevailed is not undermined by North Thurston's claim that she wanted even more, and North Thurston has not demonstrated that the hours spent were unproductive or otherwise excessive. The Court will not defer the award of fees to the "other end" of the appeal. The fees and costs sought are reasonable under the relevant authorities, and there is no compelling reason to reduce them.

1   The full amount of the fees and costs requested are awarded without deduction.

2   IT IS SO ORDERED.

3   Dated this 22nd day of May, 2014.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Declaration of Susan B. Mindenbergs

# Exhibit 2

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 2ND AVENUE, SUITE 1050
SEATTLE, WA  98104

(206) 447-1560

Kimberly Johnson
886 Henry Lane
Camano Island, WA  98282

| Date | Attorney Activity | Hours | Rate | |
|---|---|---|---|---|
| 5/4/20 | Research prejudgment interest | 2.10 | 500.00 | 1,050.00 |
| 5/5/20 | Draft adverse consequence brief | 2.20 | 500.00 | 1,100.00 |
| 5/6/20 | Draft adverse consequence brief | 2.15 | 500.00 | 1,075.00 |
| 5/7/20 | Edit petition for fees brief | 3.10 | 500.00 | 1,550.00 |
| 5/8/20 | Remove hours from fee petition | 3.50 | 500.00 | 1,750.00 |
| 5/11/20 | Revise motion for adverse tax consequences and prejudment interest | 1.50 | 500.00 | 750.00 |
| 5/12/20 | Revise motion for adverse tax consequences and prejudgment interest | 2.10 | 500.00 | 1,050.00 |
| 5/13/20 | Categorize all hours in contempoaneous fee record | 3.30 | 500.00 | 1,650.00 |
| 5/14/20 | Final edit on post trial motions and declarations | 2.10 | 500.00 | 1,050.00 |
| 5/23/20 | Research issues and prepare reply document anticipating objections | 2.30 | 500.00 | 1,150.00 |
| 5/25/20 | Review all responsive documents from Defendant | 1.50 | 500.00 | 750.00 |
| 5/26/20 | Prepare draft reply to tax consequences motion | 2.10 | 500.00 | 1,050.00 |
| 5/26/20 | Prepare reply declaration to Defendant's response in opposition to fee petition | 3.30 | 500.00 | 1,650.00 |
| 5/27/20 | Prepare reply to Defendant's response to motion for adverse tax consequences | 3.30 | 500.00 | 1,650.00 |
| 5/28/20 | Finalize replies to Defendant's responses to fee petition and motion for adverse tax consequences | 2.80 | 500.00 | 1,400.00 |

| | | | | | |
|---|---|---|---|---|---|
| | 5/29/20 | Review all case law cited in Defendant's responses and Plaintiff's replies | 2.20 | 500.00 | 1,100.00 |
| | | | **Total Attorney Fees:** | **$** | **19,775.00** |

