HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY ANN JOHNSON,<br><br>                Plaintiff,<br>  v.<br><br>ALBERTSONS LLC,<br><br>                Defendant. | No. 2:18-01678-RAJ<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

## I.  INTRODUCTION

This matter is before the Court on Plaintiff Kimberly Ann Johnson's Motion for Reconsideration.  Dkt. # 135.  Defendant Albertsons, LLC ("Defendant") opposes the motion.  Dkt. # 137.  For the reasons below, the motion is **DENIED**.

## II.  BACKGROUND

Plaintiff Kimberly Ann Johnson ("Plaintiff") filed this action against Defendant asserting gender discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 and the Washington Law Against Discrimination ("WLAD").  Dkt. # 1-1. On March 6, 2020, a jury returned a verdict in favor of Plaintiff on both the Title VII and WLAD retaliation claims, but not on the gender discrimination claims.  Dkt. # 99. Plaintiff was awarded $375,000 in past economic damages ("back pay"), $750,000 in

ORDER – 1

1   emotional distress damages, $1,500,000 in future economic damages ("front pay"), and
2   $10,000,000 in punitive damages. *Id.* Defendant then moved for a new trial or remittitur
3   of damages. Dkt. # 101. Plaintiff moved for attorneys' fees, costs, prejudgment interest,
4   and a tax gross up. Dkt. ## 119, 104.

5   In its Order on Post-Trial Motions, the Court denied Defendant's motion for a new
6   trial and granted its request for remittitur on the jury award. Dkt. # 134. The Court
7   remitted the front pay award to $620,000, the emotional distress damages award to
8   $200,000, and the punitive damages award to the statutory cap of $300,000, conditioned
9   on Plaintiff's acceptance of the remittitur. *Id.* at 19. If Plaintiff rejected the remittitur,
10  the Court would grant a new trial on damages. *Id.* The Court also awarded $726,052.47
11  in attorneys' fees and $40,726.88 in costs, as well as $14,000 in prejudgment interest. *Id.*
12  at 19-20. Finally, the Court granted Plaintiff's motion for adverse tax consequences
13  contingent on Plaintiff's submission of a new calculations of the gross up. *Id.* at 18. The
14  Court ordered Plaintiff to notify the Court within 14 days of the July 2, 2020 Order
15  whether she accepts or rejects the remittitur. *Id.* at 19. In response to the Court's order,
16  Plaintiff filed a motion for reconsideration on July 13, 2020. Dkt. # 135. Defendant
17  timely filed its opposition to the motion. Dkt. # 137.

### III.  DISCUSSION

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Plaintiff has not met this standard.

Plaintiff moves the Court to reconsider its grant of remittitur on the issues of front pay and emotional distress, as well as its 15% reduction of reasonable attorney fees on the basis that Plaintiff failed to succeed on the claim of gender discrimination. Dkt. # 134 at 11. Plaintiff fails, however, to present any new facts or legal authority which could not have been brought to the Court's attention earlier or demonstrate that the Court

ORDER – 2

committed manifest error.

Plaintiff claims that the Court overlooked and failed to apply Washington's standard for remittitur. Dkt. # 135 at 2-3. She is mistaken. The Court in fact cited and relied on the language of RCW 4.76.030. *See* Dkt. # 134 at 6. While Plaintiff advocates for a different outcome than that reached by the Court, she fails to demonstrate that the Court committed a manifest error in its decision. Plaintiff's subsequent arguments on remittitur of front pay and emotional distress awards, as well as a reduction in attorney fees, are rehashed prior arguments. The Court has addressed them in its Order on Post-Trial Motions, Dkt. # 134, and will not repeat them here.

## IV.  CONCLUSION

For the reasons stated above, the Court and **ORDERS**:

(1) Plaintiff's Motion for Reconsideration, Dkt. # 135, is **DENIED**.

(2) The Court upholds remittitur of the front pay award to $620,000, the emotional distress damages award to $200,000, and the punitive damages award to the statutory cap of $300,000.

(3) The Court upholds its finding that a 15% reduction in attorneys' fees is appropriate. As ordered in the Court's Order on Post-Trial Motions, Dkt. # 134, Plaintiff is **AWARDED** $726,052.47 in attorneys' fees and $40,726.88 in costs.

(4) Plaintiff will notify the Court within **14 days** of the date of this Order whether she accepts or rejects the remittitur. Defendant's motion for a new trial on damages is **DENIED**, conditioned on Plaintiff's acceptance of the

ORDER – 3

remittitur.  If Plaintiff rejects the remittitur, the Court will grant a new trial on damages.

(5) If remittitur is accepted, Plaintiff is **ORDERED** to submit new calculations of the gross up necessary to offset the updated damages award, as discussed in the Court's Order on Post-Trial Motions.  Dkt. # 134.

DATED this 9th day of October, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4