**Paralegal Fees**

| | | | | | |
|---|---|---|---|---|---|
| | 4/20/20 | Update Reponse to Defendant's Motion for New Trial or Remittitur and filed with Court via CM/ECF | 0.50 | 175.00 | 87.50 |
| | 4/24/20 | Update legal fees and costs accounting; review/update Petition for Attorney Fees and Costs, Declarations of Jeffrey Needle, Susan Mindenbergs, and Christine Thomas | 3.50 | 175.00 | 612.50 |
| | 5/5/20 | Prepare notes/organize parties' discovery responses and emailed to V. Vreeland | 2.00 | 175.00 | 350.00 |
| | 5/6/20 | Review Vanguard Rollover IRA account fund information from client; email/call to client regarding additional account information; review aforesaid IRA statements and Albertsons, LLC 401(k) Plan statements regarding rollover funds and account distributions; notes for file | 2.00 | 175.00 | 350.00 |
| | 5/6/20 | Start preparing Declaration of Kimberly Johnson regarding Plaintiff's Motion for Adverse Tax Consequences and Prejudgment Interest | 0.75 | 175.00 | 131.25 |
| | 5/7/20 | Review and update Motion for Adverse Tax Consequences and Prejudgment Interest; finish preparing draft Declaration of Kimberly Johnson and corresponding exhibits; update Declaration of Susan Mindenbergs and corresponding exhibit; prepare [Proposed] Order pertaining to aforesaid Motion; email documents to J. Needle | 4.50 | 175.00 | 787.50 |
| | 5/7/20 | Prepare [Proposed] Order Granting Plaintiff's Petition for Attorney Fees and Costs; email to J. Needle | 0.50 | 175.00 | 87.50 |
| | 5/8/20 | Update Petition for Attorney Fees and Costs; update Declaration of Christine Thomas and Declaration of Jeffrey Needle with exhibits; Review Declaration of Victoria Vreeland | 1.75 | 175.00 | 306.25 |
| | 5/11/20 | Update Declaration of Christine Thomas and Declaration of Susan Mindenbergs with exhibits for Petition for Attorney Fees and Costs; updated Petition and emailed to J. Needle | 2.25 | 175.00 | 393.75 |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 5/12/20 | Update and email copies of Motion for Adverse Tax Consequences and Prejudgment Interest, [Proposed] Order, and Declarations of Paul Torelli, Kimberly Johnson, and Susan Mindenbergs with corresponding exhibits to J. Needle | 3.25 | 175.00 | 568.75 |
| 5/13/20 | Update Petition for Attorney Fees and Costs, [Proposed] Order, Declarations of Susan Mindenbergs and Jeffrey Needle with corresponding exhibits; email aforesaid documents to J. Needle | 2.00 | 175.00 | 350.00 |
| 5/14/20 | Update Petition for Attorney Fees and Costs, [Proposed] Order, Declarations of Susan Mindenbergs, Jeffrey Needle, and Christine Thomas with corresponding exhibits; filed aforesaid documents with Court via CM/ECF; emailed aforesaid Order to Judge | 3.00 | 175.00 | 525.00 |
| 5/14/20 | Update Motion for Adverse Tax Consequences and Prejudgment Interest; filed Motion along with Declarations of Paul Torelli, Kimberly Johnson, and Susan Mindenbergs with corresponding exhibits and [Proposed] Order with Court via CM/ECF; emailed aforesaid Order to Judge | 4.00 | 175.00 | 700.00 |
| 5/27/20 | Update legal fees and costs incurred subsequent to 04/20/20 pertaining to Plaintiff's Reply to Defendant's Response to Plaintiff's Petition for Attorney Fees and Costs | 2.00 | 175.00 | 350.00 |
| 5/28/20 | Update Reply to Defendant's Response to Plaintiff's Petition for Attorney Fees and Costs and Declarations of Jeffrey Needle and Susan Mindenbergs with corresponding exhibits | 4.00 | 175.00 | 700.00 |
| 5/28/20 | Update Reply to Defendant's Response to Plaintiff's Motion for Adverse Tax Consequences and Prejudgment Interest and Declarations of Susan Mindenbergs and Paul Torelli with corresponding exhibits | 3.50 | 175.00 | 612.50 |
| 5/29/20 | Finalize replies and file along with corresponding documents with Court via CM/ECF | 0.50 | 175.00 | 87.50 |

**Total Paralegal Fees:  $   7,000.00**

**Costs**

| | | |
|---|---|---:|
| 5/26/20 | Vreeland Invoice - Expert Witness for Petition for Attorney Fees and Costs | 13,200.00 |
| 5/27/20 | Torelli Invoice - Expert Witness for Motion for Adverse Tax Consequences and Prejudgment Interest | 3,612.50 |
| | **Total Costs:** | **$ 16,812.50** |

 

**TOTAL FEES AND COSTS:**     **$ 43,587.50**

Declaration of Susan B. Mindenbergs

# Exhibit 3



# VREELAND LAW PLLC

City Center Bellevue
500 108th Avenue NE, Suite 740
Bellevue, WA 98004
Main 425-623-1300

Jeff Needle

Statement Date: May 26, 2020
Statement No. 5381
Account No. 2301.01
Page: 1

RE: Johnson v. Albertsons - Expert Fee Petition

Interim Statement

### Fees

| Date | Atty | Description | Hours | Amount |
|---|---|---|---:|---:|
| 04/25/2020 | VLV | Emails and attachments from Needle; quick overview. (no charge) | 0.30 | n/c |
| 04/26/2020 | VLV | Call with Needle/disclosure. (no charge) | 0.10 | n/c |
| 04/27/2020 | VLV | Begin overview of pleadings, notes for opinions. | 0.70 | 420.00 |
| 05/04/2020 | VLV | Review of draft petition, notes. Overview of supporting declarations, notes for analysis. Begin review of various pleadings (post-trial motion, portions of reply). Emails to obtain additional information. Review of court docket. Email with inquiries to plaintiff's counsel, request for additional pleadings and documents. Follow up from Jeff. Begin review of additional pleadings. Email Jeff re additional inquires and requests for documents, discovery. Commence draft of declaration. | 6.40 | 3,840.00 |
| 05/05/2020 | VLV | Continue review of documents, emails with plaintiff's counsel, development of opinions, drafting of Declaration. Follow up emails with plaintiff's counsel. Review additional discovery pleadings, correspondence. | 4.80 | 2,880.00 |
| 05/06/2020 | VLV | Continue review and drafting declaration. | 0.90 | 540.00 |
| 05/07/2020 | VLV | Continue review and drafting declaration and attachments. Research more recent fee awards; review various court orders and fee awards, case law. | 7.90 | 4,740.00 |
| 05/08/2020 | VLV | Identify exhibits, coordinate with Leth. Updating emails with Susan, Christine. Couple corrections to Declaration. | 0.30 | 180.00 |
| 05/11/2020 | NJL | Communications with Vreeland re: Declaration and exhibits; review, revise Vreeland Declaration re: plaintiff's petition for costs and fees. (no charge) | 1.60 | n/c |
| | VLV | Review updated Declaration of SM, respond. Coordinate for final with Leth, emails re same. | 0.20 | 120.00 |
| 05/12/2020 | NJL | Prepare exhibits to Vreeland Declaration; research valid declaration signatures in federal court due to COVID-19, and update Vreeland re: same; finalize Vreeland Declaration, and forward same and exhibits to counsel. (no charge) | 1.40 | n/c |

| | | | Statement Date: | 05/26/2020 |
| | | | Statement No. | 5381 |
| | | | Account No. | 2301.01 |

Jeff Needle

| Date | TK | Description | Hours | Amount |
|---|---|---|---|---|
| | VLV | Review and edits from Thomas, final review and revisions. Coordinate for signature, delivery of all via Leth to counsel. | 0.80 | 480.00 |
| 05/14/2020 | NJL | Revise Vreeland Declaration with corrections, and forward same to attorney's office. (no charge) | 0.10 | n/c |
| | | For Current Services Rendered | 22.00 | 13,200.00 |

### Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Victoria L. Vreeland | 22.00 | $600.00 | $13,200.00 |

Total Current Work     13,200.00

Balance Due     $13,200.00

### Billing History

| Fees | Hours | Expenses | Advances | Finance Charge | Payments |
|---|---|---|---|---|---|
| 13,200.00 | 22.00 | 0.00 | 0.00 | 0.00 | 0.00 |

A service charge of 1% per month will be assessed on all past due accounts.



# VREELAND LAW PLLC

City Center Bellevue
500 108th Avenue NE, Suite 740
Bellevue, WA 98004
Main 425-623-1300

Jeff Needle

## Account Summary and Remittance

| | Previous Balance | Fees | Expenses | Advances | Payments | Balance |
|---|---|---|---|---|---|---|
| 2301-01 Johnson v. Albertsons - Expert Fee Petition | 0.00 | 13,200.00 | 0.00 | 0.00 | 0.00 | $13,200.00 |

**Please include this page with your remittance.**
A service charge of 1% per month will be assessed on all past due accounts.

Please Charge $_____ on the following:

☐ Visa  ☐ MasterCard  ☐ Discover

Card Number _____  Exp. Date (required) _____

Card Holder Signature _____  Security Code _____

Amount Remitted _____
Check No. _____
Statement Date    05/26/2020
Account No.        2301.01

**Quantitative Social Science LLC**
200 1st Ave West, Suite 109
Seattle, WA 98119
USA
Phone: (206) 384-7072



# INVOICE

| | |
|---|---|
| Invoice Number: | 1064 |
| Invoice Date: | 05/27/20 |
| Page(s): | 1 |

| Engagement: | Bill To: |
|---|---|
| Kimberly Johnson | Susan Mindenbergs |
| | Law Office of Susan B. Mindenbergs |
| **Work Performed By:** | 705 2nd Ave Ste 1050 |
| Dr. Paul A. Torelli | Seattle, WA 98104 |
| Chief Economist | USA |
| Quantitative Social Science | Phone: (206) 447-1560 |

| Payment Terms | Due Date |
|---|---|
| Due at end of next month | 06/30/20 |

| ITEMIZED DESCRIPTION OF WORK PERFORMED | | | |
|---|---|---|---|
| Date | Hrs | Task | Explanation |
| 5/26/20 | 4 | Research | Review new files; call with counsel; research; outline rebuttal |
| 5/27/20 | 4.5 | Report Drafting | Draft rebuttal report |

| | *5/1/20 to 5/27/20:* |
|---|---|
| Standard Hours: | 8.5 |
| Standard Hourly Rate: | $425.00 |
| Standard Total: | $3,612.50 |
| **TOTAL DUE:** | **$3,612.50** |

**Payment**
Please make check payable to 'Quantitative Social Science' and mail to:
**Quantitative Social Science LLC**
**200 1st Ave West, Suite 109**
**Seattle, WA 98119**